**IN THE UNITED STATES DISTRICT COURT**
**OF WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**K.B., by and through his Parent,**
**K.B.,**
***Plaintiffs,***

**v.**

**No. 2:22-cv-02464-JFT-cgc**

**MEMPHIS-SHELBY COUNTY**
**SCHOOLS,**
***Defendant.***

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant, Shelby County Board of Education, operating as Memphis-Shelby County Schools ("MSCS" or "Defendant"), files its Answer and Affirmative Defenses to the Complaint of Plaintiffs, K.B., by and through his Parent, Mr. K.B. Except as expressly admitted or qualified, Memphis-Shelby County Schools specifically denies each and every allegation or statement contained in the Complaint. Memphis-Shelby County Schools responds to the numbered allegations as follows:

## I. INTRODUCTION[1]

1. Admitted that this case involves allegations related to free appropriate public education (FAPE) under the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1440, et seq. Admitted that K.B.'s current IDEA qualifying disabilities are Autism

[1] The headings from Plaintiffs' Complaint (Doc. 1) are restated in this Answer verbatim as stated Plaintiffs' Complaint (Doc. 1, throughout). Any and all allegations contained in the verbatim headings from Plaintiffs' Complaint are denied.

Spectrum Disorder (ASD) and Intellectual Disability. Paragraph 1 contains legal conclusions and characterization of facts that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 1 are denied.

2. Admitted that a state due process hearing occurred on March 22-23, 2022 and April 8, 2022 before Tennessee Administrative Law Judge Phillip Hillard. Paragraph 2 contains legal conclusions and characterization of facts that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 2 are denied.

3. Admitted that the Tennessee Administrative Procedures Division, Administrative Law Judge entered a Final Order ("Final Order") on May 18, 2022. Admitted that the Final Order contained a typographical error, October 18, 2001, and that the correct date intended to be referenced in the Final Order is October 18, 2021. The Final Order, attached as Exhibit A (Doc. 1-3) to Plaintiffs' Complaint (Doc. 1) speaks for itself. Paragraph 3 contains legal conclusions and characterization of facts that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 3 are denied.

4. Admitted that this Complaint (Doc. 1) was filed on July 18, 2022. Paragraph 4 contains legal conclusions that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 4 are denied.

5. Admitted that K.B. was nine-years old at the time of the filing of the Complaint (Doc. 1). Admitted that K.B.'s current IDEA eligible disabilities are Autism and Intellectual

Disability. Admitted that K.B. has been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). Paragraph 5, including footnote 2, contains legal conclusions and characterization of facts that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 5, including footnote 2, are denied.

6. Defendant is without sufficient information to admit or deny whether K.B. resided with his father, Mr. K.B. in Memphis, Tennessee at the time of the filing of this Complaint (Doc. 1); therefore, these allegations are denied. Admitted that K.B.'s father is referred to Mr. K.B. in the Complaint (Doc. 1). Any and all remaining allegations contained in Paragraph 6, including footnote 3, are denied.
7. Denied.
8. Admitted.
9. Admitted that Plaintiffs have filed their Complaint (Doc. 1) as an action arising under the IDEA. Paragraph 9 contains legal conclusions that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 9 are denied.
10. Defendant is without sufficient information to admit or deny whether Plaintiffs reside in the Western District of Tennessee; therefore, this allegation is denied. Paragraph 10 contains legal conclusions that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 9 are denied.
11. The Final Order (Doc. 1-3) attached as Exhibit A to Plaintiffs' Complaint (Doc. 1) speaks for itself. Paragraph 11 contains legal conclusions, legal argument, and factual

characterizations that do not require a response. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 11 are denied.

12. Admitted that K.B. was born on November 5, 2012. Any and all remaining allegations contained in Paragraph 12 are denied.

13. Admitted that Mr. K.B. and K.B.'s mother have never been married. Admitted that K.B. is the middle child of Mr. K.B. and K.B.'s mother. Any and all remaining allegations contained in Paragraph 13 are denied.

