IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| K.B. A MINOR, by and through his parent, K.B., <br><br> Plaintiffs, <br><br> v. <br><br> MEMPHIS-SHELBY COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Case No. 2:22-cv-02464-JPM-cgc |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND FOR EVIDENTIARY HEARING**

Before the Court is Plaintiffs' Motion to Supplement the Record and for Evidentiary Hearing, filed on August 7, 2023. (ECF No. 36.) Plaintiffs move the Court to "supplement the administrative record pursuant to the Individuals with Disabilities Education Act (IDEA)." (Id. at PageID 3976.) Plaintiffs also move the Court to hold an evidentiary hearing. (Id.)

For the reasons discussed below, Plaintiffs' Motion to Supplement the Administrative Record is **DENIED,** subject to the caveats discussed below**.** Plaintiffs' Motion for Evidentiary Hearing is **GRANTED.**

**I.      BACKGROUND**

*A.  Undisputed Facts*

Plaintiffs "brought the underlying case before a Tennessee Administrative Law Judge [("ALJ")] who adjudicated the case on behalf of the Tennessee Department of Education, Division

of Special Education." (ECF No. 17-1 ¶ 1; ECF No. 24-1 ¶ 1.) "In the underlying case, the Plaintiffs alleged that Defendant failed to identify (or "find") K.B. as a student with a disability, failed to properly evaluate him and failed to provide him with a free appropriate public education ("a FAPE") as required by the IDEA for the 2020-2021 School Year." (ECF No. 17-1 ¶ 2; ECF No. 24-1 ¶ 2.) "Plaintiffs alleged that the same violations continued into the 2021-2022 school year." (ECF No. 17-1 ¶ 3; ECF No. 24-1 ¶ 3.)

The ALJ issued a Final Order on May 17, 2022, "and found in favor of Plaintiffs on two claims and [found] that Plaintiffs were entitled to compensatory education for those claims." (ECF No. 17-1 ¶ 4; ECF No. 24-1 ¶ 4.) "The ALJ found in favor of Defendant on all remaining claims," finding that Plaintiffs failed to carry their burden of proof. (ECF No. 17-1 ¶ 5; ECF No. 24-1 ¶ 5; ECF No. 1-3 at PageID 23, 95, 96.) "The ALJ [. . .] conducted a three-day due process hearing" on March 22 and 23, 2022, which was then continued and concluded on April 8, 2022. (ECF No. 17-1 ¶ 6; ECF No. 24-1 ¶ 6; see also ECF No. 17-5.) The ALJ determined that Defendant was required to "provide 180 sessions, at 30-minutes of in-house [Applied Behavioral Analysis] services to K.B," which were to be provided "by a Registered Behavioral Technician, supervised by a [Board Certified Behavioral Analyst] [. . .] under his current [Individualized Education Plan ("IEP")]." (ECF No. 17-5 at PageID 3760; ECF No. 17-1 ¶ 6; ECF No. 24-1 ¶ 6). The Administrative Record spans 3178 pages, including fifty-nine (59) exhibits over 777 pages. (ECF No. 14.)

B.  *Procedural Background*

Plaintiffs appealed the ALJ's findings in part and filed the Complaint in the instant case on July 18, 2022. (ECF No. 1.) Defendant filed an Answer on September 19, 2022. (ECF No. 9.) Defendant filed the Administrative Record on December 21, 2022. (ECF No. 14.) On June 14,

2023, the instant case was transferred to United States District Judge Jon P. McCalla for all further proceedings.  (ECF No. 26.)

Plaintiffs filed the instant Motion on August 7, 2023, accompanied by a Memorandum of Law.  (ECF No. 36.)  Defendants filed a Response on August 21, 2023.  (ECF No. 43.)  In the intervening time, Parties each filed Motions for Judgement on the Administrative Record with associated Memorandums of Law, meeting their obligation to do so under this Court's Scheduling Order.  (ECF Nos. 40-41; see ECF No. 19.)[1]  Parties have since each filed a Response in Opposition to the other's Motion for Judgement on the Administrative Record, and Plaintiffs have filed a Reply to Defendant's Response.  (ECF Nos. 51, 52, 55.)

