IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| K.B. A MINOR, by and through his parent, K.B., <br><br> Plaintiff, <br><br> v. <br><br> MEMPHIS-SHELBY COUNTY SCHOOL DISTRICT, <br><br> Defendant. | Case No. 2:22-cv-02464-JPM-cgc |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion to For Reconsideration and to Strike, filed October 23, 2023. (ECF No. 64.) Plaintiff moves the Court to correct certain typographical errors in the Court's October 10, 2023 Order (ECF 56), to strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Administrative Record (ECF 55), and for reconsideration of a portion of the October 10, 2023 Order. (ECF No. 64.) For the reasons discussed below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART.**

As a preliminary matter, Plaintiff moves the Court to correct the title of a cited document in the October 10, 2023 Order. (ECF 64 at PageID 4362.) This correction was made on October 11, 2023. (ECF No. 56.) Plaintiff's Motion to Correct is therefore **DENIED AS MOOT**.

Plaintiff also moves the Court to strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Administrative Record because Defendant failed to

comply with Local Rule 7.3.  (ECF No. 64-1 at PageID 4367.)  Defendant does not oppose this Motion.  (ECF No. 66 at PageID 4592.)  Therefore, Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Administrative Record is **GRANTED.**

Plaintiff finally moves the Court to amend the Order to reflect that "the issue of whether the Defendant employed an Registered Behavior Technician ("RBT") was an issue before the administrative law judge at the due process hearing, and . . . as a result, Plaintiff[] [should] be permitted to present relevant and related evidence at the evidentiary hearing set for December 18-19, 2023, that this testimony was false and material."  (ECF No. 64 at PageID 4363.)  Defendant argues that Plaintiff's Motion falls outside of the permissible grounds for reconsideration pursuant to Local Rule 7.3, and that the issue of staffing during the Administrative Hearing was not an issue properly before the ALJ.  (Id. at PageID 4596.)

Parties seem to interpret the October 10, 2023 Order as holding that evidence on whether the School District employed an RBT between February 28, 2022 and May 17, 2022 was not properly before the ALJ, and therefore holding that it is not "additional" or permitted at evidentiary hearing.  (ECF 64-1 at PageID 4362, 4369; ECF 66 at PageID 4596.)   This holding is not explicit or implied in the text of the Order.  The Order ruled on a narrow question: whether the evidence requested in Plaintiff's August 7, 2023 Motion would supplement the administrative record without creating a prohibited trial *de novo*.  (ECF No. 56 at PageID 4340, 4342.)  The section in dispute, III.a.iv, discusses Plaintiff's statement that "additional evidence and testimony are particularly helpful in this case because the IDEA violations have been continuing, as Plaintiff[] set[s] forth in their complaint. . ."  (ECF No. 36-1 at PageID 3982 (citing ECF No. 1 ¶ ¶ 50-59).)  The cited paragraphs of the Complaint summarize "Continuing Violations" alleged by the Plaintiff,

2

and do not distinguish violations which allegedly occurred between February 28, 2022 and May 17, 2022 from those allegedly occurring after May 17, 2022. (ECF No. 1 ¶¶ 50-59.) Violations after May 17, 2022, are not properly before this Court. (ECF No. 50.)

Plaintiff did not specify in his August 7, 2023 Motion whether the information on the RBT would elucidate violations between February 28, 2022 and May 17, 2022 or whether it was intended to establish "Continuing Violations" occurring after May 17, 2022. The Court did not rule that all evidence on the RBT was barred, but rather stated that "[c]onsidering the overall context of the Plaintiff['s] Motion before this Court, and the lack of specificity with which the Plaintiff[] identif[ies] 'updated information,' this Court finds that *without greater specificity,* the risk that this evidence will result in relitigation of barred claims exceeds the likelihood that it is merely additional." (ECF No. 56 at PageID 4350.) The Court's sole determination on RBT evidence in the October 10, 2023 Order was that without more detail on the evidence Plaintiff sought to present, the Court could not determine whether "additional" evidence would go to an issue properly before the Court. The Court did not exclude introduction of evidence on RBT employment wholesale: it fits within the Court's requirement that "each Party seeking to supplement the record [shall] submit a detailed list of the additional documents, testimony, and expert testimony that they seek to present at the Evidentiary hearing. . . [which must be] non-duplicative of evidence in the record, strictly confined to the issues before the Court, and within the bounds set by Sixth Circuit precedent." (ECF No. 56 at PageID 4351.)

Since the Court has not yet ruled on the impact of IDEA's "stay-put" requirement on post-February 28, 2023 compliance with K.B.'s IEP, Parties may be unsure as to whether post-February 28, 2022 compliance is properly before the Court. To clarify, so long as proffered evidence is not already within the administrative record, Parties may submit evidence on compliance with the IEP,

3

or on the applicability of the stay-put requirement, during the February 28, 2022–May 17, 2022 period, but may not submit evidence on post-May 17, 2022 "Continuing Violations." This may include February 28, 2022–May 17, 2022 evidence on RBT employment. However, this evidence must comply with the terms of the October 10, 2023 Order. It must be non-duplicative of material in the Administrative Record, confined to the period before May 17, 2022, and within the bounds of Sixth Circuit precedent.

For the reasons discussed above, Plaintiff's Motion to Correct is **DENIED AS MOOT.** Plaintiff's Motion to Strike is **DENIED**. Plaintiff's Motion to Reconsider is **GRANTED IN PART AND DENIED IN PART**: Plaintiff may present "relevant and related evidence" on the issue of whether Defendant employed a Registered Behavior Technician.

**IT IS SO ORDERED**, this 28th day of November, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE