IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**K.B., by and through his Parent, K.B.,**

    Plaintiff.

                                          No.: 2-22-cv-02464-JPM-cgc

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

    Defendant.

---

### ORDER ON DEFENDANT'S MOTIONS IN LIMINE

---

Before the Court are four (4) Motions in Limine filed by Defendant Memphis-Shelby County Schools ("Defendant" or the "School District"), which seek to limit the testimony of Plaintiff's lay witnesses and experts at the evidentiary hearing scheduled before this court for Monday, December 18, 2023 and Tuesday, December 19, 2023.  (ECF Nos. 73-76.)  Defendant seeks to exclude lay witness testimony by Mr. K.B., K.B.'s custodial parent, and his girlfriend, Ms. E.G., who serves as a caretaker to K.B.  (ECF No. 73.)  Defendant also seeks to exclude, in part or in whole, expert opinion testimony from Dr. Sarah Irby, Ms. Courtney Bauer, and Mr. Geoffrey Ferris.  For the reasons discussed below, the Motions to Exclude Ms. Bauer and Mr. Ferris are **DENIED.** The Motions on Dr. Irby and the lay witnesses are each **GRANTED IN PART AND DENIED IN PART.**

As a preliminary matter, the Court notes that the lack of precision in filings in this case at times clouds the arguments.  (See, e.g., ECF No. 73 at PageID 4649 (inadmissible vs. "admissible" hearsay evidence; ECF No. 81 at PageID 4748 (discrepancy on whether testimony will be offered

1

on the period up until May 17, 2022 or May 17, 2023); ECF No. 74 at PageID 4656 n.1 (argument on Ms. Bauer in filing on Dr. Irby).) The Court has interpreted inconsistencies in language, arguments, and names assuming good faith and in light of previous filings.

I. **DEFENDANT'S ARGUMENT ON PREJUDICE BASED ON INABILITY TO DEPOSE PRIOR TO EVIDENTIARY HEARING**

Defendant argues that the inability to fully depose witnesses prior to their testimony is impermissibly prejudicial. (See, e.g., ECF No. 76 at PageID 4674; ECF at PageID No. 73 at PageID 4651.) These arguments are not well taken, given that this objection is raised for the first time two weeks before evidentiary hearing. Defendant could have raised a desire or need to depose additional witnesses in opposition to Plaintiff's Motion for Evidentiary Hearing or in a post-Order Motion. Defendant highlights that "Plaintiff[] [is] now approaching 18 months to the day since they filed the Complaint, and they made [disclosures of witnesses for evidentiary hearing] only 35 days [prior to date of filing]." (ECF No. 73 at PageID 4651.) Defendant could have sought depositions of additional witnesses at any time during this thirty-five day period, but instead seek to broadly exclude witnesses. Granting Defendant the requested relief would allow any School District subject to an IDEA appeal to effectively veto the appearance of additional experts or witnesses at the appellate stage by delaying or failing to seek deposition. This would undercut IDEA's requirement that the reviewing court "*shall* hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C)(*ii*) (emphasis added). As such, Defendant's lack of depositions is not grounds to exclude any of the four witnesses.

II. **DEFENDANT'S MOTION TO EXCLUDE LAY WITNESS TESTIMONY**

Defendant's First Motion in Limine moves to exclude the testimony of Mr. K.B. and Ms. E.G., K.B.'s father and father's girlfriend, respectively. (ECF No. 73 at PageID 4649.) Defendant

argues that Plaintiff "did not sufficiently identify and detail the subject matter of [their] testimony as required by the Court's Order on Additional Evidence" and that Ms. E.G.'s testimony is inadmissible hearsay. (Id.) Defendant argues that Plaintiff's lack of detail "provides no meaningful information to determine what Mr. K.B.'s and Ms. E.G.'s testimony will [] be . . . [and this] lack of detail or specificity prejudices the School District [by preventing them] from making, assessing, and arguing about whether the lay witness testimony should be admissible in accordance with the Court's Order on Additional Evidence." (ECF No. 73 at PageID 4651.) Plaintiff responds that exclusion would be inappropriate, arguing that Ms. E.G.'s testimony is permissible under the hearsay exception for a statement against interest, and that both Mr. K.B.'s and Ms. E.G.'s testimony covers only a period of a few weeks. (ECF No. 81 at PageID 4747-48.)

Plaintiff's list of proposed witnesses states that E.G. will provide testimony "as contained in her declaration dated April 21, 2023 [] and to describe K.B.'s progress and events occurring from the date of her testimony at the due process hearing to May 17, 2022." (ECF No. 65; see also ECF No. 65-13 at PageID 4493-94 (declaration of April 21, 2023).) Mr. K.B. will "describe K.B.'s progress and events occurring from the date of testimony at the due process hearing to May 17, 2023." (ECF No. 65.) Ms. E.G.'s declaration includes two statements which could potentially be construed as hearsay: paragraph 7 states that "[E.G.] heard Ms. Goode ask Ms. Bailey for a copy of all K.B.'s paper file that was maintained at Lucie E. Campbell Elementary School," and paragraph 13 states that "In every IEP meeting for K.B. that I have attended since the due process hearing, when we have asked whether the school now has a Registered Behavioral Technician (RBT) who is fully credentialed to work with K.B., people in the meeting from the school district have always told us no. They have told us that the person is still being trained and needs to take more tests." (ECF No. 65-13 at PageID 4493-94.)

E.G.'s testimony in Paragraph 13 is inadmissible hearsay, but may be subject to the exception for admissions against interest. The speaker at the meeting is not identified. While the statement could be an admission, the prerequisites for receipt of the statement as an admission against interest have not been met. Fed. R. Evid. 804(b)(3). As such, ruling on admission of testimony as described in Paragraph 13 is reserved for the hearing. As this Court has previously held, the testimony of E.G. elsewhere in the April 21 declaration, as well as the contents of the two folders, is not admissible as it is duplicative of material in the administrative record. (ECF No. 56 at PageID 4349; ECF No. 36-1 at PageID 3285.)

Ms. E.G. and Mr. K.B.'s testimony on K.B.'s progress after the administrative hearing is more likely than not within the scope of the Court's Order on Additional Evidence. The scope of the testimony is limited to a period of several weeks, and, given the rules of evidence for lay witnesses, limited to the witnesses' observations, experiences, and opinions rationally based on the witnesses' perceptions. Fed. R. Evid. 701(a). A caregiver's testimony on the progress made or not made by an individual student "in the years before and after an IDEA violation is . . . relevant to determining whether [the student] suffered a loss" and is appropriate grounds for additional testimony under Sixth Circuit jurisprudence. Somberg v. Utica Public Schools, 908 F.3d 162, 175 (6th Cir. 2018). Objections lodged at hearing can provide guardrails should Mr. K.B. and Ms. E.G. attempt to testify in ways barred by the Federal Rules of Evidence or by Sixth Circuit jurisprudence. Therefore, Ms. E.G. and Mr. K.B.'s testimony is not excluded under the Court's Order on Additional Evidence.

### III. DEFENDANT'S MOTIONS TO EXCLUDE THE TESTIMONY OF COURTNEY BAUER AND GEOFFREY FERRIS

4

Defendant argues that the testimony of Courtney Bauer and Geoffrey Ferris should be excluded because Bauer and Ferris' proffered testimony "exceeds the scope of the Court's Order on Additional Evidence" and their opinion are inadmissible under Rule of Evidence 402, 403, 702, and Daubert. (ECF No. 75 at PageID 4659.)  They argue that the "issue of whether the speech-language therapy services in the October 18, 2023 IEP were adequate to provide a [FAPE] was not an issue Plaintiff[] raised during the Administrative Hearing," and as such, permitting Ms. Bauer's testimony would transform the evidentiary hearing into a trial *de novo*. (ECF No. 75 at PageID 4661-62.)  They also argue that because Ms. Bauer's opinions are based on "incomplete or inaccurate information" they are unreliable and therefore impermissible.  (ECF No. 75 at PageID 4664.)  They argue that these opinions are incomplete because they failed to take into consideration several key records. In argument on Mr. Ferris, which is largely duplicative—and sometimes identical—to those on Ms. Bauer, Defendant argues that Mr. Ferris's opinion is based on "incomplete and inaccurate information" because he cites to a "Draft IEP" throughout the report that they allege is the wrong key document, and that Mr. Ferris's opinions go to an issue outside the scope of the Administrative Hearing because "Plaintiff[] never raised the issues of . . . [whether] K.B.'s October 18, 2021 IEP is deficient in part because the School District did not provide K.B. with a Functional Behavior Assessment (FBA) and/or Behavioral Intervention Plan (BIP)" at the Administrative Hearing.  (ECF No. 76 at PageID 4675.)

Plaintiff responds that the testimony of Ms. Bauer and Mr. Ferris is properly before the court because their testimony goes to issues that are "inextricably wound with the provision of a FAPE" and "the issue of whether K.B. received a free appropriate public education (FAPE) under [IDEA] is the primary issue in this case and has been from the outset."  (ECF No. 83 at PageID 4757.)  They argue that the provision of "speech-language pathology and audiology services" are part of

5

the related services identified in the Due Process complaint as not provided by the School District, but required for K.B. to receive a FAPE.  (ECF No. 8 at PageID 4758.)  Similarly, they argue that Mr. Ferris' testimony supplements an issue presented at the Administrative Hearing: whether K.B. had a need for "ABA services in order to receive a FAPE in the 2020-2021 and 2021-2022 school year."  (ECF No. 84 at PageID 4771.)  They also argue that the assertions related to the reliability of Mr. Ferris and Ms. Bauer's testimony are misleading.  (ECF No. 83 at PageID 4758; ECF No. 84 at 4771.)  They contend that after Ms. Bauer's subsequently reviewing the documents which Defendant alleges are missing from her analysis, her analysis has not changed.  (ECF No. 83 at PageID 4772-73.)  They similarly contend that the missing document which Defendant argues renders Mr. Ferris' testimony unreliable is identical to the document present in his opinion.

"The mere fact that [an expert] was not involved in the case until after the ALJ's decision is entered is not determinative on the issue of the admissibility of [their] testimony."  Deal v. Hamilton County Bd. of Educ. 392 F.3d 840, 852 (6th Cir. 2004) (citing Metro. Bd. of Public Ed. V. Guest, 193 F.3d 457, 463 (6th Cir. 1999)).  Courts typically judge the scope of issues properly before them on IDEA appeals post-Administrative Hearing based on the period for which Plaintiff has exhausted administrative remedies.  See, e.g., Deal, 392 F.3d at 851 (noting that the district court took great care to "limit testimony to matters relevant to the 1999-2000 IEP); Guest, 193 F.3d at 462-63 (discussing the administrative exhaustion requirement in relation to the date scope, but not the topical scope of issues before the Administrative Law Judge).  Here, as in Guest and Deal, the issue properly before this Court is temporally limited. There has not been an appeal on pre-October 18, 2021 claims, and post-May 17, 2022 claims are not properly before the Court given that the exhaustion of remedies requirement has not yet been met. Therefore, the issue properly before the Court is whether MCSC "failed to provide K.B. an IEP reasonably calculated

to enable K.B. to make progress in light [of] his circumstances during" the period between October 18, 2021 and May 17, 2022, and whether the compensatory education calculation was reasonable. (ECF No. 17-5 at 3759-60.)  The greater issue of a reasonably calculated IEP includes the lesser issues of speech-language pathology services and FBA/BIP administration. As such, Ms. Bauer and Mr. Ferris' testimony does not fall outside of the scope of issues properly before the Court.

Defendant's contentions that Ferris and Bauer should be excluded under 402, 403, 702 and Daubert are incorrect.  These deficiencies are best addressed on cross-examination, not by exclusion. Defendant conflates basing an opinion on unreliable data with basing an opinion on incomplete data: the two are not the same.  See Counts v. General Motors, LLC, 606 F.Supp.3d 547, 581-82 (E.D. Mich. 2022) (citing Bazemore v. Friday, 478 U.S. 385, 400 (1986) (per curiam)) (incomplete data affects a regression analysis' probativeness, not its admissibility); In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation, 45 F.Supp. 724, 765 (N.D. Ohio 2014) ("That Griffin relied on a broader universe of data than Hardaway does not render Griffin's analysis irrelevant, "meaningless" or unreliable."); SCF, LLC v. Hartford Fire Insurance Company, 2021 WL 6932658, *12 (W.D. Tenn. Dec. 27, 2021) (finding, where witnesses' qualifications were unchallenged but reliability due to incomplete data and unreliable methods was, that the expert is "qualified to testify as to his opinion, and any weaknesses or inconsistencies [] can be attacked on cross-examination . . .").  Defendant does not attack the qualifications or methods Ferris and Bauer used, instead suggesting that their opinions are too far removed from the facts of the case.  Daubert is especially implausible as grounds for exclusion, given that "the 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."  Deal, 392 F.3d at 852.  As Daubert reminds lower courts, "vigorous cross-examination [and] presentation of contrary evidence . . . are the traditional and appropriate means

of attacking shaky but admissible evidence." Exclusion of Bauer and Ferris is therefore unwarranted.

IV.  **DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF DR. SARAH IRBY**

Defendant argues that the testimony of Sarah Irby on Opinions 5 and 6 are "unsupported and unreliable" and are outside the scope of the relevant time period. (ECF No. 74 at PageID 4654.) They argue that Opinion 5 is an impermissible attempt to shoehorn evidence on whether K.B. is being offered a FAPE in the 2022-2023 period, and that Opinion 6 is impermissible *ipse dixit* testimony unsupported by the evidence cited. Plaintiff argues in response that Dr. Irby's analysis on the 2022-2023 school year "is crucial to determining whether K.B. can be provided adequate compensatory education in the setting as ordered by the Final Order as a result of the administrative due process hearing." (ECF No. 82 at PageID 4752.)

Dr. Irby's Opinions 5 and 6 state that "MSCS's ABA Plans do not adequately address Kevin's needs to enable him to make progress in light of the circumstances," and that "Given my opinions as expressed above . . . a multidisciplinary and specialized learning environment is necessary as a compensatory award to offset the missed educational opportunities that will impact his learning for many years to come." (ECF No. 65-3 at PageID 4399.)

Dr. Irby's Opinion 5 uses facts from April 2022 to make broad, non-time-limited conclusions. This stands in contrast to Opinions 1-4, which use 2021-2023 data to largely draw conclusions on the 2021-2022 school year. (ECF No. 65-3.) Opinion 5 references "MSCS's ABA Plans" in general, without limitation to the relevant period. Further, MSCS's provision of a FAPE in the post-March 17, 2022 period is not properly before this Court. Determining whether "K.B. can be provided an adequate compensatory education in the setting as ordered by the Final Order"

8

is an issue of compliance with the Final Order in the post-March 17, 2022 period, not an issue of pre-2022 provision of a FAPE. As such, even under Plaintiff's proffered purpose, Opinion 5 falls outside the scope of proceedings before this Court.

"[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." General Elec. Co. v. Joiner, 522 U.S. 136 at 142 (1997). Defendant has not shown that Opinion 6 is an impermissible *ipse dixit* opinion. Dr. Irby incorporates elements of her reasoning from Opinions 1-4, which are unchallenged, and provides an opinion that goes beyond a mere *ipse dixit* that "Plaintiff['s] preferred private school setting is appropriate for K.B. beyond what Dr. Irby has previously testified." (ECF No. 74 at PageID 4656.) Defendant can use the prior inconsistent testimony to attack the bases for Opinion 6, but it is not properly excluded as an *ipse dixit* opinion.

## V. CONCLUSION

For the reasons discussed above, Defendant's Motions to Exclude Ms. Bauer and Mr. Ferris are **DENIED.** Defendant's Motions to exclude Dr. Irby's Opinions 5 and 6 and the testimony of Mr. K.B. and Ms. E.G. are each **GRANTED IN PART AND DENIED IN PART.**

1. The testimony of Ms. E.G. as regards the April 21 Declaration is excluded, with the exception of the testimony described in Paragraph 13. The hearsay issue related to Paragraph 13 is reserved for hearing. Ms. E.G. may testify to "events and progress occurring from the date of her testimony to March 17, 2022."

2. The testimony of Mr. K.B. is not excluded. Mr. K.B. may testify to "events and progress occurring from the date of his testimony to March 17, 2022."

3. Ms. Bauer and Mr. Ferris are not excluded as witnesses.

4. Dr. Irby is not categorically excluded as a witness.

5. Dr. Irby's Opinion 5 is excluded.

**IT IS SO ORDERED**, this 15th day of December, 2023.

                                                    /s/ Jon P. McCalla
                                             JON PHIPPS McCALLA
                                             UNITED STATES DISTRICT JUDGE