**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION**

| | | |
|---|---|---|
| **K.B., by and through his Parent, K.B.,** | ) | |
| ***Plaintiff*,** | ) | |
| v. | ) | **Case No. 2:22-cv-02464-JTF-cgc** |
| **MEMPHIS-SHELBY COUNTY SCHOOLS** | ) | |
| ***Defendant*.** | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY**

Before the Court is Plaintiffs' Motion for Leave to File a Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Attorneys' Costs and Fees, and Defendant's Response in Opposition. (ECF No. 119, 120.)

The Local Rules for the Western District of Tennessee require that parties who wish to file a reply brief seek leave to do so within seven (7) days of the time response was filed. L.R. 7.2(c). Here, Defendant filed their response on May 17, 2024, but did so contemporaneously with a Motion for leave to file excess pages. (ECF No. 113-114.) The Court granted in part and denied in part Defendant's motion for leave to file excess pages, requiring that the response be revised and refiled on May 24, 2024. (ECF No. 116.) Defendant filed their revised response on May 24, 2024. (ECF No. 117.) Plaintiffs filed their Motion for Leave to File a Reply on May 31, 2024. (ECF No. 119.) Defendant filed their response on June 7, 2024. The Local Rules do not require filing a copy of the proposed reply with a Motion Seeking Leave to File Reply.

Defendant filed, along with their proposed Reply, a revised billing log with agreed deleted material highlighted in yellow. (ECF No. 119-1.)

Plaintiffs given reason for seeking leave to file a Reply is that Plaintiffs "wish to file a reply brief to address the arguments filed in Defendant's response brief . . . [which] contains a number of misrepresentations, misleading statements, and factual errors which Plaintiffs need reply and correct." (ECF No. 119 at PageID 5957.) Plaintiffs argue that they could not have sought leave to file their reply earlier because "[t]he substance of Defendant's argument could not have been addressed by Plaintiffs without first reading Defendant's response." (ECF No. 119 at PageID 5957.)

The Local Rules, however, do not require a substantive response be attached when seeking leave to file a reply. L.R. 7.2(c). Nor were the revisions required by the Court's order—deletion of 4.5 pages of material, resulting in a 24.5 page revised motion—so substantial as to change Plaintiffs' analysis on whether or not to seek leave to reply. Indeed, Plaintiffs' proposed Reply—which spans six pages without seeking leave to file in excess of the five-page limit—responds to arguments throughout the 24.5 page revised motion. Nor do Plaintiffs provide detail on any "misrepresentations, intentionally misleading statements, and factual errors to which Plaintiff need reply and correct[:]" Plaintiffs' proposed Reply is primarily composed of legal argument and additional supportive citations for the arguments raised in their initial Motion. (See ECF No. 119-1.)

Because Defendant has not provided good cause to grant leave to file a reply, their proposed Reply exceeds the page limits set out for replies by the Local Rules, and their reply was not filed within the time proscribed by the Local Rules, Plaintiffs' Motion for leave to file Reply is **DENIED IN PART**. To avoid duplicative argument and in the interest of judicial economy,

Plaintiffs shall file the revised billing log submitted along with their proposed Reply, along with a statement of no more than two (2) pages indicating the agreed changes and their rationale, **no later than June 14, 2024.**

It is so **ORDERED**, this 11th day of June, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE