**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**K.B., by and through his Parent, K.B.,**
Plaintiffs.

No.: 2-22-cv-02464-JPM-cgc

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**
Defendant.

---

## PLAINTIFFS' REVISED BILLING LOG

---

**COME NOW** Plaintiffs K.B., *et al.*, by and through counsel, and submit this Revised Billing Log in accordance with the Court's June 11, 2024 Order (ECF 121). Defendant objects that fees related to attendance at IEP meetings is barred by the IDEA. 20 U.S.C. § 1415(i)(3)(D)(ii)-(iii). In the attached revised billing log (attached hereto as Exhibit B),[1] Plaintiffs remove all line items for IEP meeting attendance (highlighted in yellow). However, time spent reviewing IEPs and corresponding with opposing counsel (highlighted in green) are unchanged , as such activities are related and necessary to this litigation and do not constitute IEP attendance under the IDEA.

Defendant also objects to Plaintiffs' counsel's rates. These remain unchanged. Plaintiffs' counsel's rates were supported by expert declarations (See ECF 109-3, -4) as within market rates, and Defendant has neither challenged nor provided countervailing expert proof. As such, this Court should affirm Plaintiffs' counsel's rates. *See Blanchard v. Bergeron*, 489 U.S. 87, 91 (1983) (finding that counsel should be paid "for all time reasonably expended on a matter").

Defendant also claims that travel time should not be billed at the full rate. Those line items

[1] No Exhibit A is attached to this Revised Billing Log. Exhibit B constitutes the exact same Exhibit B that Plaintiffs' filed with their proposed Reply on May 31, 2024.

remain unchanged. "The Sixth Circuit has implied that travel time is fully compensable." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994). While some courts "within this Circuit have found that an attorney's reasonable hourly rate should be reduced in half for compensable travel time," others have found that "counsel should receive compensation for their travel time at their full reasonable hourly rate." *Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc, 2014 U.S. Dist. LEXIS 128451, at *31-32 (W.D. Tenn. July 28, 2014) (internal citations omitted).

Additionally, Defendant argues that Plaintiffs' counsel has overbilled for emails. Those line items remain unchanged. Courts in the Sixth Circuit have acknowledged that lawyers have adopted minimum billing for receiving or sending emails or letters or for conducting telephone calls, that a standard 0.1 is acceptable, and that larger billing is appropriate for substantially lengthier e-mails. *See, e.g.*, *Doe v. Wilson Cty. Sch. Sys.*, No. 3:06-0924, 2008 U.S. Dist. LEXIS 83249, at *21 (M.D. Tenn. Sep. 22, 2008).[2]

Respectfully submitted,

/s/ *Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
(901) 641-3972 (fax)
janet@janetgoodelaw.com

/s/ *Michael F. Braun*
MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942

**Attorneys for Plaintiffs**

[2] Additionally, Defendant's counsel seems to believe that 0.1 of billed time is ten (10) minutes. However, 0.1 of billed time is actually equivalent to six (6) minutes and is the smallest billing increment typically used by attorneys.

## CERTIFICATE OF SERVICE

I certify that on June 14, 2024, I filed a copy of the foregoing Plaintiffs' Revised Billing Log by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to counsel for the Defendant, Shelby County Schools, Office of General Counsel, 160 S. Hollywood, Room 218, Memphis, Tennessee 38112, Laura Bailey, Associate General Counsel, at baileyla@scsk12.org, and KaShonda L. Day, Adams and Reese, LLP, 1018 Highland Colony Parkway, Ridgeland, MS 39157, kashonda.day@arlaw.com.

Signed: *<u>/s/Janet H. Goode</u>*
Janet H. Goode