**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 21, 2024

Ms. Laura Ann Elizabeth Bailey
Ms. Jamie Leigh Morton
160 S. Hollywood Street
Suite 218
Memphis, TN 38103

Mr. Michael Franklin Braun
5016 Centennial Boulevard
Suite 200
Nashville, TN 37209

Ms. KaShonda Day
1018 Highland Colony Parkway
Suite 800
Ridgeland, MS 39157

Ms. Janet Goode
917 S. Cooper Street
Memphis, TN 38104

Re: Case No. 24-5345, *K. B., et al v. Memphis-Shelby County Schools*
Originating Case No.: 2:22-cv-02464

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely,

s/Antoinette Macon
Case Manager
Direct Dial No. 513-564-7015

cc: Ms. Wendy R. Oliver

Enclosure

No. 24-5345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 21, 2024
KELLY L. STEPHENS, Clerk

K. B., minor student, et al., )
)
Plaintiffs-Appellees, )
)
v. ) ORDER
)
MEMPHIS SHELBY COUNTY, TN SCHOOLS, )
)
Defendant-Appellant. )

Before: COLE, READLER, and BLOOMEKATZ, Circuit Judges.

Defendant Memphis-Shelby County, Tennessee, Schools ("MSCS") appeals the district court's order granting in part a motion for judgment on the administrative record filed by Plaintiffs—a minor student, K.B., and his father, Mr. K.B.—and remanding the case to the administrative law judge ("ALJ") for further proceedings in this civil suit brought under the Individuals with Disabilities in Education Act ("IDEA"). Plaintiffs move to dismiss the appeal as from a non-final order.

This action is only the latest stop on K.B.'s long and winding journey to the special education and accommodations he needs to obtain the free appropriate public education ("FAPE") guaranteed to him by the IDEA. Summarized, despite significant evidence that K.B. was eligible for and would benefit from an individual education plan ("IEP"), he spent his entire first year in MSCS schools in general education. MSCS ultimately implemented a formal IEP in October 2021 and then implemented an updated IEP in March 2022. In the meantime, however, K.B.'s father

sought a due process hearing before an ALJ in the Tennessee Department of Education Division of Special Education. In May 2022, the ALJ concluded that MSCS's delay in implementing an IEP amounted to a "child find" violation under the IDEA and held that MSCS had not provided a FAPE during the period from K.B.'s enrollment up to the implementation of the October 2021 IEP. The ALJ found for MSCS as to the period from October 2021 to May 2022, concluding that Mr. K.B. had not met his burden to show that the October 2021 IEP or the March 2022 IEP—the latter of which had only been in place for two months when the hearing was held—was deficient under the IDEA.

Mr. K.B. filed suit in the Western District of Tennessee, challenging the ALJ's decision. The district court found that the ALJ had applied a higher standard than is required by Sixth Circuit precedent when assessing whether Mr. K.B. met his burden of proof, and it entered judgment reversing the ALJ in part and remanding for further proceedings. Specifically, the district court found that the October 2021 IEP was deficient and directed the ALJ to consider the sufficiency of the March 2022 IEP (using the correct standard) and whether K.B.'s new school had the resources to provide the services lacking from the October 2021 IEP. The district court concluded that the record was not sufficiently developed to answer either question in the first instance. MSCS appeals, and Mr. K.B. moves to dismiss, arguing that the remand is not a final appealable order.

Mr. K.B. is right. We have jurisdiction over appeals from final judgments of the district courts under 28 U.S.C. § 1291. A decision is deemed final for purposes of an appeal under § 1291 "when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

"Ordinarily an order remanding for further administrative proceedings is not a final order which is immediately appealable." *Schuck v. Frank*, 27 F.3d 194, 196 (6th Cir. 1994). Plaintiffs cite cases from the Third, Ninth, Tenth, and Eleventh Circuits concluding as much in IDEA cases. *See also Avaras ex rel. A.A. v. Clarkstown Cent. Sch. Dist.*, 752 F. App'x 60, 62–64 (2d Cir. 2018) (same).

MSCS responds that the district court's remand is tantamount to a finding that Mr. K.B. did not meet his burden of proof; otherwise, MSCS asserts, the district court could have resolved the remanded issues in the first instance. But this argument misreads the district court's reasoning for the remand. Contrary to MSCS's assertion, the insufficient record is an artifact of the ALJ's analysis, not evidence of Mr. K.B.'s failure to carry his burden. When analyzing the March 2022 IEP, the ALJ relied on its analysis of the October 2021 IEP, which the district court has since reversed. Further, the ALJ recognized that the March 2022 IEP was only two months old when he issued his decision—not enough time to conclusively assess its sufficiency. Likewise, the ALJ's findings meant that there was no occasion to address whether K.B.'s new school could provide the services missing at MSCS. In short, there is more for the ALJ to do than simply point to the district court's order as precluding relief.

We are not persuaded by MSCS's alternative argument that we have jurisdiction under the "practical finality rule" espoused by the Tenth Circuit, under which an appellate court will review the remand if "it is clearly urgent that an important issue—one that is serious and unsettled, and not within the trial court's discretion—be decided," and "the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1221 (10th Cir. 2021) (order) (per curiam) (quotations omitted). To begin, it does not appear that we have ever recognized a practical finality

exception, and MSCS cites no caselaw from this circuit applying it. *Cf. Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 662 (6th Cir. 2013) ("If immediate appellate review were available every such time a district court decision might end the litigation as a practical matter, Congress's final decision rule would end up a pretty puny one." (cleaned up)). But even if we did recognize the exception, it would not seem to apply here. When considering the practical finality rule, the Tenth Circuit begins by asking whether the case involves a "clearly urgent" and "important issue—one that is serious and unsettled, and not within the trial court's discretion." *C.W.*, 994 F.3d at 1221 (quotation omitted). MSCS frames the district court's remand as a question of due process under the IDEA, wrongly entitling Plaintiffs to another opportunity to meet their burden of proof. This overstates the significance of the remand, which is based on the uncommon procedural posture and unique facts of this case. And, in any event, as noted above, the lack of an adequately developed record is not attributable to Plaintiffs, so the remand is a procedural efficiency, not an unjustified additional bite at the apple.

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk