**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**K.B., by and through his Parent,
K.B.,**

Plaintiffs**.**

No.: 2-22-cv-02464-JPM-cgc

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

Defendant.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR CLARIFICATION**

Plaintiffs, through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion for Clarification in which they move the Court to clarify that the determination of attorneys' fees and costs is solely before this Court pursuant to 20 U.S.C. § 1415(i)(3)(B)(i) and not before the administrative law judge.

In particular, Plaintiffs seek the Court's clarification of the last sentence of the last full paragraph on page two of the Order (ECF 104, PageID 5599): "Because the factual record is insufficiently developed to determine whether K.B. can be appropriately placed at MSCS or a private placement, the Court **REMANDS** for further proceedings consistent with this order and for determination of reasonable costs and attorney's fees." However, nowhere else in the Order does the Court reference the determination of attorneys' fees.

The determination of attorneys' fees and costs in special education cases brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., (IDEA), is vested solely in the district court:

> In IDEA proceedings, the district court has the discretion to award reasonable attorney fees to (1) "a prevailing party who is the parent of a child with a disability," (2) "a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation," or (3) "to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i).

*Somberg v. Utica Cmty. Schs*, 908 F.3d 162, 178 (6th Cir. 2018); see also, *Y.B. v. Williamson Cty. Bd. of Educ.*, No. 3:08-0999, 2009 U.S. Dist. LEXIS 133843, *49-50 (M.D. Tenn. Oct. 16, 2009) ("As the Sixth Circuit has stated, 'The IDEA's fee-shifting provision is to be interpreted consistent with 42 U.S.C. § 1988, the attorney-fees provision for civil rights actions. *Wikol v. Birmingham* Public *Schools Board of Education*, 360 F.3d 604, 611 (6th Cir. 2004) *citing Phelan v. Bell*, 8 F.3d 369 (6th Cir. 1993). The *Wikol* Court quoted the following language from *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001): '[W]e have previously observed that although the Supreme Court has held [that] . . . it is within the district court's discretion to award attorney's fees under section 1988, in the absence of special circumstances *a district court not merely may but must award fees to the prevailing plaintiff*. 360 F.3d at 611(emphasis added).'").

Plaintiffs are seeking this Court's clarification because Defendant has raised this issue before the Tennessee administrative law judge ("ALJ") who only now – six (6) months after it was issued – is moving to comply with this Court's March 12, 2024 remand order. In a status conference before the ALJ held on September 5, 2024, Defendant argued that the ALJ – and not

this Court – must determine attorneys' fees and costs given the language on page 2 of this Court's March 12, 2024 Order.

This position is inconsistent with all of Defendant's arguments and briefing to date.[1] Plaintiffs timely filed a Motion for Attorneys' Fees on April 19, 2024 (ECF 110). Nowhere in Defendant's response (ECF 117) did it argue that the Court had remanded the determination of attorneys' fees to the ALJ. Similarly, in Defendant's misplaced Petition to Stay Administrative Proceedings filed with the Tennessee Administrative Procedures Division on April 26, 2024 (attached as **Exhibit A**), Defendant explicitly agreed that the IDEA mandates that only the federal district court can determine attorneys' fees and costs: "The March 12, 2024 Order also remands to the ALJ the 'determination of reasonable costs and attorney's fees.' [W.D. Tenn. ECF No. 104, PageID 5569]. This is clearly inconsistent with the IDEA, which provides only the District Court with authority to determine reasonable costs and attorneys' fees." **Exhibit A** at 7.

The ALJ has provided dates in late September and October (2024) as potential evidentiary hearing dates, and the parties need clarity from this Court prior to ALJ's final determination as to the scope of the remand. Accordingly, Plaintiffs respectfully ask the Court to clarify that the determination of attorneys' fees and costs lies solely with this Court and is not an issue that has been remanded for determination by the ALJ.

Respectfully submitted,

/s/ *Janet H. Goode*

Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
janet@janetgoodelaw.com

[1] Nonetheless, in response to the undersigned's attempts to consult on this motion, Defendant's counsel stated, "It is Respondent/Defendant's position that now is not the appropriate time to put this issue before the District Court."

MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, I filed a copy of the foregoing Plaintiffs' Memorandum in Support of Motion by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to counsel for the Defendant, Shelby County Schools, Office of General Counsel, 160 S. Hollywood, Room 218, Memphis, Tennessee 38112, Laura Bailey, Associate General Counsel, at baileyla@scsk12.org, and KaShonda L. Day, Adams and Reese, LLP, 1018 Highland Colony Parkway, Ridgeland, MS 39157, kashonda.day@arlaw.com.

Signed: *_/s/Janet H. Goode_*
Janet H. Goode

## CERTIFICATE OF CONSULTATION

I certify that on September 6, 2024, I consulted with counsel for Defendant, Laura Bailey, Associate General Counsel, at baileyla@scsk12.org, and KaShonda L. Day, Adams and Reese, LLP, 1018 Highland Colony Parkway, Ridgeland, MS 39157, kashonda.day@arlaw.com, via email. On September 9, 2024, Ms. Bailey responded that, "It is Respondent/Defendant's position that now is not the appropriate time to put this issue before the District Court."

Signed: *_/s/Janet H. Goode_*
Janet H. Goode