# Exhibit A

**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION**
**DIVISION OF SPECIAL EDUCATION**

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**K.B., THE STUDENT, and**<br>**K.B., THE STUDENT'S PARENT,**<br>***Petitioners*,**<br><br>**v.**<br><br>**SHELBY COUNTY SCHOOLS,**<br>***Respondent*.** | **APD Case No. 07.03-214603J** |

**RESPONDENT'S PETITION TO STAY PROCEEDINGS PENDING APPEAL**

Respondent Shelby County Schools, by and through counsel and pursuant to this Court's April 16, 2024 Scheduling Order, hereby petitions the Administrative Judge for an Order staying these administrative proceedings until final resolution of Respondent's appeal to the Sixth Circuit Court of Appeals of the District Court's Order and Judgment dated March 12, 2024 and April 5, 2024 respectively. [W.D. Tenn. ECF No. 104 & 106.]. In support of its Petition to Stay Proceedings Pending Appeal ("Petition"), Respondent states as follows:

## I. RELEVANT PROCEDURAL HISTORY.

Following a hearing on March 22, March 23, and April 8, 2022, Administrative Law Judge Philip R. Hilliard ("Judge Hilliard") entered a Final Order in this matter on May 17, 2022 ("Judge Hilliard's Order"). Judge Hilliard's Order includes enumerated Findings of Fact and Conclusions of Law. Among other things, Judge Hilliard's Order provides that Petitioners met their burden to show that the School District committed a child find violation and denied K.B. a free appropriate public education for two time periods: (1) October 5, 2020 through the end of the 2020-2021 school year; and (2) August 9, 2021 to October 18, 2021. Judge Hilliard also found that Petitioners met their burden to establish that, for those specific time periods only, MSCS failed to provide K.B. an

IEP reasonably calculated to enable K.B. to make progress appropriate in light of his circumstances.

Judge Hilliard's Order also provides that Petitioners failed to meet their burden of proof to show that the School District (1) otherwise committed a child find violation; (2) otherwise failed to provide K.B. with an IEP reasonably calculated to enable K.B. to make progress appropriate in light of his circumstances; or (3) denied K.B. a FAPE due to transportation issues. Judge Hilliard's Order provides that the School District would provide 180 30-minute sessions of in-house ABA services to K.B. The services are in addition to services already provided to K.B. under his current IEP and are to be provided by a Registered Behavior Technician, supervised by a BCBA.

On July 18, 2022, Petitioners filed their Complaint appealing Judge Hilliard's Order to the District Court, Case No. 2:22-cv-02464-JPM-cgc. More than a year after initiating the appeal, and six days before the deadline to file Motions for Judgment on the Record, Petitioners filed a Motion to Supplement the Administrative Record and for Evidentiary Hearing on August 5, 2023. [W.D. Tenn. ECF No. 36]. Both parties filed Motions for Judgment on the Administrative Record on August 11, 2023. [W.D. Tenn. ECF No. 40; 41]. The District Court granted in part and denied in part Petitioners' Motion to Supplement the Administrative Record and for Evidentiary Hearing and held an evidentiary hearing on December 18-19, 2023 and January 8, 2024. Both parties submitted post-hearing briefs, and the District Court entered its Judgment on the Administrative Record on March 12, 2024. [W.D. Tenn. ECF No. 104]. On April 5, 2024, the District Court entered its judgment in a separate document as required under Fed. R. Civ. P. 58(a). The District Court's docket reflects that Case No. 2:22-cv-02464-JPM-cgc was closed on April 5, 2024.

In its March 12, 2024 Order, the District Court found that Judge Hilliard applied an incorrect legal standard in concluding that the Petitioners had not met their burden of proof to

establish that the School District did not provide a FAPE after October 2021. [W.D. Tenn. ECF No. 104, PageID 5610-5611]. The District Court then conducted its own analysis on the issue and found that "the preponderance of the evidence shows that K.B. was denied an educational benefit" because "K.B. was given two lunches." [W.D. Tenn. ECF No. 104, PageID 5613]. Though the District Court acknowledged that "the presence of two lunches is not prima facie evidence of denial of a FAPE," but found that it "demonstrates an absence of an educational benefit." [W.D. Tenn. ECF No. 104, PageID 5613].

The District Court also found that the record contains insufficient evidence to "determine the properly applicable IEP by which to judge the March 14—May 17, 2022 period, MSCS's compliance with that IEP, and whether K.B. received a FAPE" for that period, to "determine an appropriate compensatory award[,]" or to "determine whether K.B. can be appropriately placed at MSCS or a private placement." [W.D. Tenn. ECF No. 104, PageID 5613, 5614, 5569]. Significantly, the insufficiency of the proof on record remains after the District Court afforded Petitioners an opportunity to supplement the administrative record by presenting additional evidence on compensatory education and private placement, issues about which Judge Hilliard found that Petitioners failed to present sufficient proof during the 2022 Administrative Hearing, despite ordering Petitioners to present such proof. [W.D. Tenn. ECF No. 56;]. Due to the insufficient proof in the record, the District Court remanded the matter to Judge Hilliard, allowing Petitioners a third opportunity to present evidence on issues they failed to prove previously. [W.D. Tenn. ECF No. 104, PageID 5569, 5613, 5616;]. The remand also includes "determination of reasonable costs and attorney's fees." [W.D. Tenn. ECF No. 104, PageID 5569].

## II. ARGUMENT AND AUTHORITY.

Tennessee's Administrative Procedures Act ("APA") grants an administrative law judge ("ALJ") authority to grant a stay of administrative proceedings pending judicial review. Tenn. Code Ann. § 4-5-322(c). Though it is not clear that the APA directly governs administrative proceedings on a due process complaint, it is clear that that the ALJ has authority to control his docket and stay administrative proceedings and rulings in contested cases. *See, e.g.,* Tenn. Code Ann. §§ 4-5-301; 4-5-312; 4-5-322. Respondent has not identified case law directly on point and submits that, in considering whether to stay these administrative proceedings pending review by the Sixth Circuit Court of Appeals, the ALJ should apply the same standard applied by federal courts in considering a motion to stay a final order pending appeal.

In determining whether to grant a stay of proceedings pending appeal, courts "consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *Frisch's Restaurant, Inc. v. Shoney's Inc*., 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co*., 755 F.2d 1223, 1228 (6th Cir. 1985)). "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id*. (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir.1987); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id*. (citing *DeLorean*, 755 F.2d at 1229). In this case, all four of these factors weigh in favor of staying these administrative proceedings pending appellate review.

*First*, Respondent is likely to prevail on the merits if its appeal. Among other errors, the March 12, 2024 Order's remand to the ALJ is inconsistent with the District Court's finding that the record contains insufficient proof on the issues remanded. In particular, the District Court specifically found that the record contains insufficient evidence to "determine the properly applicable IEP by which to judge the March 14—May 17, 2022 period, MSCS's compliance with that IEP, and whether K.B. received a FAPE" for that period, to "determine an appropriate compensatory award[,]" or to "determine whether K.B. can be appropriately placed at MSCS or a private placement." [W.D. Tenn. ECF No. 104, PageID 5613, 5614, 5569]. As a matter of law, the Petitioners bear the burden to establish that MSCS did not comply with the applicable IEP or otherwise did not provide K.B. with a FAPE for any given period of time. *Schaffer ex rel Schaffer v.* Weast, 546 U.S. 49, 56 (2005) (establishing that the party seeking relief bears the burden of persuasion in IDEA due process hearings); *Deal v. Hamilton Co. Bd. of Educ.*, 392 F.2d 840,854 (6th Cir. 2004) (stating "Parties challenging an IEP have the burden of proving by preponderance of the evidence that the IEP devised by the local school district is inappropriate.") (citing *Kings Local School Dist., Bd. of Educ. v.* Zelany, 325 F.3d 724, 729 (6th Cir. 2003); *Dong ex rel Dong v. Bd. of Educ. of Rochester Cnty. Sch.*, 197 F.3d 793, 799 (6th Cir. 1999)); *Doe by and through Doe v. Defendant 1,* 898 F.2d 1186, 1191 (1990) (citing *Texas v.* Tatro, 703 F.2d 823, 830 (5th Cir. 1983), *aff'd in part, rev'd in part, on other grounds, sub nom. Irving Indep. Sch. Dist. v. Tatro*, 468 U.S. 883 (1984)).

It is also Petitioners' burden to put on sufficient proof of compensatory education appropriate under the circumstances or to prove that private placement is appropriate. *Phillips ex rel. T.P. v. Dist. of Columbia*, 736 F.Supp.2d 240, 247-248 (D.D.C. 2010) (holding that hearing officer's unequivocal determination that plaintiffs were denied a FAPE meant that plaintiffs "had

the burden of 'propos[ing] a well-articulated plan that reflects [the student's] current education abilities and needs and is supported by the record'." (internal citations omitted)). However, a court may determine that no compensatory education award is warranted when a plaintiff who has proven a FAPE violation is unable to demonstrate that additional educational services are necessary to compensate for the denial of a FAPE. *Phillips*, 736 F.Supp.2d at 249 n. 4, 24; *Phillips ex rel. T.P. v. District of Columbia*, 932 F.Supp.2d 42, 49 n. 4, 49-51(D.D.C. 2013) ("*Phillips II")* (explaining that the weight of authority in the District of Columbia Circuit "recognizes that an award of compensatory education is not *mandatory* in cases where a denial of a FAPE is established.") (internal citations omitted; emphasis original).

As the *Phillips II* Court held, in circumstances where a plaintiff has an opportunity to present additional evidence post-administrative hearing in support of their desired compensatory education award but still fails to cure the evidentiary deficiency because the evidence presented was equivocal, a compensatory education award is not justified. *Phillips* II, 932 F. Supp. at 51-52.

Similarly to *Phillips II* Petitioners have already had not one but two opportunities to put on sufficient proof to meet their burden on compensatory education and the appropriateness of their private placement, yet they have failed to do so. Consequently, the District Court's finding of insufficient proof on the record should not have resulted in a remand but in a judgment in the School District's favor that Petitioners failed both in the Administrative Hearing and before the District Court show that their prospective private school placement was appropriate compensatory education or that MSCS could not provide K.B. with a FAPE. Indeed, if there is insufficient proof on the record for determination of the issues identified in the March 12, 2024 Order, the ALJ cannot rule in Petitioners' favor without admitting additional evidence. While Sixth Circuit courts permit the District Court to add additional evidence to the record in certain limited circumstances, nothing

in the IDEA or interpreting case law grants due process petitioners a third opportunity to present proof sufficient to meet their burden. *Compare with Reid v. District of Columbia*, 401 F.3d 316 (D.D. Cir. 2005) (adopting qualitative standard for compensatory education and authorizing district court to exercise the option to remand to administrative hearing officer to receive evidence on student's "specific educational deficits resulting from the loss of FAPE and the specific compensatory measures needed to best correct those deficits.").

The March 12, 2024 Order also remands to the ALJ the "determination of reasonable costs and attorney's fees." [W.D. Tenn. ECF No. 104, PageID 5569]. This is clearly inconsistent with the IDEA, which provides only the District Court with authority to determine reasonable costs and attorneys' fees. Notably, Petitioners must believe that at least this part of the District Court's order is erroneous because Petitioners filed a Motion for Attorneys' Fees on April 19, 2024 [W.D. Tenn. ECF No. 109], 14 days after the District Court entered the Judgment [W.D. Tenn. ECF No. 106] and 45 days after the District Court entered its Order on Motion for Judgement on the Pleadings [W.D. Tenn. ECF No. 104].

*Second*, Respondent will suffer irreparable harm if this matter proceeds before the ALJ before the Sixth Circuit has ruled on Respondent's appeal. Among the issues remanded to the ALJ is the determination of whether K.B. should be privately placed at public expense. [W.D. Tenn. ECF No. 104, PageID 5616]. Respondent submits that Petitioners failed to meet their burden of proof to establish that MSCS cannot provide K.B. with a FAPE or that Madonna Learning Center, or any other private institution, would provide K.B. with a FAPE. The District Court also reached this conclusion. [ECF No. 104, PageID 5615-5616] However, should the ALJ proceed and determine that private placement is appropriate for K.B., Respondent would have no meaningful recourse should the Sixth Circuit reverse the District Court's remand on that issue. Once K.B. is

enrolled at a private institution at public expense and MSCS has paid tuition, it is highly unlikely that those public funds would be refunded to MSCS if the Sixth Circuit finds that Petitioners did not meet their burden of proof to establish that private placement is necessary. Neither is it likely that MSCS could recover erroneously paid private placement tuition from Petitioners. Indeed, the District Court concluded that K.B.'s parents are "under-resourced" and without sufficient funds to pay for a prospective private placement out of pocket.[1] [W.D. Tenn. ECF No. 104, PageID 5615]. Because MSCS has no meaningful avenue to recover tuition funds paid to a private institution, it stands to suffer irreparable harm if these proceedings are not stayed pending appeal.

*Third*, Petitioners will not suffer appreciable harm if a stay is granted. To the contrary, a stay will limit the risk of harm to K.B. As explained above, the possibility that the Sixth Circuit could reverse a decision by the ALJ to order private placement for K.B. created a risk of irreparable harm for MSCS. The uncertainty surrounding K.B.'s private placement at public expense in light of the District Court's remand Order also creates a risk of harm to K.B. Indeed, K.B. will not benefit from transferring into a private institution only to be transferred again on reversal of the District Court's Order. Such volatility in his placement would almost certainly disrupt K.B.'s education and progress that the District Court's has already determined that K.B. is making with MSCS' provision of ABA services. [W.D. Tenn. ECF 104, PageID 5613].

The lack of harm to Petitioners is buttressed by Petitioners' delay in pursuing their claims in the District Court. Petitioners filed their Complaint with the District Court on July 18, 2022. [W.D. Tenn. ECF No. 1]. MSCS filed the administrative record on December 21, 2022. [W.D. Tenn. ECF No. 14]. MSCS filed its Motion for Partial Summary Judgment on February 27, 2023. [W.D. Tenn. ECF No. 17]. Though Petitioners responded to Respondent's Motion, they took no

[1] Respondent asserts that there is insufficient evidence in the record to support the District Court's determination that K.B.'s parents are "under-resourced."

affirmative action to pursue their own claims until finally filing their Motion to Supplement the Administrative Record and for Evidentiary Hearing on August 7, 2023, more than a year after filing their Complaint and more than six months after the administrative record was filed. [W.D. Tenn. ECF No. 36]. If Petitioners believed that time was of the essence in resolving their claims, they could have and should have pursued their claims diligently before the District Court instead of waiting more than six months after the record was filed to move the District Court for an evidentiary hearing. Thus, there is no evidence that a stay of these proceedings pending review by the Sixth Circuit would cause harm to Petitioners; to the contrary, a stay will mitigate the risk of a unlawful change in K.B.'s placement and would therefore serve only to benefit K.B.

*Fourth*, the public interest is served by a stay. The public's primary interest in this case is in the equitable distribution of IDEA Part B funds by preserving those funds to provide a FAPE education for all special education students, including K.B., in accordance with standards set forth under federal law. Twice, once at the administrative hearing and again before the District Court, Petitioners failed to meet their burden that a private placement at public expense, paid prospectively for an alleged past violation of the IDEA, is an appropriate compensatory education award for K.B. Even if the Sixth Circuit's review ultimately determinations that such placement is appropriate, the District Court has already found that, after a second opportunity to present proof on an appropriate compensatory education award, Petitioners failed to put on sufficient proof to meet their burden to establish that MSCS cannot provide K.B. with a FAPE or that a private institution could provide K.B. with a FAPE. Respondent will argue to the Sixth Circuit that the IDEA does not permit a third opportunity for a due process petitioner to meet his burden of proof and that the District Court's remand on the issue of private placement as compensatory education was legally improper. As explained above, if the ALJ orders MSCS to pay public funds to a private

institution for K.B.'s tuition, it would be virtually impossible for MSCS to ever recover those funds for the purpose of using them support K.B.'s FAPE or that of any other IDEA eligible student. Thus, not only does MSCS stand to suffer irreparable harm if a stay is not granted, but the District

## III. CONCLUSION

For the reasons stated herein, Respondent's Petition to Stay Proceedings Pending Appeal should be granted, and this matter should be stayed pending a decision by Sixth Circuit Court of Appeals.

Dated: April 26, 2024

Respectfully Submitted,

s/ Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901.416.6372 (direct phone)
901.416.6370 (main phone)
901.416.6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

## CERTIFICATE OF SERVICE

The undersign certifies that a copy of the forgoing was served upon Counsel of Record for Plaintiffs via email to janet@janetgoodelaw.com and mfb@braun-law.com.

s/ Laura Ann E. Bailey
Laura Ann E. Bailey
*Attorney for Memphis-Shelby County Schools*