**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**K.B., by and through his Parent, K.B.,**

***Plaintiffs*,**

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

***Defendant*.**

**No. 2:22-cv-02464-JPM-cgc**

## DEFENDANT'S RESPONSE TO MOTION FOR CLARIFICATION

Defendant, Memphis-Shelby County Schools, submits this response to Plaintiffs' Motion for Clarification (D.E. 125) and Plaintiffs' Supporting Memorandum. The Court should deny Plaintiffs' Motion for Clarification because the Court's Order does not require clarification at this time, although the Court has jurisdiction to amend any non-final order. Fed. R. Civ. P. 54(b) (permitting revision of any non-final order).

The District Court issued an Order on the Administrative Record (D.E. 104), which states in part that "[b]ecause the factual record is insufficiently developed to determine whether K.B. can be appropriately placed at MSCS or a private placement, the Court **REMANDS** for further proceedings consistent with this order and for determination of reasonable costs and attorney's fees." (D.E. 104, PageID 5599) (emphasis original). Accordingly, the Court's reference to determination of attorneys' fees and costs in its Judgment on the Administrative Record appeared to refer to the issues for determination that were remanded to the Administrative Law Judge (ALJ), such as whether MSCS or the Plaintiffs' proposed private placement could provide K.B.

with a free appropriate public education (FAPE), among other issues. Plaintiffs argue, however, that this portion of the Order requires clarification because it is only referenced once in the Order on the Administrative Record. (D.E. 125-1, PageID 6024).

While Defendant agrees that the ultimate determination of attorneys' fees and costs are the providence of the District Court in Individuals with Disabilities in Education Act (IDEA) cases, until the Administrative Law Judge determines whether it is appropriate to issue an order on attorneys' fees or costs, it is premature to seek any clarification from this Court. The Administrative Law Judge could simply issue an order stating that as the ALJ, he lacks subject matter jurisdiction to determine this issue.

Additionally, after the Court of Appeals ruled that the Order on Administrative Record was a non-final order remanding the case for determination, (COA D.E. 20), this left open the question of which party was the prevailing party on the issue of compensatory education. This issue is directly relevant to the issue of whether Plaintiffs are entitled to recovery of attorneys' fees and costs because it addresses the Plaintiffs over-all level of success. This issue is particularly relevant in light of Defendant's position that Plaintiffs have intentionally pursued a prospective compensatory education placement that is inconsistent with their own expert's recommendations for what K.B. requires for a free appropriate public education (FAPE), and after two hearings where they had the opportunity to present proof on this issue, now have a third opportunity to do so.

Furthermore, Defendant anticipates that Plaintiffs will seek an attorneys' fee award on the matters remanded, if they are successful. Clarifying or revising the Order on Administrative Record so that the Court can issue an immediate order on the pending attorneys' fees motions, does not promote judicial efficiency. Defendant believes that Plaintiffs filed their Motion for

Attorneys' Fees because they were unclear as to whether the Order on Administrative Hearing and the Final Judgment were in fact final and they did not want to waive their right to seek attorneys' fees. Regardless, even if the Court grants the Moton for Clarification, issuing an immediate order on attorneys' fees based on the pending motions would unnecessarily complicate a case that is already complex, and is bound to result in multiple motions for attorneys' fees, depending on the outcome of the Remand.

For these reasons, there is no need for the Court to clarify its Order on Administrative Record before the issues for remand are determined by the ALJ.

Dated: September 23, 2024

Respectfully Submitted,

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901-416-6372 (direct phone)
901-416-6370 (main phone)
901-416-6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157
601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the forgoing was served upon counsel of record for Plaintiffs via the Court's electronic filing system on this 23rd day of September 2024.

s/ Laura Bailey______________________
LAURA ANN E. BAILEY