IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| K.B., by and through his Parent, K.B., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:22-cv-02464-JPM-cgc |
| MEMPHIS-SHELBY COUNTY SCHOOLS, | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLARIFICATION AND DISMISSING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Before the Court are Plaintiffs' K.B. and Mr. K.B. (collectively, "Plaintiffs'")[1] Motions for Attorneys' Fees and Costs and for Clarification. (ECF Nos. 109, 125.) Also before the Court are Defendant Memphis-Shelby County Schools' ("Defendant's" or "MSCS'") Responses in Opposition to both. (ECF Nos. 117, 126). Because the instant Motions and Responses concern the issue of attorneys' fees, the instant Order addresses all.

For the reasons discussed below, Plaintiffs' Motion for Clarification is **GRANTED** and Plaintiffs' Motion for Attorneys' Fees is **DISMISSED WITHOUT PREJUDICE** as unripe.

---

[1] Plaintiffs refer to themselves in pleadings in the plural (child K.B. through his parent Mr. K.B., with "Plaintiffs" used to refer to the collective) while the standard convention is to refer to the child "plaintiff" or to the individual or individuals representing the child's interest in the singular or plural, as the case may be. See Knable ex rel. Knable v. Bexley City Sch. Dist., 238 F.3d 755 (6th Cir. 2001) (referring to "parents" as bringing the claim); L.H. v. Hamilton Cnty. Dep't of Educ., 900 F.3d 779 (6th Cir. 2018) (referring to parents bringing the claim as "plaintiffs"). For consistency with prior decisions of the Court and Parties' filings, this Order uses the plural "Plaintiffs" to refer to child K.B. and Mr. K.B.

I.      **BACKGROUND**

   *A. Factual*

The instant Motions are "only the latest stop on K.B.'s long and winding journey to the special education and accommodations he needs to obtain the free appropriate public education ('FAPE') guaranteed to him" by the Individuals with Disabilities in Education Act ("IDEA"). (See ECF No. 123 at PageID 6016.) "[D]espite significant evidence that K.B. was eligible for and would benefit from an individual education plan ('IEP'), he spent his entire first year in MSCS schools in general education. MSCS ultimately implemented a formal IEP in October 2021 and then implemented an updated IEP in March 2022." (Id.)

Plaintiffs initiated due process proceedings before an administrative law judge ("ALJ") in the Tennessee Department of Education Division for Defendant's alleged violations of the IDEA for the 2020–21 and 2021–22 school years. (ECF No. 104 at PageID 5599.) In May 2022, the ALJ held that Defendant had failed to provide K.B. a FAPE for the period before October 18, 2021, "but that Plaintiffs failed to meet their burden of proof on post-October 18, 2021 issues." (Id.) The ALJ awarded compensatory education for the pre-October 18, 2021 period. (See id.)

   *B. Procedural*

On July 18, 2022, Plaintiffs brought this action to challenge the ALJ's ruling on the period of October 18, 2021, to May 17, 2022, (the "October–May period") among other issues. (ECF No. 1.) On March 12, 2024, the Court issued its Judgment on the Administrative Record (the "March Order"), reversing in part the ALJ's findings because the ALJ had applied the incorrect legal standard in his analysis. (ECF No. 104 at Page ID 5599, 5611.) Under the correct standard of preponderance of the evidence, the Court found

2

that Defendant had failed to provide a FAPE to K.B. for at least some of the October–May period. (Id. at PageID 5599.) Specifically, the Court found that Defendant failed to provide a FAPE for the period of October 28, 2021, to March 14, 2022 ("First Period"), thus reversing the ALJ on that claim. (Id. at PageID 5612, 5614–15.) The factual record was not sufficiently developed, however, to determine whether Defendant failed as well for the period of March 14, 2022, to May 17, 2022 ("Second Period"). (Id. at PageID 5614.)[2] The Court thus remanded the case to the ALJ to reconsider Plaintiffs' claim for the Second Period under the correct legal standard and to reevaluate the compensatory education award. (Id. at PageID 5616–18.) The Court's Judgment was filed on April 5, 2024. (ECF No. 106.)

Defendant appealed the Court's Judgment on April 11, 2024. (ECF No. 107.) On August 21, 2024, the Sixth Circuit ruled that the Court's remand of the ALJ's final order was not a final order and thus not appealable. (See ECF No. 123 at PageID 6017.) The Sixth Circuit underscored that the undeveloped factual record was due to the ALJ's analysis of the case, not to any failure of Plaintiffs to make their case. (Id. at PageID 6019.) It also viewed the Court's remand as a matter of procedural efficiency, not a merits determination for the Second Period. (Id.)

Plaintiffs filed a Motion for Attorneys' Fees and Costs on April 19, 2024. (ECF No. 109.) Defendant initially filed a response that exceeded the permitted range on May 17, 2024, then filed the instant Revised Response on May 24, 2024. (ECF Nos. 114, 117.)

Plaintiffs filed the instant Motion for Clarification on September 9, 2024. (ECF No. 125.) Specifically, Plaintiffs request clarification on the following sentence in the

---

[2] The Court indicated that, if the same IEP governed the Second Period, Defendant also failed to provide K.B. a FAPE during that time. (Id.)

Court's March Order: "Because the factual record is insufficiently developed to determine whether K.B. can be appropriately placed at MSCS or a private placement, the Court REMANDS for further proceedings consistent with this order and for determination of reasonable costs and attorney's fees." (Id. at PageID 6021 (quoting ECF No. 104 at PageID 5599).) Defendant filed its Response in Opposition on September 23, 2024, asserting that no clarification was needed at this time. (ECF No. 126 at PageID 6039–40.)

## II.     LEGAL STANDARD

### A. Clarification

The Court has jurisdiction to amend any non-final order. Fed. R. Civ. P. 54(b) (permitting revision of any non-final order).

### B. Attorneys' Fees and Costs

Under the IDEA, "the district court has the discretion to award reasonable attorney fees to . . . 'a prevailing party who is the parent of a child with a disability.'" Somberg v. Utica Cmty. Schs., 908 F.3d 162, 178 (6th Cir. 2018) (quoting 20 U.S.C. § 1415(i)(3)(B)(i)). A "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[3] For the parents to receive attorneys' fees as "prevailing parties" under the IDEA, "they must have (1) succeeded on a significant issue, and (2) this success must be embodied in either a judgment on the merits or in a settlement agreement enforced through a consent decree (i.e., an agreement with 'the necessary judicial imprimatur')." Tompkins ex rel. A.T. v. Troy Sch. Dist., 199 F. App'x 463, 466

---

[3] What makes a party "prevailing" can be a complicated determination. See, e.g., Lackey v. Stinnie, No. 23-621 (U.S. Sup. Ct. argued Oct. 8, 2024) (regarding the issue of prevailing party in preliminary injunction when no final judgment could be entered).

4

(6th Cir. Oct. 2, 2006). "Such success alone, however, is not enough. The term 'prevailing party' also requires that there be 'a *court-ordered* change [in] the legal relationship between [the plaintiff] and the defendant.'" Id. (quoting Buckhannon Bd. V. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)) (other internal quotation marks and citations omitted) (emphasis in original). Thus, the "touchstone of this inquiry is the material alteration of the legal relationship of the parties." Berger v. Medina City Sch. Dist., 348 F.3d 513, 526 (6th Cir. 2003) (internal quotation marks and citations omitted). Under Sixth Circuit precedent, "the prevailing party analysis practically considers the goals of the parties at the outset of the litigation or 'the benefit the parties sought in bringing suit,' and the progress that the parties made toward achieving those goals." Y.B. v. Williamson Cnty. Bd. of Educ., No. 3:08-0999, 2009 WL 4061311, at *5 (M.D. Tenn. Nov. 20, 2009) (citing id.).

### III. ANALYSIS

Plaintiffs' Motion for Attorneys' Fees depends in part on the Court's March Order on which Plaintiffs' request clarification. Accordingly, the Court's analysis will focus first on the latter before turning to the former.

*A. Clarification*

Plaintiffs seek the Court's clarification regarding authority to award attorneys' fees and costs in light of the Court's March Order. (ECF No. 125.) Plaintiffs allege that, during the September 5, 2024, Scheduling Conference with the ALJ, Defendant said for the first time that the ALJ must determine attorneys' fees and costs in the instant case. (ECF No. 125-1 at PageID 6025–26.)[4]

---

[4] There is no transcript of this conference on the Record, and Defendant did not address this allegation in its Response. (ECF No. 126.)

5

In its Response, Defendant acknowledges the Court's exclusive authority to award attorneys' fees. (ECF No. 126 at PageID 6040.) Additionally, in Defendant's petition to stay the ALJ proceedings, Defendant characterized the sentence in question in the Court's March Order as "clearly inconsistent with the IDEA, which provides only the District Court with authority to determine reasonable costs and attorneys' fees." (ECF No. 125-2 at PageID 6035.)

Defendant argues that the meaning of the Court's March Order does not require clarification before the ALJ determines whether he has subject matter determination. (See id.) This position implies that the Court should wait to see if the ALJ makes the correct ruling rather than clarifying the issue now. Defendant also seems to imply that the Court would grant Plaintiffs' Motion to "immediately" grant Plaintiffs' Motion for Attorneys' Fees. (See id.)

This case presents a number of complex procedural and factual issues, evidenced in part by the length of the proceedings to date. Thus, clarification of the Court's March Order seems prudent. Such clarification will hopefully avoid any potential confusion and allow proceedings below to continue in accordance with the Court's March Order. Accordingly, Plaintiffs' Motion for Clarification is **GRANTED**.

The last full sentence on page two of the Court's March Order shall read: The Court **REMANDS** for further proceedings consistent with this order.

This clarification makes it clear that the issue of attorneys' fees is not before the ALJ on remand. After the conclusion of the administrative proceedings, either party may file for a determination of attorneys' fees by the Court.

B. *Attorneys' Fees and Costs*

The "touchstone" of the prevailing party inquiry is "the material alteration of the legal relationship of the parties." Berger, 348 F.3d at 526. This involves not only a favorable determination of the claims, but a final court-ordered change granting the party their requested benefit. See id.; Tompkins, 199 F. App'x at 466.

The Sixth Circuit determined that the remaining "open" question on remand was the Second Period, and relatedly, the issue of compensatory education for all the claims given the open question of the Second Period. (ECF No. 123 at PageID 6017–18.) Plaintiffs' Motion for Attorneys' Fees recognized that the Court's remand included the compensatory award question. (ECF No. 109 at PageID 5628.) The Court also found that "the existing compensatory education award must be reconsidered given the FAPE determination for" the October–May period. (Id. at PageID 5617–18.)

While Plaintiffs have received favorable determinations on some of their claims before the ALJ and the Court, Plaintiffs have yet to receive the final court-ordered change granting their requested benefit—namely, a compensatory education award—for at least the October–May period.[5] Thus, Plaintiffs have not yet achieved prevailing party status on their claims for the October–May period. See Berger, 348 F.3d at 526; Tompkins, 199 F. App'x at 466. Accordingly, Plaintiffs' Motion for Attorneys' Fees and Costs is **DISMISSED WITHOUT PREJUDICE** as unripe.

---

[5] Again, the Court indicated that Defendant would have failed to provide a FAPE if the October 2021 IEP governed the Second Period. (ECF No. 104 at PageID 5614.) Additionally, Plaintiffs might be prevailing parties on the ALJ-ordered change regarding the two claims not appealed. (See ECF No. 17-1 ¶ 4; ECF No. 24-1 ¶ 4.) However, there is a complicated (and as-of-yet unbriefed) question of extricating the billing related to those claims from the current open claims. Thus, the Court declines to hold at this time that Plaintiffs are prevailing parties on the pre-October 2021 claims.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Clarification is **GRANTED** and Plaintiffs' Motion for Attorneys' Fees is **DISMISSED WITHOUT PREJUDICE** as unripe.

The last full sentence on page two of the Court's March Order shall read: The Court **REMANDS** for further proceedings consistent with this order.

**SO ORDERED**, this 5th day of November, 2024.

                                        */s/ Jon P. McCalla*
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE