**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**K.B., by and through his Parent, K.B.,**

***Plaintiffs*,**

**v.**

**No. 2:22-cv-02464-JPM-cgc**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

***Defendant*.**

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendant, Memphis-Shelby County Schools, submits this response to Plaintiffs' Motion for Leave to File Renewed Motion for Attorneys' Fees and Costs (D.E. 128). The Court should deny Plaintiffs' Motion for Leave to File Renewed Motion for Attorneys' Fees and Costs ("Plaintiffs' Motion"). Plaintiffs' Motion is unripe because the litigation has not concluded and therefore it is premature to determine if Plaintiff is the prevailing party. Plaintiffs have filed an appeal for judicial review of the ALJ's January 6, 2025 Order on Remand as revised by the ALJ's February 11, 2025 Final Order on Remand after Petition for Reconsideration and the time for Defendant to appeal the January 6, 2025 Order on Remand as revised by February 11, 2025 Order on Remand has not expired. Further, engaging in motion practice on attorneys' fees at this point in the litigation would further complicate an already procedurally complex case, rather than promote judicial economy.

I. Background

A. *Procedural History before the District Court*

This is an IDEA due process case that originally came before this Court on Plaintiffs' Complaint seeking judicial review of the Tennessee ALJ's May 17, 2022 Final Order following the conclusion of an IDEA due process hearing. D.E. 1. This Court conducted an additional evidence hearing that took place on December 18-19, 2023 and January 8, 2024. *See* D.E. 89, 90, 112. On March 12, 2024, the Court issued a Judgment on the Administrative Record. D.E. 104. It entered a Judgment on April 8 2024. D.E. 106.

The Judgment on the Administrative Record called for a remand to the state ALJ. D.E. 104 at PageID 5615-17. The purpose of the remand was to "reconsider Plaintiffs' claims for the [period of time from March 14, 2022 to May 17, 2022] under the correct legal standard and to reevaluate the compensatory education award." D.E. 127 at PageID 6046 (citing D.E. 104 at PageID 5616-18). The Court filed its Judgment on April 5, 2024. D.E. 106.

On April 11, 2024, Defendant appealed the Court's Judgment April 5, 2024 Judgment. D.E. 107. Plaintiffs filed a Motion for Attorneys' Fees and Costs, D.E. 109. Defendant responded. D.E. 114, 117.

Plaintiffs also filed a motion to dismiss Defendant's appeal on grounds that the Court's Judgment was not final, and therefore not appealable before the Sixth Circuit Court of Appeals. D.E. 123. The Sixth Circuit Court of Appeals granted Plaintiffs' Motion to Dismiss reasoning that "ordinarily an order remanding for further administrative proceedings is not a final order which is immediate appealable" and the practical finality rule did not apply. D.E. 123 at PageID 6018 (quoting Schuck v. Frank, 27 F.3d 194, 196 (6th Cir. 1994)). As a result, the remand to the ALJ proceeded.

In the meantime, before this Court, Plaintiffs filed a Motion for Clarification, D.E. 125, related to whether the issue of attorneys' fees had been remanded to the ALJ. The Court ordered that "the issue of attorneys' fees is not before the ALJ on remand." D.E. 127 at PageID 6049.

Additionally, the Court dismissed Plaintiffs' Motion for Attorneys and Costs without prejudice as unripe. The Court reasoned also that "while Plaintiffs have received favorable determinations on some of their claims before the ALJ and the Court, Plaintiffs have yet to receive the final court-ordered change granting their requested benefit— namely, a compensatory education award—for at least the October-May period." D.E. 127 at PageID 6050. The Court concluded that "Plaintiffs have not yet achieved prevailing party status on their claims for the October-May period" and noted that, as of that time, there was "a complicated (and as-of-yet unbriefed) question of extricating the billing related to [the ALJ-ordered change regarding the two claims not appealed] from the current open claims [pending before the ALJ on remand]. D.E. 127 at PageID 6050, n. 5. For this reason, the Court declined to hold as of September 2024 that Plaintiffs were the prevailing parties on the pre-October 2021 claims. Id.

B. *Procedural History on Remand Proceedings before the ALJ*

The ALJ heard three days of additional proof on the remand proceedings and entered an order on the remand on January 6, 2025. Exhibit 1- January 6, 2025 Remand Order. This non-final Remand Order did not contain a Judgment amount and ordered the Parties to submit competing affidavits on the costs of the revised compensatory education services award. Exhibit 1- January 6, 2025 Remand Order at p. 22.

Defendant filed a motion for reconsideration on January 21, 2025. Exhibit 2- Def. Motion for Reconsideration. The ALJ granted the Defendant's Motion for Reconsideration in part and

denied it in part on February 11, 2025. Exhibit 3- February 11, 2025 Final Remand Order after Petition for Reconsideration.

In the meantime, on March 7, 2025, Plaintiffs filed a second Complaint in this matter, seeking judicial review of the February 11, 2025 Final Remand Order. D.E. 127-1. At the time of filing this Response, Plaintiffs have not served Defendant with their Complaint. D.E. 127-1, Copy of Plaintiffs' Second Complaint for Judicial Review.

II. Legal Standard

United States District Courts have jurisdiction to decide civil actions for any party aggrieved by the findings and decisions made by a state education agency in a due process hearing when, as in this case, there is no right of appeal under subsection (g) of 20 U.S.C. Section 1415. 20 U.S.C. 1415(i)(2)(A); 20 U.S.C. § 1415(g) (describing the two-step appeal process for states where an IDEA due process hearing is conducted by independent hearing officer provided by the local education agency with a right to appellate review by state education agency as compared to states such as Tennessee where the state education agency conducts the initial due process hearing).[1] "Any party aggrieved by the findings and decision made under subsection (f) or (k) [of 20 U.S.C. section 1415] who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decisions made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). An

[1] In Tennessee pursuant to state statute and regulation, the Tennessee Department of Education, the state education agency, utilizes the Tennessee Secretary of State Administrative Procedures Division's administrative law judges to conduct IDEA Due Process Hearings.

administrative decision is not final if an aggrieved party brings a civil action. 20 U.S.C. § 1415(i)(1)(A).

District courts also have exclusive jurisdiction to award attorneys' fees as a part of costs for any action or proceeding brough under section 1415 of the IDEA. "For any action or proceeding brought under this section, the court, in its discretion may award reasonable attorneys' fees as a part of the costs (I) to a prevailing party who is the parent of a child with a disability…" 20 U.S.C. § 1415(i)(3)(A)-(G). The determination as to whether a party is a prevailing party is made by the district court at the conclusion of the proceedings, either in a stand-alone action for attorneys' fees incurred at the administrative level if an aggrieved party does not seek judicial review through a civil action or at the conclusion of the civil action, if an aggrieved party seeks judicial review. *See Eggers v. Bullitt Cnty. Sch. Dist.*, 854 F.2d 892, 894-898 (6th Cir. 1998) (comparing the IDEA to Title VII both of which require administrative proceedings and considering legislative history of the IDEA explaining that "[f]urther, if a parent prevails on the merits at an administrative proceeding (and the agency does not appeal the decision), the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding." Id. (quoting H.R. rep. No. 99-296, 99th Cong. 1st Sess. 5 (1985)).

As this Court recognized in its Order Granting Plaintiffs' Motion for Clarification and Dismissing Without Prejudice Plaintiffs' Motion for Attorneys' Fees, "what makes a party 'prevailing' can be a complicated determination." D.E. 127 at PageID 6047 (citing Lackey v. Stinnie, No. 23-261 (U.S. Sup. Ct. argued Oct. 8, 2024). A party must have succeeded on a significant issue and the success must be embodied on the merits or in a settlement agreement demonstrating necessary judicial imprimatur. D.E. 127 at PageID 6047 (citing Tompkins ex rel. A.T. v. Troy Sch. Dist., 199 F. App'x 463, 466 (6th Cir. Oct. 2, 2006)). Even then, "the term

'prevailing party' also requires that there be 'a *court ordered* change [in] the legal relationship between [the plaintiff] and the defendant.'" D.E. 127 at PageID 6047 (citing Tompkins ex rel. A.T., 199 F. App'x at 466 (quoting Buckhannon Bd. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (other internal quotation marks and citations omitted) (emphasis original)).

III. Law and Argument

Taking into account the complicated procedural history of this case and the relevant legal standards applicable to judicial review cases and attorney fee awards in IDEA cases, Plaintiffs' Motion for Leave to File Renewed Motion for Attorneys Fees is unripe. Determining whether Plaintiffs are the prevailing party at this juncture in the litigation overlooks that not only have Plaintiffs filed a civil action for judicial review of the January 6, 2025 Order on Remand as revised by the February 11, 2025 Final Order after Petition for Reconsideration, D.E. 127-1, but also that the time for Defendant to file a civil action seeking judicial review has not expired. *See* 20 U.S.C. §1415(i)(2)(B) (allowing 90 days to file a civil action from the date of the decision of the hearing officer or a different time "if the State has an explicit time limitation for bringing such action under the subchapter."); Tenn. Code Ann. § 4-5-322 (Tennessee Uniform Administrative Procedures Act provision allowing an aggrieved party 60 days to seek judicial review of a final decision in contested case in state court); *see also*, Exhibit 1 & 3- "Notice of Appeal Procedures." Therefore the question of who is the prevailing party, which is to be determined by this Court, is premature. Granting leave to allow filing a renewed motion for attorneys' fees at this time fails to consider that Defendant's anticipated civil action for judicial review will impact the prevailing party determination.

The time for Defendant to file a civil action for judicial review has not expired. Defendant filed a timely Petition for Reconsideration of the ALJ's January 6, 2025 Order, pursuant to Tennessee Code Annotated 4-5-322 and Tennessee Rule of Civil Procedure 52. Exhibit 2- Def. Petition for Reconsideration. As a result of the Defendant's Petition for Reconsideration, the ALJ revised the January 6, 2025 pursuant to the February 11, 2025 Final Order after Petition for Reconsideration. Exhibit 3.

The time to seek a civil action reviewing the remand did not run from the ALJ's January 6, 2025 Order on Remand. First, that Order could not have been a final order because it did not resolve all of the issues that Plaintiffs raised in their post-remand hearing briefing, namely the amount Defendant was to fund for the costs for ABA services. The January 6, 2025 Order on Remand required the Parties submit proof about the costs of ABA services by affidavit. Exhibit 1- Jan. 6, 2025 Order on Remand at p. 22.

Under Tennessee law, "a final judgment resolves all the issues and leaves nothing else for the trial court to do." In re Estate of Henderson, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting State ex rel. McAllister v. Goode, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997) (stating "[a]n order that adjudicates fewer than all of the claims, rights, or liabilities of all of the parties is not final [.]"). The same is true under federal common law. An order is final "when it 'ends the litigation on merits and leaves nothing for the court to do but to execute the judgment." Inge v. Rock Fin. Corp., 281 F.3d 613, 617 (6th Cir. 2002) (quoting Catlin v. United States, 334 U.S. 229, 233 (1945)). The January 6, 2025 Order on Remand could not have been a final order because it left unanswered the amount to fund the costs of ABA services.

Second, under the Tennessee Uniform Administrative Procedures Act, a petition for reconsideration seeking amendment of an ALJ's final order resets the time to file an appeal.

Tenn. Code Ann. §4-5-317; 4-5-322. Applying the Tennessee Rules of Civil Procedure as guidance, pursuant to Tennessee Regulation 1360-04-01-01(3), post-trial motions such as Rule 52 or Rule 59 motions to amend a judgment also reset the time to seek an appeal. Tenn. R. App. Pro. 4(b) (tolling the time to seek an appeal as of right when certain post-trial motions are filed, such as a Rule 52.02 motion to amend or make additional findings of fact or a Rule 59.04 motion to amend the Judgment). Post-trial motions also reset the time to seek an appeal of right under Federal Rules of Civil Procedure and Appellate Procedure. Fed. R. App. P. 4(a)(4)(A) (extending the time to file an appeal as of right from the entry of an order on a motion for to amend or make additional factual findings under Federal Rule of Civil Procedure 52(b), whether or not granting the motion would alter the judgment and for a motion to alter or amend a judgment under Rule 59, among other motions).

Third, Plaintiffs appear to have filed a civil action seeking appeal of the ALJ's February 11, 2025 Order on Remand after Petition for Reconsideration. Accordingly, it is logical to conclude that they are seeking review of at least some of the ALJ's findings. Concluding that Plaintiffs are the prevailing party now- while they are actively seeking relief from the remand order is premature. It will unnecessarily complicate the procedure of this case, which the Court has already recognized as procedurally complex, and it is not prudent use of the parties or the Court's resources to decide attorneys' fees at this stage of the litigation.

## CONCLUSION

For the reasons stated herein, the Court should deny Plaintiffs' Motion for Leave to File Renewed Motion for Attorneys' Fees and Costs.

Dated: March 21, 2025

Respectfully Submitted,

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901-416-6372 (direct phone)
901-416-6370 (main phone)
901-416-6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157
601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the forgoing was served upon counsel of record for Plaintiffs via the Court's electronic filing system on this 21 st day of March 2025.

s/ Laura Bailey______________________
LAURA ANN E. BAILEY