**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION**
**DIVISION OF SPECIAL EDUCATION**

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**K.B., THE STUDENT, and**<br>**K.B., THE STUDENT'S PARENT,**<br>***Petitioners*,**<br><br>**v.**<br><br>**SHELBY COUNTY SCHOOLS,**<br>***Respondent*.** | **APD Case No. 07.03-214603J** |

**PETITION FOR RECONSIDERATION OF JANUARY 6, 2025 FINAL ORDER**

COMES NOW, Respondent Memphis-Shelby County Schools ("School District" or "MSCS"), and files this its Motion to Reconsider the January 6, 2025 Final Order. On January 6, 2025, this Court issued a Final Order pursuant to the District Court's March 12, 2024 Final Order which required the remand of this case. Pursuant to Tennessee Code Annotated Section 4-5-317 and 4-5-322, the School District petitions this Court to reconsider its January 6, 2025 Final Order. The School District reserves the right to seek judicial review of the issues identified herein and/or any other issues appropriate for judicial review and/or appeal. *See* Tenn. Code Ann. § 4-5-322.

The Court should grant the School District's Petition to Alter or Amend the January 6, 2025 Final Order. The Court should revise the remedy of allowing Petitioners a fourth opportunity to submit evidence in support of their claim for compensatory education, namely post-hearing affidavits on the prevailing billing rate. The Court should also revise the order to fund an account for the costs of these services, through a trust, or for MSCS to guarantee the payment on services actually used. The Court's order as to these issues is both an error of and an injustice, warranting revision.

I. Applicable Standard:

The Uniform Administrative Procedures Act does not set forth a standard for the revision of the Tennessee Code Annotated section 4-5-317, except to specify that a petition for reconsideration is not required to preserve a party's rights for judicial review. *See also*, Tenn. Code Ann. § 4-5-322. The Uniform Administrative Procedures Act does allow the application of the Tennessee Rules of Civil Procedure as guidance when neither the Uniform Administrative Procedures Act nor the regulations or rules of this Court specifically address an issue before the Administrative Procedures Division. Tenn. Comp. R & Reg. 1360-04-01-.01(3).

Tennessee Rule of Civil Procedure 59 as guidance, the applicable standard from Rule 59 permits the Court to reconsider a final order. Tenn. R. Civ. P. 59.01. The purpose of a motion to alter or amend is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *Van Grown v. Malone,* 358 S.W. 3d. 232, 236 (Tenn. Ct. App. 2010) (citing *In Re MLD*, 182 S.W. 3d 890, 895 (Tenn. Ct. App. 2005). It should be granted if the controlling law changes prior to entry of a final judgment; if evidence that was previously unavailable becomes available; or to correct a clear error of law or to prevent injustice. *Id.*

II. The Court Should Alter or Amend the January 6, 2025 Final Order to Correct a Clear Error of Law and Prevent Injustice.

A. The Court Should Decline Petitioners a Fourth Opportunity to Present Proof.

The Court should amend its order to fund the 3, 105 hours of ABA. Petitioners failed, after three opportunities to present proof on the issue of compensatory education, to present proof on the prevailing billing rate for Applied Behavior Analysis (ABA) provided by a Registered Behavior

Technician (RBT) supervised by a Board Certified Behavioral Analysis. It is against the interest of justice to allow Petitioners now a fourth opportunity to present yet more evidence that they have failed to present by affidavit. First, it is an injustice to allow Petitioners to change the compensatory education award that they have been seeking since March 2022, for which had multiple opportunities to present evidence to support the award. Now, after their third attempt to present sufficient evidence on compensatory education, the Court has allowed a *fourth* opportunity for Petitioners to present their claim for compensatory education. The costs of the services was an essential element of Petitioners' claim for compensatory education. One they anticipated as early October 2021, based on Petitioners' Counsel's text messages to Dr. Irby. Yet, Petitioners have continually failed to come forward with proof necessary to support the amount of their claim for compensatory education.

Although the IDEA allows for the introduction of additional evidence, at the judicial review stage, it does not allow the for the introduction of evidence for an indefinite period. Evidence of the cost of ABA services is evidence that Petitioners have contemplated and had access to since at least October 2021, when they filed their complaint. In a text message admitted into evidence during the original due process hearing, Dr. Irby inquired with Petitioners' Counsel about having the School District pay for outside ABA services before the lawsuit was filed.

Moreover, Petitioners are being afforded the opportunity to present their claim for damages via affidavit, which effectively denies Respondent the opportunity to cross-examine Petitioners on this issue. Furthermore, the Court has ordered that the parties submit competing affidavits at the same time, without allowing the Respondent the opportunity to hear what proof Petitioners say should be the prevailing billing rate and file opposing affidavits.

B. Alternatively, the Court Should Clarify the Order as Written Related to Funding ABA Services.

The Court's Order provides that:

> 2. The Petitioners have shown that K.B. should receive 3, 105 hours of compensatory ABA therapy services provided by an RBT supervised by a BCBA. The services shall be made available through a fund provided by MSCS, allowing parent K.B. to select from whom, how, what and when compensatory services are provided.

Beyond the missing proof in support of the prevailing billing rate for ABA services, of which Petitioners should have had access to since as early as October 2021, this portion of the Order lacks specificity. It is unclear whether the funds, whatever that amount is, should be paid into Court or paid into a trust. The IDEA does not allow for an award of compensatory damages or punitive damages. Yet, as written, the Court has ordered for the School District to pay hundreds of thousands of dollars without any details for controls to ensure that the funds are used in accordance with the limits for damages under the IDEA. At minimum, the Court should revise the January 6, 2025 Final Order to specify that the funds are to be used for K.B.'s compensatory education services, supervised by a third party to ensure that the funds are used appropriately, and/or billed to the District as a guarantor for payment. If the Court requires that the money be paid into a trust, supervised by a third party, the Court should permit a reversion of funds to the School District, at the end of the five year period contemplated by the 3, 105 compensatory education. Without providing for these controls, the Court has effectively awarded Petitioners money damages that they could not otherwise obtain under the IDEA.

Dated: January 21, 2025

Respectfully Submitted,

s/ Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901.416.6372 (direct phone)
901.416.6370 (main phone)
901.416.6374 (fax)

baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157
601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersign certifies that a copy of the forgoing was served upon Counsel of Record for Plaintiffs via email to janet@janetgoodelaw.com and mfb@braun-law.com on this the 21st day January, 2025.

s/ Laura Ann E. Bailey
Laura Ann E. Bailey
*Attorney for Memphis-Shelby County Schools*