**State of Tennessee**
**Department of State**
Administrative Procedures Division
312 Rosa L. Parks Avenue
6th Floor, William R. Snodgrass Tower
Nashville, Tennessee 37243-1102
Phone: (615) 741-7008/Fax: (615) 741-4472

**February 10, 2025**

Janet Goode, Esq.
Goode Law
917 South Cooper Street
Memphis, TN 38104
Sent via email only to: janet@janetgoodelaw.com

Michael F. Braun, Esq.
Law Office of Michael Braun
5016 Centennial Blvd., Ste. 200
Nashville, TN 37209
Sent via email only to: mfb@braun-law.com

Taylor Jenkins, Esq.
Andrew Johnson Tower, 9th Floor
710 James Robertson Parkway
Nashville, TN 37243
Sent via email only to: Address on File

KaShonda Day, Esq.
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Sent via email only to:
kashonda.day@arlaw.com

Laura Bailey, Esq.
Shelby County Schools
160 S. Hollywood, #218
Memphis, TN 38112
Sent via email only to:
baileyla@scsk12.org

**RE: K.B., THE STUDENT AND K.B., THE PARENT V. MEMPHIS-SHELBY COUNTY SCHOOLS, APD Case No. 07.03-214603J**

Enclosed is a *Final Order*, including a *Notice of Appeal Procedures,* rendered in this case.

Administrative Procedures Division
Tennessee Department of State

Enclosure(s)

**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION DIVISION OF SPECIAL EDUCATION**

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**K.B., THE STUDENT, and**<br>**K.B., THE STUDENT'S PARENT,**<br>***Petitioners,***<br><br>***v.***<br><br>**MEMPHIS-SHELBY COUNTY SCHOOLS,**<br>***Respondent.*** | **APD Case No. 07.03-214603J** |

**FINAL ORDER after PFR**

The Final Order on Remand ("Final Order") was issued on January 6, 2025. A January 27, 2025 Order determined the rates for the work of Registered Behavior Technicians (RBTs) and Board Certified Behavior Analysts (BCBAs) and set the final dollar amount of the compensatory education award. The Respondent filed petitions for both reconsideration[1] and a stay[2] of the effectiveness of the Final Order. The Petitioners have filed responses. The petition for reconsideration is **GRANTED, in part,** and the petition for a stay of the effectiveness of the Final Order is **DENIED**.

Both petitions argue first that the Respondent cannot fund the compensatory education award because the Petitioners submitted no proof on the record regarding the prevailing rates for Applied Behavior Analysis (ABA) therapy services. And second, that more detail should be provided about how Respondent will fund the award of compensatory education services.

On the first point, the Respondent argues, without citation, that using competing affidavits to establish billing rates was a clear error of law or an injustice. The tribunal finds the

[1] Petitions for reconsideration, at TENN. CODE ANN. § 4-5-317 of the Uniform Administrative Procedures Act (UAPA), are the administrative counterpart to motions to alter or amend under TENN. R. CIV. P. 59.

[2] Petitions for a stay of the effectiveness of the final order are provided for by TENN. CODE ANN. § 4-5-317.

more salient point to be that there was little difference in the dollar amounts provided by both parties' affidavits. Thus, there was no genuine dispute about the billing rates, and neither the Final Order nor the January 27, 2025 Order will be reconsidered on those grounds.

On the second point, without citation, the Respondent asserts that the compensatory education award is an error of law and an injustice because it is not specific enough. Respondent argues that, at a minimum, the Final Order should be reconsidered to "specify that the funds are to be used for K.B.'s compensatory education services, supervised by a third party to ensure that the funds are used appropriately, and/or billed to the district as a guarantor for payment."

In response, purporting to rely on 20 U.S.C. § 1415(i), but without citation to caselaw, Petitioners first assert that the UAPA does not apply to due process cases brought under the Individuals with Disabilities Education Act (IDEA). Therefore, according to Petitioners, neither a petition for reconsideration nor a stay of the effectiveness of the final order are available because "the relief available to a party who disagrees with the state hearing officer's decision is to file an action *in federal court*." But this argument ignores the language at § 1415(i)(2)(A) that clearly states an appeal (a civil action) can also be "brought in any State court of competent jurisdiction." The tribunal finds it doubtful that state courts would, in such an instance, determine that state procedural rules do not apply.[3] Similarly, this tribunal declines the invitation to render inapplicable the statutory scheme under which it is given the authority[4] by the Tennessee General

[3] Notably, the Petitioners have invoked the Tennessee Rules of Procedure in this administrative case having filed at least two discovery-related motions under those rules on February 15 and May 16, 2022.

[4] TENN. CODE ANN. § 49-10-606(a) provides administrative judges employed by the Tennessee Secretary of State the jurisdictional authority to hear due process cases brought under the IDEA. TENN. CODE ANN. § 4-5-301 provides for administrative judges to conduct contested cases under the UAPA.

Assembly to adjudicate cases (the UAPA) and its implementing regulations, which provide for, among other things,[5] mechanisms to ensure the orderly administration of administrative hearings.

Turning to the substantive merits, while arguing that the petitions should be denied, the Petitioners then contend that the monies for the compensatory education award should be paid directly to them. Alternatively, Petitioners cite several out-of-circuit cases where courts have used "special needs trusts."

No Sixth Circuit cases have been cited to support the award of a "special needs trust[6]," and a simpler solution suffices here. As to the Respondent's request for more specificity regarding the use of the funds, the Final Order provides that the compensatory education award will be used for "[applied behavior analysis] (ABA) therapy services provided by an RBT supervised by a BCBA." The January 27, 2025 Order identified that services can be provided by either an RBT or a BCBA. Nothing more is needed on this point. The Respondent's notion regarding third-party supervision to ensure the funds are used appropriately misses that the Final Order allows the parent to "select from whom, how, what, and when compensatory services are provided." Thus, the Respondent has not articulated a sufficient reason for a revision. The last idea is that the cost of services could be billed to the district as a guarantor for payment. Or, as worded differently in the Respondent's petition for stay, the Respondent can pay the providers of the Petitioners' choosing for services rendered upon receipt of an invoice. This makes sense, and

---

[5] For example, the UAPA, at TENN. CODE ANN. §§ 4-5-301 through -326, also controls in the areas of disqualification of administrative judges (§§ 302-303), *ex parte* communications (§ 304), subpoenas (§ 311), and the structure of final orders (§ 314). The implementing regulations at TENN. COMP. R. & REGS. 1360-04-01 include a litany of items helpful to both litigants and administrative judges alike, such as how to make filings (1360-04-01-.03), and how records are compiled for appeals (1360-04-01-.17).

[6] Due to the difficulties of effectively and timely addressing matters related thereto, the district court in *Somberg* used a special master to oversee the compensatory education fund it awarded. *Somberg v. Utica Community Schools*, 2017 WL 242840, at *4 (E.D. Mich. January 20, 2017), *aff'd* 908 F.3d 162 (6th Cir. 2018). However, that assistance is only specifically available to the courts, who also have authority over any issues regarding the enforcement of the Final Order, s*ee, e.g., W.A. v. Clarksville/Montgomery County School System*, 2024 WL 270436 (M.D. Tenn. May 24, 2024), likely because only the courts have the power to compel compliance through the possibility of contempt.

the relief granted in the Final Order and the January 27, 2025 Order, regarding the compensatory education award, is revised as follows:

The Respondent shall fund 3,105 hours of ABA therapy services provided by an RBT supervised by a BCBA, or by the BCBA directly.

- The amount of the fund is calculated as follows:
  - RBT (3,105 x 80%) x $83.75 = $208,035.00
  - BCBA (3,105 x 20%) x $121.25 = $75,296.25

  TOTAL = $283,331.25

- Parent K.B. will select from whom, how, what, and when these compensatory services are provided.
- Parent K.B. shall provide invoices to the Respondent for the payment of services rendered, which the Respondent shall pay.

The Respondent's petition for a stay does not offer any additional grounds or support for relief beyond the issues addressed herein, and it is **DENIED**.

It is so **ORDERED**.

This FINAL ORDER entered and effective this the **10th day of February 2025**.

**PHILLIP R. HILLIARD**
**CHIEF ADMINISTRATIVE JUDGE**
**ADMINISTRATIVE PROCEDURES DIVISION**
**OFFICE OF THE SECRETARY OF STATE**

Filed in the Administrative Procedures Division, Office of the Secretary of State, this the **10th day of February 2025**.

**IN THE MATTER OF:** **APD CASE No. 07.03-214603J**
**K.B., THE STUDENT AND K.B., THE PARENT V.**
**MEMPHIS-SHELBY COUNTY SCHOOLS**

## NOTICE OF APPEAL PROCEDURES

### REVIEW OF FINAL ORDER

The Administrative Judge's decision in your case in front of the **Tennessee Department of Education**, called a Final Order, was entered on **February 10, 2025**. If you disagree with this decision, you may take the following actions:

1. **File a Petition for Reconsideration:** You may ask the Administrative Judge to reconsider the decision by filing a Petition for Reconsideration with the Administrative Procedures Division (APD). A Petition for Reconsideration should include your name and the above APD case number and should state the specific reasons why you think the decision is incorrect. APD must **receive** your written Petition no later than 15 days after entry of the Final Order, which is no later than **February 25, 2025.**

   The Administrative Judge has 20 days from receipt of your Petition to grant, deny, or take no action on your Petition for Reconsideration. If the Petition is granted, you will be notified about further proceedings, and the timeline for appealing (as discussed in paragraph (2), below) will be adjusted. If no action is taken within 20 days, the Petition is deemed denied. As discussed below, if the Petition is denied, you may file an appeal no later than **April 11, 2025**. *See* TENN. CODE ANN. §§ 4-5-317 and 4-5-322.

2. **File an Appeal:** You may file an appeal the decision in federal or state court within 60 days of the date of entry of the Final Order, which is no later than **April 11, 2025**, by:

   (a) filing a Petition for Review "in the Chancery Court nearest to the place of residence of the person contesting the agency action or alternatively, at the person's discretion, in the chancery court nearest to the place where the cause of action arose, or in the Chancery Court of Davidson County," TENN. CODE ANN. § 4-5-322; or
   (b) bringing a civil action in the United States District Court for the district in which the school system is located, 20 U.S.C. § 1415.

   The filing of a Petition for Reconsideration is not required before appealing. *See* TENN. CODE ANN. § 4-5-317.

### STAY

In addition to the above actions, you may file a Petition asking the Administrative Judge for a stay that will delay the effectiveness of the Final Order. A Petition for Stay must be **received** by APD within 7 days of the date of entry of the Final Order, which is no later than **February 18, 2025**. *See* TENN. CODE ANN. § 4-5-316. A reviewing court also may order a stay of the Final Order upon appropriate terms. *See* TENN. CODE ANN. §§ 4-5-322 and 4-5-317.

## NOTICE OF APPEAL PROCEDURES

### FILING

Documents should be filed with the Administrative Procedures Division by email *or* fax:

Email: APD.filings@tnsos.gov

Fax: 615-741-4472

In the event you do not have access to email or fax, you may mail or deliver documents to:

Secretary of State
Administrative Procedures Division
William R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, TN 37243-1102