**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

---

**K.B., by and through his Parent, K.B.,**

Plaintiffs.

**v.** No.: 2-22-cv-02464-JPM-cgc

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

Defendant.

---

**JOINT DECLARATION OF CRAIG A. EDGINGTON AND BRICE M. TIMMONS**

---

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Craig A. Edgington, after being duly sworn, on oath state as follows:

1. I am an attorney licensed to practice law in the state of Tennessee and practice law at the law firm of Watson Burns, PLLC, located at 5865 Ridgeway Center Parkway, Memphis, TN 38120

2. I have been licensed to practice law since 2020, am an active member of the Tennessee Bar Association and the Federal Bar Association, and am in good standing with the Tennessee Bar. Furthermore, I am admitted to all courts of the State of Tennessee and the following federal courts: the Western, Middle and Eastern Districts of Tennessee, the Western and Eastern Districts of Arkansas, the District of Colorado, the Southern District of Illinois, the Sixth Circuit, the Eighth Circuit, the Tenth Circuit, the Eleventh Circuit, and the Supreme Court of the United States.

3. Mr. Timmons has been licensed to practice law since 2010, is an active member of the American Bar Association, the Memphis Bar Association, the Tennessee Bar Association and the Federal Bar Association, and is in good standing with the Tennessee Bar. Furthermore, he is admitted to all courts of the State of Tennessee, and the following federal courts: the Western, Middle and Eastern Districts of Tennessee, the Western and Eastern Districts of Arkansas, the District of Colorado, the Southern District of Illinois, the Sixth Circuit, the Eighth Circuit, the Tenth Circuit, the Eleventh Circuit, and the Supreme Court of the United States.

4. A substantial portion of our practice is devoted to the areas of civil rights litigation. Over 90% of our practice is devoted to federal civil rights litigation arising under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1983, Title IX of the Civil Rights Act, and occasionally under other federal civil rights statutes. The vast majority of our cases arise within the criminal justice or educational context. For the entirety of our careers, we have been active counsel in at least one civil rights class action. At present we are all co-counsel in the Wyoming District Court regarding a Trafficking Victims Protection Reauthorization Act forced labor and trafficking class action.

5. In 2021 Mr. Timmons was awarded $420 per hour and I was awarded $275 per hour in a 42 U.S.C. § 1983 federal class action settlement under a Lodestar calculation with no multiplier applied in *Turnage v. Oldham*, 2021 U.S. Dist. LEXIS 239877 (W.D. Tenn. Dec 9, 2021) (Mays, J.)

6. In September 2022, Mr. Timmons was awarded $400 per hour and I was awarded $260 per hour in an ADA class action case under a Lodestar calculation with no multiplier applied in *G.S. et al, v. Governor Gill Bill Lee,* 2:21-cv-02552-SHL-atc (W.D. Tenn. 2022) where both our fees and time were contested. In that matter, Judge Sheryl Lipman only reduced my billed time

by .1 hour. (ECF No. 140, PageID # 1859, n. 8). This award was for work conducted in mid to late 2021.

7. In November 2023, Mr. Timmons was awarded $400 per hour and I was awarded $250 per hour in *Autumn Sanders v. Shelby County Schools*, 2:19-cv-2056-JTF-cgc (W.D. Tenn. 2019), a case of similar risk and novelty involving a disabled student who was injured following the denial of her read-aloud-accommodation under the ADA and Section 504 of the Rehabilitation Act. This award was for work that was performed prior to September 2019.

8. In February 2024, following a successful false arrest § 1983 jury trial, Mr. Timmons was awarded $440 per hour and I was awarded $290 per hour in *Kesha Gray v. Shelby County, et al.*, 2:20-cv-02947 (W.D. Tenn. 2020) (ECF No. 195) for work conducted between 2020 and 2024. In that matter the defendants' attorneys, who also represented Shelby County, challenged specific amounts of time but not the reasonableness of our hourly rates.

9. In forming my opinions as set forth herein, I have reviewed the 2013 National Law Journal Billing Survey, which notes that, as of that year (over a decade ago), the average hourly rate for partners in firms in Tennessee as follows: 1) Memphis - $400; 2) Nashville - $460.00 and 3) Chattanooga - $385.00.

10. In providing my opinion I have spoken at length with Janet Goode about this case, both while pending and after the request for an opinion on fees. I have reviewed the operative Complaint filed in this action.

11. I have also reviewed the PACER docket sheet and note that there were one-hundred and thirty (130) docket entries made in this case from July 18, 2022 – April 10, 2025, at the District Court level, and an additional twenty-one (21) docket entries made in the related Sixth Circuit case. It appears that significant work was required to be completed throughout a nearly four-year

period of litigation. This included preparing evidence and procuring and preparing fact and expert witnesses for the supplemental evidentiary hearing in federal court and subsequent remand hearing before the state hearing officer. This case also required extensive briefing on a number of complex issues of law and defense of an improper appeal by the Defendant to the Sixth Circuit.

12. I have also reviewed the summary of the entries in the Tennessee Administrative Procedures Division technical record for the administrative process that was exhausted prior to the appeal to federal court. This included preparing evidence and procuring and preparing fact and expert witnesses for depositions and a due process hearing. This case also required extensive briefing on a number of complex issues of law.

13. Ms. Goode and Mr. Braun are two of only a handful of attorneys in Tennessee with significant experience representing individuals in this context. I have had the pleasure of working with Ms. Goode on other matters. Based on my review of the above referenced documents and discussions with Ms. Goode, it is clear that she has extensive experience in these types of cases and thoroughly prepared this case with the skill and diligence required to properly protect her client's rights. Federal cases based on the protection of persons' rights under federal law and the Constitution are extremely complicated both legally and factually.

14. I also understand the undesirability of civil rights and education cases as they are both expensive and time consuming. In a case such as this, I commend Ms. Goode and Mr. Braun for taking such a demanding case without any real expectation of payment other than a potential award of attorney fees if they were successful, as I do not believe that many firms or solo practitioners would undertake such a novel and important case for the protection of the rights of citizens of the State of Tennessee. Without attorneys like Ms. Goode and Mr. Braun, who are

willing to risk their time, funds, and efforts to vindicating their clients' rights, the landscape of education laws might be different indeed.

15. Further, Ms. Goode and Mr. Braun should be commended for their representation of their Plaintiffs in this case. Because of the hard work and perseverance of their team, the legal rights of citizens of the State of Tennessee have been clarified and protected.

16. Based on my background and experience, I am familiar with the market rates for attorneys handling civil rights and education cases in the State of Tennessee and this District. Based on my experience and background, I believe the current market rate for attorneys handling such a civil rights and education cases with the expertise and experience of Ms. Goode and Mr. Braun is $500 per hour.

17. Ms. Goode graduated from Stanford law in 2002 and has been licensed to practice since 2003. She clerked in the Southern District of Texas, Laredo Division, for the Hon. Keith P. Ellison to begin her legal career. Additionally, she has been practicing law for seven (7) more years than Mr. Timmons.

18. Mr. Braun has been practicing since 1995 and has extensive special education litigation experience at every level and stage. Mr. Braun was lead counsel on a successful special education case that has precedential value in the area of exhaustion. *Sophie G. v. Wilson County Schools*, 742 F. App'x 73, 8o (6th Cir. 2018).

19. In the *Turnage et al.* matter I had the pleasure of working with Mr. Michael McLaren, Mr. Frank Watson, and Mr. Bill Burns. There the court awarded $500 per hour for Mr. McLaren and Mr. Watson, and Mr. Burns was awarded $495 per hour. In my opinion, Ms. Goodes' and Mr. Brauns' years of professional practice place their hourly rate above Mr. Timmons's rate and closer to that of Messrs. McLaren, Watson, and Burns.

20. I believe Ms. Goode's and Mr. Braun's hourly rate of $450 is reasonable and customary or more likely below market rates within the community for an attorney of their skill, experience, and expertise.

21. I have also reviewed Ms. Goode's billing records in this case. The billing records identify the date, attorney performing actions and hours. Based on the billing records, Ms. Goode devoted over 1000 hours to successful prosecution of this case. For the work performed in this lengthy litigation, I find her request for fees in the amount of $496,440.00 to be eminently reasonable given the complexity of issues, work performed and success.

22. I have also reviewed Mr. Braun's billing records in this case. The billing records identify the date, attorney performing actions and hours. Based on the billing records, Mr. Braun devoted over 260 hours to successful prosecution of this case. For the work performed in this lengthy litigation, I find his request for fees in the amount of $118,865.00 to be eminently reasonable given the complexity of issues, work performed and success.

23. It appears that all of Ms. Goode and Mr. Braun's time was actually expended in furtherance of this litigation and was all necessary for the preparation of this case. Substantial time was devoted to this matter due to the length of this litigation.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of April 2025 at Memphis, Tennessee.

Craig A. Edgington

______________________________

Craig A. Edgington