# DECLARATION OF JUSTIN S. GILBERT

1. I am Justin S. Gilbert and I have personal knowledge of the following. I make this declaration in support of attorneys Janet Goode and Michael Braun.

2. I received my law degrees from Southern Methodist University in 1993, J.D., and a Masters in Law, LL.M., from the University of Edinburgh, Scotland, in 1994. I am licensed in Tennessee and practice in all of the federal district courts in Tennessee. Currently, my law office is in Chattanooga where I live. However, I lived in Jackson for sixteen years previously, frequenting the Western District in both Memphis and Jackson. I accept cases in all of the Tennessee districts today. So I feel that I have a good handle on attorney fee rates across the federal courts.

3. I have substantial experience with the Individuals with Disabilities Education Act (IDEA), handling these cases at all levels: administrative due process, District Court, and the Court of Appeals. Many of my cases in this area are published opinions, a few of the more notable involve the meaning of an "appropriate" education and the inclusion of children with intellectual disabilities and autism: *William A. v. Clarksville-Montgomery Cnty. Sch. Sys.*, 127 F.4th 656 (6th Cir. 2025); *L.H. v. Hamilton Cty. Dep't of Educ.*, 900 F.3d 779 (6th Cir. 2018); and *Knox Cty v. M.Q*, 62 F.4th 978 (6th Cir. 2023). I have been a recurring guest lecturer at the University of Tennessee School of Law for students studying education law. I also teach practitioners about the IDEA, most recently in Atlanta (March 2024), about succeeding in IDEA cases at due process, district court, and the court of appeals. I know of no lawyers in Tennessee with more experience representing families in matters of special education.[1]

---

[1] I cannot recall having a bench trial with Judge McCalla, but I have tried a jury trial in Judge McCalla's court.

4. I work with special education lawyers in several states, including a formal mentoring relationship to the lawyers at Disability Rights Michigan (DRM). Annually, I attend conferences of special education lawyers in all states. Therefore, I know for a fact that Tennessee has a very limited supply of lawyers routinely accepting cases under the IDEA. To be sure, these cases require knowledge of a unique practice area that combines state administrative procedures with federal substantive law, known as a hybrid relationship.

5. As a lawyer of 30 years, and focusing on the narrow but complex area of special education, my last prevailing party fees sought were in the *William A.* case. I requested $575 per hour and the parties settled that motion. (Docket Entry No. 41 at *No. 3:23-cv-0912* (Trauger, J)). I do think it's noteworthy because 93% of the requested fees were paid at that rate, with a compromise on 7% of entries simply to avoid a protracted dispute. My last *judicially approved* fee rate is from 2023, at $500 per hour by Judge Greer in the Eastern District of Tennessee: *S.B. v. Lee*, 2023 U.S. Dist. LEXIS 168431 (E.D. 2023). That follows previous approvals of $450 per hour in *M.Q.*, and before that, $400 in 2019, in *L.H. v. Hamilton Cnty Dep't of Educ.*, 356 F.Supp.3d 713 (E.D. Tenn. 2019).

6. I personally know both Janet Goode and Michael Braun. I've known them for at least a decade, I consult with them about cases (including the present case), and, in the case of Mr. Braun, I have had the occasion to try a special education with him. Therefore, I know their skill and commitment to students with special needs in the legal system to be particularly high.

7. I have acquainted myself with this *KB v. Memphis-Shelby County* case by reviewing the decisions on Lexis and reviewing the docket along with selected filings. During the case itself, both before the final decision and after, I spoke to Ms. Goode and Mr. Braun about the case. This

involved strategic discussions. And I renewed the discussions about the case to include events since my previous declaration. I have also reviewed the updated time entries of Ms. Goode and Mr. Braun. It is disappointing to see the prioritization of resources expended on fighting this family.

8. Few lawyers in Tennessee have both the resources and experience to handle a special education case through federal court from start to finish. This is for many reasons but chief among them: most Tennessee parents cannot afford the substantial costs of legal fees, relying instead on lawyers to accept representation solely through fee-shifting statutes. That is overwhelmingly evident in this case.

9. I understand this case was taken entirely on the contingent risk of prevailing, and utilizing the prevailing party fee-shifting statute to recover attorneys' fees incurred in this matter. In my opinion, a particularly important consideration in setting the lodestar rate *is* the contingent risk factor. A loss, of course, results in no fee recovery because, as here, the parents have no means to pay for the services. This is an extremely high risk because, under the IDEA, there is no contingent-fee upside of sharing in a portion of a damages recovery. Few attorneys can regularly shoulder six figures of time by banking entirely on the fee-shifting statutes, as Ms. Goode and Mr. Braun have done here. Nor does the IDEA afford a "multiplier," or enhancement, for especially good outcomes. Thus, setting the hourly rate for accepting a contingent risk is exceedingly important in these IDEA cases, moreso than other cases often seen in federal court such as Title VII, 1983, etc. (cases that can be taken by using a fee that is contingent upon recovery of a *percentage of monetary damages*, not solely the hourly fee-shift).[2]

---

[2] District Judge Travis McDonough of the Eastern District once told lawyers in his court that he used to say, when he was a lawyer, that "I can't afford myself," and I laughed, but it also hurt

10. Having reviewed the timesheets, the docket, consulted with Plaintiffs' counsel, read the District Court decision, and with a deep understanding of the issues (both in the courts and practically and financially with parents), in my opinion, the hours requested by attorneys Goode and Braun are reasonable and necessary, and I endorse their requested hourly rates too, given their experience in matters of special education, as being reasonable and in line with those of this Western District.

11. Regrettably, special education cases often become contentious. *L.H.*, 900 F.3d at 789. But attorneys Goode and Braun overcame the fierce fight of the well-resourced school district, maintained the client relationship, overcame the steep financial difficulties, and earned a strong result for their student. Accordingly, I endorse their request for fees and the costs expended for the result achieved.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. §1746 THAT THE FOREGOING IS TRUE AND CORRECT.

Justin S. Gilbert

Date: April 17, 2025

---

because it's so true; the cost of legal fees long ago outpaced the ability of most parents to access the federal legal system, particularly including matters of special education.