14. Admitted that at some point K.B. received early intervention services pursuant to an Individualized Family Service Plan (IFSP) in a state other than Tennessee. Paragraph 14 contains legal conclusions to which no response is required. Should a response be deemed required, these allegations are denied. Any and all remaining allegations contained in Paragraph 14 are denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that there is an Indiana Education Evaluation Report attached as Exhibit B (Doc. 1-4) to Plaintiffs' Complaint (Doc. 1). The Indiana Education Evaluation Report (Doc. 1-4) speaks for itself, and no response is required to statements alleged to be excerpted from the Indiana Education Evaluation Report (Doc. 1-4). Should a response be deemed required, the allegations are denied. Paragraph 18, including footnote 5, contain legal conclusions to which no response is required. Should a response be deemed

required, these allegations are denied. Any and all remaining allegations contained in Paragraph 18, including bullet points and footnotes 4 and 5, are denied.

19. The Indiana Education Evaluation Report (Doc. 1-4) speaks for itself, and no response is required to statements alleged to be excerpted from the Indiana Education Evaluation Report (Doc. 1-4). Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 19, including bullet points, are denied.
20. The Indiana Education Evaluation Report (Doc. 1-4) speaks for itself, and no response is required to statements alleged to be excerpted from the Indiana Education Evaluation Report (Doc. 1-4). Should a response be deemed required, they allegations are denied. Any and all remaining allegations contained in Paragraph 20 are denied.
21. The Indiana Education Evaluation Report (Doc. 1-4) speaks for itself, and no response is required to statements alleged to be excerpted from the Indiana Education Evaluation Report (Doc. 1-4). Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 21 are denied.
22. Denied.
23. Denied that K.B. and his siblings moved to Memphis in July 2020. Admitted that K.B. and his siblings began living with Mr. K.B. at some point in time after K.B.'s mother was arrested and incarcerated. Any and all remaining allegations contained in Paragraph 23 are denied.
24. Admitted that Eboni Guy ("Ms. Guy") has been Mr. K.B.'s girlfriend. MSCS is without sufficient information to admit or deny the remaining allegations contained in Paragraph 24; therefore, they are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Paragraph 29, including footnotes 6, 7, and 8, contain legal conclusions, legal argument, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 29, including footnotes 6, 7, and 8, are denied.

30. Paragraph 30 contains characterizations of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 30 are denied.

31. Paragraph 31, including footnote 9, contains legal argument, legal conclusions, and characterizations of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 31, including footnote 9, are denied.

32. Paragraph 32 contains legal argument, legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 32 are denied.

33. Paragraph 33 contains legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 33 are denied.

34. Paragraph 34 contains legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained Paragraph 34 are denied.

35. Paragraph 35, including footnote 10, contains legal conclusions, legal argument, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 35, including footnote 10, are denied.

## IV. ALJ'S Final Order

36. The Final Order (Doc. 1-3) speaks for itself. Paragraph 36, including Paragraphs 36(a)-(ii), contain legal conclusions and characterizations of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 36, including Paragraphs 36(a)-(ii) are denied.

37. Paragraph 37 contains legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 37 are denied.

38. Paragraph 38 contains legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 38 are denied.

39. Paragraph 39 contains legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 39 are denied.

40. Paragraph 40 contains legal argument, legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 40 are denied.

41. Paragraph 41 contains legal argument, legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 41 are denied.

42. Paragraph 42 contains legal argument, legal conclusions and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 42 are denied.

43. Paragraph 43 contains legal argument, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 43 are denied.

44. Paragraph 44 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 44 are denied.

45. Paragraph 45 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 45 are denied.

46. Paragraph 46 contains legal argument, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 46 are denied.

47. Paragraph 47 contains legal argument, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 47 are denied.
48. Paragraph 48 contains legal arguments, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 48 are denied.
49. Paragraph 49, including footnote 12, contains legal arguments, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 49 are denied.

## V. CONTINUING VIOLATIONS

50. Paragraph 50 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 50 are denied.
51. Paragraph 51 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 51 are denied.
52. Paragraph 52 contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 52 are denied.
53. Denied.
54. Denied.
55. Denied.

56. Denied.

57. Admitted that Dr. Sarah Irby conducted a publicly funded Independent Educational Evaluation (IEE) of K.B. Admitted that Dr. Irby's IEE Report is attached as Exhibit D (Doc. 1-6). Denied that the attachments to Dr. Irby's report are incorporated into the report. The legal argument, legal conclusions, and characterization of facts contained in Paragraph 57, including those that Plaintiffs purport to incorporate by reference from the IEE Report, do not require a response. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 57, including any that are reportedly incorporated by reference from Dr. Irby's IEE Report attached as Exhibit D (Doc. 1-6) or documents attached thereto are denied.

58. Admitted that Dr. Irby's IEE report contained recommendations. Paragraph 58 contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 58 are denied.

59. Paragraph 59 contains legal arguments, legal conclusions, and characterization of facts to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 59 are denied.

## VI. Causes of Action

### a. Plaintiff's Claims under IDEA

60. Each response to Paragraphs 1-60 of the Complaint, including bullet points, subparagraphs, and footnotes, are herein incorporated by reference.

61. Paragraph 61 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 61 are denied.

62. Paragraph 62 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 62 are denied.

63. Paragraph 63 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 63 are denied.

64. Paragraph 64 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 64 are denied.

65. Paragraph 65 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 65 are denied.

66. Paragraph 66 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 66 are denied.

67. Paragraph 67 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 67 are denied.

68. Paragraph 68 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 68 are denied.

69. Paragraph 69 contains legal argument and legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 69 are denied.

70. Paragraph 70 contains legal argument and legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 70 are denied.

71. Paragraph 71contains legal argument and legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 71 are denied.

72. Paragraph 72, including footnote 13, contains legal argument and legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 72, including footnote 13, are denied.

73. Paragraph 73, including footnote 14, contains legal argument and legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 73, including footnote 14, are denied.

74. Paragraph 74, including footnote 15, contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed

required, the allegations are denied. Any and all remaining allegations contained in Paragraph 74, including footnote 15, are denied.

75. Paragraph 75 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 75 are denied.

76. Paragraph 76 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 76 are denied.

77. Paragraph 77 legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 77 are denied.

78. Paragraph 78 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 78 are denied.

79. Denied.

80. Paragraph 80 contains legal argument, legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 80 are denied.

81. Paragraph 81 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 81 are denied.

82. Paragraph 82 contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 82 are denied.

83. Paragraph 83 contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 83 are denied.

84. Paragraph 84 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 84 are denied.

b. **Compensatory Education**

85. Each response to Paragraphs 1-84 of the Complaint, including bullet points, subparagraphs and footnotes, are herein incorporated by reference.

86. The Final Order (Doc. 1-3) speaks for itself, and no response to excepts from the Final Order is required. If a response to excepts from the Final Order is deemed required, the allegations are denied. Paragraph 86 contains legal argument, legal conclusions, and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 86 are denied.

87. Admitted that the Final Order awarded K.B. 180 30-minute sessions of Applied Behavioral Analysis Therapy (ABA Therapy). The Final Order (Doc. 1-3) speaks for itself, and no response is required to excepts from the Final Order. If a response to excerpts from the Final Order is deemed required, the allegations are denied. Paragraph 87 contains legal argument, legal conclusions, and factual characterizations to which no

response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 87 are denied.

c. **Attorneys' Fees**

88. Each response to Paragraphs 1-88 of the Complaint, including subparagraphs and footnotes, are herein incorporated by reference.

89. The Final Order (Doc. 1-6) speaks for itself, and no response to excepts from the Final Order are required. If a response to excerpts from the Final Order are required, then the excerpted allegations are denied. Denied that the any determination made in the Final Order means that Plaintiffs are entitled to attorneys' fees. Paragraph 89, including Paragraphs 89(a)-(c), contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 89, including Paragraphs 89(a)-(c) are denied.

90. Paragraph 90 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 90 are denied.

91. Paragraph 91 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 91 are denied.

92. Paragraph 92 contains legal conclusions to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 92 are denied.

93. Paragraph 93 contains legal arguments, legal conclusions, and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 93 are denied.

94. Paragraph 94 contains legal arguments, legal conclusions, and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 94 are denied.

95. Paragraph 95 contains legal conclusions and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 95 are denied.

**VII. Relief Sought**

96. Each response to Paragraphs 1-95 of the Complaint, including bullet points, subparagraphs and footnotes, are herein incorporated by reference.

97. Paragraph 97 contains legal arguments, legal conclusions, and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Any and all remaining allegations contained in Paragraph 97 are denied.

98. Paragraph 98, including Paragraphs 98(1)-(6) contains legal arguments, legal conclusions, and factual characterizations to which no response is required. Should a response be deemed required, the allegations are denied. Denied that Plaintiffs are entitled to the relief sought in Paragraph 98, including Paragraphs 98(1)-(6). Any and all remaining allegations contained in Paragraph 98, including Paragraphs 98(1)-(6), are denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against MSCS upon which relief can be granted, including but not limited to failing to state a basis from which an IDEA Due Process Final Order may be appealed or for which attorneys' fees and costs may be recovered.
2. Plaintiffs have waived the right to recover attorneys' fees and costs incurred for both this Complaint and the underlying IDEA Due Process Complaint.
3. Plaintiffs are barred from obtaining the relief that they seek, including any equitable relief, compensatory education relief (whether monetary, equitable or otherwise), injunctive relief or attorneys' fees and costs on the basis of laches.
4. Plaintiffs are barred from obtaining the relief that they seek, including any equitable relief, compensatory education relief (whether monetary, equitable or otherwise), injunctive relief, or attorneys' fees and costs because they come to the Court with unclean hands.
5. Plaintiffs are barred from obtaining the relief that they seek, including any equitable relief, compensatory relief (whether monetary or otherwise), injunctive relief, or attorneys' fees and costs on grounds that they rejected MSCS's Offer of Judgment.
6. This Court lacks subject matter jurisdiction to hear any claim raised in the Complaint that was not pleaded in the underlying IDEA Due Process Complaint or otherwise decided or determined by the Administrative Law Judge (ALJ) in the underlying IDEA Due Process Complaint.
7. Plaintiffs failed to put on proof at the evidentiary hearing of their October 1, 2022 IDEA Due Process Complaint necessary to be required to prevail in the underlying IDEA Due Process Act or obtain the remedies that they sought, and Plaintiffs are prohibited from

using this IDEA Due Process Appeal to reopen or retry their case, including but not limited to prohibited from putting on additional or supplemental proof before this Court or seeking remand to reopen proof on issues tried or waived.

8. Plaintiffs failed to exhaust their administrative remedies, including but not limited to allegations that arose during or after the filing of the IDEA Due Process Complaint.
9. Defendant asserts that to the extent the Plaintiff's claims exceed the scope of the administrative proceedings held before the Administrative Law Judge, the claims are barred.
10. The IDEA procedural violations alleged by Plaintiffs are insufficient to create a substantive IDEA Due Process violation.
11. Plaintiffs are barred from recovering special damages because they have failed to plead special damages with specificity or to otherwise identify damages sought, including attorneys' fees or costs incurred to date with specificity.
12. Plaintiffs' Complaint is barred by the statute of limitations.
13. Plaintiffs have not complied with all jurisdictional prerequisites to suit.
14. Plaintiffs previously consented to and agreed with the K.B.'s Individualized Education Plans, including his eligibility as an IDEA covered student and the supports and services identified in the relevant IEPs. Therefore, Petitioners have waived the right to assert the claims asserted or appealed in their Complaint.
15. Defendant denies that is has not provided K.B. with a free and appropriate public education (FAPE) and denies that it has violated any provisions under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*

16. Defendant denies any and all allegations or claims that it or any of its employees or agents violated, in any manner or nature, any provision of federal law or state law.
17. To the extent that the allegations in the Complaint and the administrative Complaint fail to include an appropriate objection of matters described in 34 C.F.R. §§300.503(a)(1) and 300.507(a)(1), the claims are barred.
18. Any alleged injury or damage suffered by Plaintiffs and/or K.B. as a result of the events complained of was caused solely by reason of the conduct of Plaintiff or persons or entities for which Defendant is neither responsible nor liable, and all actions of Defendant were lawful and proper and done in compliance with adopted policies, procedures, and applicable federal and/or state law.
19. Defendant specifically reserves, and does not waive, any defect in the Complaint by answering and preserves all objections to deficiencies.

Dated: September 19, 2022

Respectfully Submitted,

s/ Laura Ann E. Bailey

LAURA ANN E. BAILEY (#027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
Memphis, Tennessee 38112
901.416.6372 (phone)
901.416.6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

**CERTIFICATE OF SERVICE**

The undersign certifies that a copy of the foregoing was served upon Counsel of Record for Plaintiffs via the Court's electronic filing system on this the 19th day of September, 2022.

s/ Laura Ann E. Bailey
______________________________
Laura Ann E. Bailey
*Attorney for MSCS*