On September 5, 2023, this Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgement, finding that Plaintiffs had not yet exhausted their administrative remedies on claims against Defendant arising from violations after May 17, 2022, the date on which the ALJ issued the final order.  (ECF No. 50 at PageIDs 4101-05.)

## II.   LEGAL STANDARD

District Courts reviewing IDEA claims are typically confined to the record of administrative proceedings.  20 U.S.C. §1415(i)(2)(C)(*i*).  The statute makes a broad exception, providing that the reviewing court "shall hear additional evidence at the request of a party[.]"  20 U.S.C. §1415(i)(2)(C)(*ii*).  The Sixth Circuit "'has taken an expansive view of the scope of additional evidence that may supplement the administrative record' and has 'declined to adopt the

---

[1] Plaintiffs' Memorandum of Law in Support of Motion for Judgement on the Administrative Pleadings emphasizes two areas in which they seek to present supplemental evidence: that "in IEP hearings subsequent to the Due Process Hearing and . . . during the 2022-2023 school year, Defendant's employees have admitted that the person being training (sic) to be an RBT had not yet completed his certifications, and therefore was not an RBT,"  (ECF No. 40-1 at PageID 4030, 4034); and as regards unspecified additional "necessary" evidence on compensatory education. (ECF No. 40-1 at PageID 4035 ("[T]he ALJ simply did not give Plaintiffs ample time to present their case . . . calculat[ing] down to the minute the amount of time he gave each party. As a result, the ALJ simply did not afford Plaintiffs adequate time to put on all necessary evidence in their case.").)

narrow position of other circuits that additional evidence is admissible only in limited circumstances, such as to supplement or fill in gaps in the evidence previously introduced.'" Adam Wayne D. ex rel David D. v. Beechwood Indep. Sch. Dist., Nos. 10-5488 & 10-5422, 2012 WL 1861041, at *6 (6th Cir. May 22, 2012) (quoting Deal v. Hamilton Cnty Bd. of Educ., 392 F.3d 840, 850 (6th Cir. 2004) (citing Metro Gov't of Nashville & Davidson Cnty., Tenn v. Cook, 915 F.2d 232, 234 (6th Cir. 1990))). The Sixth Circuit instead defines "additional" evidence by its ordinary usage: "something that is added, or something that exists by way of addition. To "add" means to join or unite; the limitation on what can be joined inherent to the term "supplement" is not present in the term "add."" Cook, 915 F.2d at 234 (rejecting the holding of Town of Burlington v. Dept. of Educ., 736 F.2d 773, 790-91 (1st Cir. 1984)). "[R]easons for supplementation [of the administrative record] will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what evidence should be received, however, is the administrative record." Knable v. Bexley Sch. Dist., 238 F.3d 755 (6th Cir. 2001) (citing Cook, 915 F.2d at 234). "There is no prohibition [. . .] against the district Court allowing even a large amount of additional evidence if it will add something to the administrative record or assist the court in deciding the issues before it." Deal, 392 F.3d at 851.

This expansive view is not unlimited. "[T]he determination of which additional evidence to allow rests within the sound discretion of the district court." Ruhl v. Ohio Health Dept., 724 F. App'x. 324, 337 (6th Cir. 2018) (quoting Deal, 392 F.3d at 850). "District courts should consider the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial,

4

. . . and the conservation of judicial resources." Ruhl v. State of Ohio Dep't of Health, No. 16-CV-773, 2016 WL 5869828, at *5 (N.D. Ohio Oct. 7, 2016) (citing to Cook, 915 F.2d at 234-35); See also Ruhl, 724 F. App'x. at 338 (affirming evidentiary holdings, though reversing in part on other grounds).  Trial courts can be found to abuse that discretion if they allow additional evidence "to change the character [of] the hearing from one of review to a trial *de novo*.'" Deal, 392 F.3d at 851 n. 8 (citing Cook, 915 F.2d 232 at 234-35 (quoting Town of Burlington, 736 F.2d at 791)). The Sixth Circuit has further cautioned District Courts to take care to limit additional evidence to rule upon issues beyond those before the ALJ.  Deal, 392 F.3d at 850 (citing Metro. Bd. of Pub. Educ. v. Guest, 193 F.3d 457, 463 (6th Cir. 1999)).

It is not error for a District Court to exclude testimony on evidence which came into being after a hearing, or that is duplicative of evidence presented at a hearing. Knable, 238 F.3d at 771. The Sixth Circuit has emphasized, however, that evidence of a student's "abilities in progress in the years before and after the IDEA violation is . . . relevant in determining whether [they] suffered a loss" during the period of a deficient IEP, and its admission is therefore not in error. Somberg v. Utica Public Schools, 908 F.3d 162, 175 (6th Cir. 2018).

III.   ANALYSIS

  a. *Plaintiffs' Requested Supplemental Evidence*

Plaintiffs' Motion to Supplement the Evidentiary Record and for Evidentiary Hearing states that "the specific and limited nature of the additional evidence requested in this Motion and accompanying Memorandum of Facts and Law will fill in evidentiary gaps in the administrative record and provide this Court with up-to-date information needed about K.B.'s functioning and progress." (ECF No. 36 at PageID 3977.)  The Court, however, has been unable to identify the necessary specificity or limitations on the evidence requested in Plaintiffs' Motion.  Plaintiffs

5

request "an evidentiary hearing for additional evidence to be heard that is necessary for Plaintiffs to present their case," "expert testimony on the inadequacy of the ALJ's remedy," and "evidence about the child's level of functioning and educational progress during the school years other than the year for which evidence was heard at the due process hearing as well as events subsequent to the due process hearing that nonetheless concern the very issues raised in that hearing." (ECF No. 36-1 at PageID 3981, 3983 (analogizing to Somberg).) Plaintiffs have also incorporated by reference their Motion before the ALJ for Supplemental Findings of Facts and For Sanctions. (ECF No. 14-16 at PageID 3275-99.) In this Motion, Plaintiff-Petitioners request the admission of the "Innovation in Learning" records and two files attached to the Motion as Exhibits I and J. (Id. at PageID 3298-99; see also Id. at PageID 3399-3494.) The Court discusses each of these requests below.

        i. *"Additional Evidence . . . Necessary for Plaintiffs to Present Their Case" and Somberg Evidence.*

Plaintiffs argue that "additional evidence and testimony are needed . . . to determine that Defendant failed to provide K.B. a [FAPE] after October 18, 2021." (ECF No. 36-1 at PageID 3980). They state that "[t]he type of testimony and evidence that Plaintiffs seek to introduce are almost identical" to that at issue in Somberg. (Id.) They describe that evidence as being "about the child's level of functioning and education progress during school years other than the year for which evidence was heard [before the ALJ] as well as events subsequent to [proceedings before the ALJ] that nonetheless concern the very issues raised in that hearing." (Id. at PageID 3981.) Defendants argue that if the Court admits additional evidence on this issue, it would "depart from the Act's framework by exercising educational expertise to evaluate weight and meaning of the

6

evidence," "change the character of the judicial review to a de novo trial," and "reward Plaintiffs for saving their best evidence for trial." (ECF No. 43 at PageID 4070.)

There is no inherent prohibition on district courts evaluating the weight and meaning of evidence in an IDEA review. Knable, 238 F.3d at 764 ("[R]eviewing courts should make 'independent decisions' based on the preponderance of the evidence, but also should give 'due weight' to the determinations made during the state administrative process.") (citing Bd. of Educ. v. Rowley, 458 U.S. 176, 206(1982)). Without further specificity from Plaintiffs, however, this Court can neither determine whether Plaintiffs' analogy to Somberg is appropriate, measure the risk of embarking on a prohibited trial *de novo,* nor determine whether Plaintiffs have saved their best evidence for review. Deal, 392 F.3d at 851; Ruhl, 2016 WL 5869828 at *5. Without further specificity, this Court cannot limit this potential evidence to what would be within the scope of review of issues before the ALJ. Deal, 392 F.3d at 850 (citing Guest, 193 F.3d at 463). Opening the doors to all "necessary evidence" risks allowing "a large volume of material that either was not utilized by plaintiffs during the administrative proceedings or was unavailable because it post-dated those proceedings" which "would 'change the character [of] the hearing from one of review to a trial *de novo.*" Dougall v. Copley Fairlawn City Sch. Dist. Bd. of Ed., No. 5:17-cv-1664, 2019 WL 1243040 (N.D. Ohio March 18, 2019) (citing Cook, 915 F.3d at 234-34 (quoting Town of Burlington, 736 F.2d AT 790-91)). Plaintiffs' motion to supplement the evidentiary record is therefore **DENIED**.

    ii.  *"Expert Testimony on the Inadequacy of the ALJ's Remedy"*

Plaintiffs argue that because the ALJ was "extremely rigid" in timing the due process hearing, the "ALJ simply did not afford Plaintiff's adequate time to put on all necessary evidence in their case," and that Plaintiffs "resorted to the bulk admission of documents into evidence by

7

stipulation." (ECF No. 36-1 at PageID 3982 n. 2.) They further argue that the amount of compensatory education "was insufficient based on the evidence that the ALJ did have in front of him" and that "[b]ecause ABA therapy allows a student with autism to access educational benefits and . . . has been determined to be medically necessary and effective at ameliorating the symptoms of autism, the Plaintiffs would offer expert testimony on the inadequacy of the ALJ's remedy." (ECF No. 36-1 at PageID 3982-3.) Defendants argue that admitting additional expert testimony on the compensatory education award inappropriately rewards the Plaintiffs for reserving their best evidence for the District Court and does so in a "particularly egregious" way because Plaintiffs used their ALJ expert testimony to emphasize a quantitative award instead of the Sixth Circuit's required qualitative award. (ECF No. 43 at PageID 4072-74.) Defendants also argue that the District Courts' hearing expert testimony on the compensatory education award impermissibly invites this Court to encroach into the ALJ's educational expertise. (Id.)

As a preliminary matter, the cited language on "best evidence" in Cook does not have clear acceptance as Sixth Circuit authority. The Cook "best evidence" language arises from a block quote of a First Circuit case that was rejected by the Sixth Circuit in Cook. 915 F.2d at 234 (quoting Town of Burlington, 736 F.2d at 235). The Sixth Circuit uses the quoted language to state that *even under* the First Circuit's approach, the facts at issue in Cook lead to the Sixth Circuit's conclusion. See Cook, 915 F.2d at 234. While some of the Town of Burlington language quoted without rejection in Cook has since been affirmatively used by the Sixth Circuit in its reasoning, the "best evidence" language has not yet been explicitly incorporated at the Circuit level. Compare Knable, 238 F.3d 755 (6th Cir. 2001) (citing Cook, 915 F.2d at 234) (affirmatively incorporating Cook's quoted language on reasons for supplementation); Deal, 392 F.3d at 851 n. 8 (citing Cook, 915 F.2d 232 at 234-35 (quoting Town of Burlington, 736 F.2d at 791)

8

(incorporating Town of Burlington's *de novo* language) with Ruhl, 2016 WL 5869828, at *5 (incorporating Cook's quotation of Town of Burlington's "best evidence" standard))); Ruhl, 724 F. App'x. at 338 (affirming the lower courts' evidentiary holdings, but not referencing the Burlington standard). As such, Cook's "best evidence" rule is persuasive, but not yet binding on this Court.

By contrast, the Sixth Circuit is clear on the "modified de novo" standard applicable to IDEA cases, which requires District Courts to "make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings." Deal, 392 F.3d at 849-50. "When educational expertise is relevant to an ALJ's finding, the reviewing court affords the finding more weight." Somberg, 908 F.3d at 172 (citing McLaughlin v. Holt Pub. Schs. Bd. of Educ., 320 F.3d 663, 669 (6th Cir. 2003)). District Courts may not "'simply adopt the state administrative findings without an independent re-examination of the evidence.'" Id. at 173 (citing Doe v. Metro. Nashville Pub. Schs., 133 F.3d 384, 387 (6th Cir. 1998.) Therefore, accepting presentation of expert evidence elucidating educational issues does not on its own constitute an improper standard of review. Indeed, the Sixth Circuit has emphasized the benefits of expert testimony in assisting the District Court's review. See, e.g. Deal, 392 F.3d at 861 (four expert witnesses called to assist in differentiating school's "eclectic" autism treatment program with "Lovass style ABA"); but see Knable, 236 F.3d 755, 771 (district court did not err in refusing to allow expert testimony on IEP sufficiency when the "proffered testimony was duplicative of the evidence presented" and the expert's evaluation of the student occurred after the original hearing).

District courts do not abuse their discretion when they exclude evidence which does not materially add to Parties IDEA claims. Ruhl, 725 Fed. App'x. at 337. The role of additional

9

evidence under the IDEA, as interpreted by the Sixth Circuit, is not to duplicate information in the record. Unlike Deal, the benefits of ABA intervention are documented in the record, as are expert recommendations on the level of intervention that K.B. requires.  See Deal, 392 F.3d at 891; (ECF No. 14-7 at PageID 1389-1457; 1721-1794.)   As in Knable, additional expert testimony is either likely to be duplicative of material already in the record or be premised on evaluations which occurred after the original hearing.  See Knable, 236 F.3d at 771.   Expert testimony, however, may assist this Court in the interpretation of material in the Administrative Record.  This Court therefore declines to admit supplemental expert testimony on the sufficiency of the compensatory education award without further detail on the proposed expert and the expert's testimony.

       *iii.  Incorporated Exhibits I and J and the Innovations in Learning Records*

Plaintiffs argue in their Incorporated Motion that Defendant has failed to timely provide K.B.'s education record, and that a "search" on May 11, 2022 resulted in the discovery of two additional folders not presented to the ALJ.  (ECF No. 36-1 at PageID 3985.)  Plaintiffs argue that these folder and records from K.B.'s time at Innovations in Learning should be admitted as full evidence.  (Id. at PageID 3297-98.)  The full contents of both folders, and both versions of the Innovations in Learning records, are included in the Administrative Record.  (Id. at PageID 3399-3494.)  Therefore, even under the expansive reading of IDEA taken by the Sixth Circuit, Exhibit I, J, and the Innovations in Learning Record are not "additional," since they are duplicative of material already in the Administrative Record.

       *iv.  IEP Meetings and Evidence After May 17, 2022*

Plaintiffs argue that "an evidentiary hearing will allow this court to receive updated information from the close of the due process hearing more than sixteen months ago." (ECF No. 36-1 at PageID 3982.)  They argue that "additional evidence and testimony are particularly helpful

in this case because the IDEA violations have been continuing." (Id. at ECF No. 3981.) In their Motion for Judgment on the Administrative Record, Plaintiffs additionally argue that the evidence they seek to supplement includes evidence that "Defendant's employees have admitted that the person . . . training to be an RBT had not yet completed his certifications, and therefore was not an RBT." (ECF No. 40-1 at PageID 4030, 4034.) Defendant counters that allowing this information would exceed the scope of claims presented at the administrative hearing. (ECF No. 43 at PageID 4073.)

A district court exceeds its jurisdiction when it uses additional evidence to rule upon issues beyond those presented by the ALJ. Guest, 193 F.3d at 463. District courts do not abuse their discretion when they exclude testimony—including expert testimony—which serves as an improper attempt to litigate barred claims. Ruhl, 724 F. App'x. at 338. Because this Court has dismissed Plaintiffs' claims on continuing harms for failure to exhaust administrative remedies, claims on Defendants' post-May 17, 2022 compliance with IEPs, or ability to provide a FAPE in line with said IEPs, are not properly before this Court. Considering the overall context of the Plaintiffs' Motion before this Court, and the lack of specificity with which Plaintiffs identify "updated information," this Court finds that without greater specificity, the risk that this evidence will result in relitigation of barred claims exceeds the likelihood that it is merely additional.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Supplement the Administrative Record via additional unspecified "necessary evidence," unspecified Somberg-analogous evidence, and expert evidence on the insufficiency of the compensatory education award are **DENIED,** subject to the caveat below. Plaintiffs' incorporated Motion to Supplement the

Administrative Record with the Innovations in Learning Records and Exhibits I and J are **DENIED AS MOOT.** Plaintiffs' Motion for an Evidentiary Hearing is **GRANTED.**

The Court **ORDERS** each Party seeking to supplement the record to submit a detailed list of the additional documents, testimony, and expert testimony they seek to present at the Evidentiary Hearing**.** Parties must take care to ensure that their proposed supplemental evidence is non-duplicative of evidence in the record, strictly confined to the issues before the Court, and within the bounds set by Sixth Circuit precedent. A Telephonic Scheduling Conference is set for **October 11, 2023 at 9:30 AM**. (ECF No. 54.) Evidence submission deadlines will be set at the Scheduling Conference.

**IT IS SO ORDERED**, this 11th day of October, 2023.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE