**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**K.B., by and through his Parent, K.B.,**

***Plaintiffs*,**

**v.**

**No. 2:22-cv-02464-JPM-cgc**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

***Defendant*.**

---

**DEFENDANT'S MOTION TO REOPEN CASE, SUPPLEMENT ADMINISTRATIVE RECORD WITH THE REMAND RECORD, AND PERMIT SUPPLEMENTAL MOTIONS FOR JUDGMENT ON THE RECORD AND MEMORANDUM IN SUPPORT**

---

Comes Now Defendant Memphis-Shelby County Schools and files this Motion to Reopen Case, Supplement Administrative Record with Record on Remand, and Permit Supplemental Motions for Judgment on the Record ("Motion"). The Court should grant Defendant's Motion to reopen this case because the Sixth Circuit Court of Appeals determined that the Court's Judgment on the Administrative Record, D.E. 104, and Judgment, 106, were non-final orders that did not resolve all issues before the court. D.E. 123, PageID 6017 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945))). The Court should allow the Parties to supplement the existing Administrative Record, D.E. 14-1—14-17, with the record on remand and permit the Parties to file supplemental motions for Judgment on the Record. *See e.g.*, *C.W., by and through B.W. v. Denver City Sch. Dist. No. 1,* 994 F.3d 1215, 1223 (10th Cir. 2021). Taking these steps will ensure that a final order is entered in this case, including any judicial review of the outcome of the interlocutory remand order. Otherwise, this Court's

orders on the case become unreviewable due to the absence of a final order in this case. In further support of this motion, the School District states as follows:

## I. PROCEDURAL HISTORY

This case was originally brought as a judicial review of an Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq., due process case. The Court remanded the case to the Administrative Law Judge in the Court's Judgment on the Administrative Record. D.E. 104. The Court then entered a Judgment, D.E. 106, and the case was closed.

The School District filed a notice of appeal. D.E. 123. Plaintiffs filed a motion to dismiss the appeal, arguing that this Court's Judgment on the Administrative Record and subsequent Judgment were non-final because they did not resolve all of the issues before the Court. D.E. 123. The Court of Appeals granted Plaintiffs' motion and dismissed the appeal without prejudice on grounds that the remand was non-final and did not resolve all of the issues in the case. D.E. 123.

Accordingly, the remand proceeded, and the parties presented proof in the third, three-day hearing on this case. The ALJ issued a series of orders concluding the remand proceedings on January 6, 2025, January 27, 2025, and February 10, 2025. D.E. 136-1, 136-2, & 136-10. Subsequently, Plaintiffs filed a judicial review case on March 7, 2025, No. 2:25-cv-02265, seeking review of the ALJ's orders on remand, and the School District filed its judicial review case on April 12, 2025, No. 2:25-cv-02406, also seeking review of the ALJ's orders on remand[1].

[1] The School District's judicial review case is pending before Federal District Court Judge Parker. There is pending motion to transfer the case to Federal District Court Judge McCalla. The School District did not oppose the transfer, but it disagreed with the reasons Plaintiffs in this case sought a transfer.

To date, there has been no final order issued to date in this case[2].

## I. LAW AND ARGUMENT

In light of the Sixth Circuit' s adoption of the Plaintiffs' position that the Judgment on the Administrative Record is non-final, the Court should not allow the ALJ's orders on remand to serve as the final judgment in this case. This would allow a non-final, interlocutory order of the ALJ to serve as the final judgment in this case without giving this Court the opportunity to review the ALJ's orders on remand. Instead, the Court should reopen the case, receive the administrative record on remand, and allow the parties to submit supplemental motions for judgment on the administrative record. This would have the effect of treating this action as stayed by this Court during the remand proceedings, which would allow the Court to issue a final judgment in this case, including adjudicating the civil actions seeking judicial review of the ALJ's orders on remand.

The default rule for when a district court is awaiting determination by an administrative agency to adjudicate a cognizable claim is to stay the district court action; dismissal rather than a stay is only appropriate when there is an assurance that no party is prejudiced hereby. *United States v. Mich. Nat'l Corp.*, 419 U.S. 1, 4-5 (1974). The Tenth Circuit Cour of Appeals took this approach in an IDEA case with a nearly identical procedural posture to this case. *C.W. by and through B.W. v. Denver Cnty. Sch. Dist. No.1*, 994 F.3d 1215, 1222-23. (10th Cir. 2021). In *C.W.*, the Tenth Circuit Court of Appeals determined that a remand order returning an IDEA due process case to the administrative level did not conclude the case, and therefore it was not a final judgment. *Id.* at

[2] The School District has not sought a stay of the ALJ's February 10, 2025 order on remand. It has been providing the speech language therapy services awarded as compensatory education. It has also communicated to Plaintiffs' Counsel how to obtain payment for the home-based ABA therapy services the ALJ Ordered. At the time of filing this motion, Plaintiffs have not presented an invoice or request for payment for the home-based ABA therapy services that have been awarded to them to the School District. Exhibit 1.

1222. The *C.W.* plaintiff filed a civil action seeking judicial review of the outcome of an IDEA due process administrative proceeding and included non-IDEA claims under the Americans with Disabilities Act, Rehabilitation Act, and Fourteenth Amendment Equal Protection clause for damages. *Id.* The district court reversed the ALJ in part because it determined that one of the student's Individual Education Plans (IEP) had been inadequate. *Id.* It remanded the case to the ALJ to determine the appropriate relief for the violation of the IDEA. *Id.* On the non-IDEA claims, the district court granted summary judgment to the school district on grounds that the *C.W.* plaintiffs did not exhaust their administrative remedies. *Id.* "Instead of staying the proceedings and retaining jurisdiction over the remand, the *C.W.* district court entered a 'Final Judgment'." *Id.* The *C.W.* plaintiffs appealed the grant of summary judgment and the school district appealed district court's determination that the student's IEP was inadequate. *Id.*

On appeal, the Tenth Circuit determined that "the district court never entered a final decision" because the remand order required the "ALJ to determine 'what relief the Plaintiff is due given that the 2017 IEP has not provide at FAPE at all times it was operative'." *C.W.*, 994 F.3d at 1222-23. It explained that a remand of this nature is "analogous to a remand by an appellate court to a district court" because "the district court here affirmed the ALJ in part, reversed the ALJ in part and remanded for the ALJ to determine what remedies the [school district] owed to C.W." *Id.*

Instructive to the procedural posture of this case, the *C.W.* Court rejected the argument that the "Final Judgment" label was accurate and appropriate because any appeal by the parties "from the ALJ's decision on remand would require a new, distinct action to be commenced in district court" and deny review of the interlocutory orders on the non-IDEA claims in the case. *C.W.*, 994 F.3d at 1223. The *C.W.* Court reasoned that regardless of the district court's nomenclature in styling the remand order as a "Final Judgment," the "district court may enter a final judgment only after

the administrative remand concludes and it has adjudicated any appeal by [the parties] of the ALJ's decision on remand." *Id.* "Once the district court enters a proper final judgment, all interlocutory orders, including summary judgment on the non-IDEA claims, will merge into it," and the parties "thus will be able to appeal the district court's summary judgment ruling." *Id.*

The Court should follow the approach utilized by the Tenth Circuit in *C.W.* for this case because the procedural posture of the cases is nearly identical.[3] *See also, Shapiro v. Paradise Valley Unified Sch. Dist.*, 152 F.3d 1159, 1152 (9th Cir. 1998) (explaining that under the 9th Circuit's rule, the district court exceeded its authority in terminating the original civil action for judicial review of administrative decision in an IDEA case when further judicial proceedings were contemplated because the district court remand was for the purpose of determining the appropriateness of the student's private education); *S.S. v. Cobb Cty. Sch. Dist.*, 43 F.4th 1164, 1171 (11th Cir. 2022) (holding that the district court retains jurisdiction of a remand in an IDEA where no final decision has been made and any party aggrieved by the decision of the ALJ on remand would have the opportunity to appeal that decision in a civil action and following the entry of a final decision, the party seeking to appeal may request review of any final judgment entered by the district court following the ALJ's decision on remand). On Plaintiffs' motion to dismiss the School District's appeal from the Order on the Administrative Record and Judgment as non-final, the Sixth Circuit determined that there was no final judgment and the exceptions for exercising appellate jurisdiction over a remand to an administrative agency did not apply. Although the Sixth

[3] The School District has not identified any Sixth Circuit cases detailing the procedure for a non-final remand of an IDEA case to the administrative law judge or educational agency. *But see, G.E. v. Williamson Cnty. Bd. of Edu.*, 731 F.Supp. 954, 964 (M.D. Tenn. Sept. 24, 2024) (party seeking review of ALJ order on remand pursuant to district court remand order which administratively stayed the district court proceedings filed an amended complaint to obtain review of the ALJ's order on remand).

Circuit was silent about whether this case was stayed, the Sixth Circuit's determination on non-finality means that this Court retains jurisdiction over the case, including the remand proceedings. D.E. 123. Otherwise, the case would in fact escape appellate review, an issue the School District raised in opposition to the motion to dismiss the appeal in support of its argument that the remand order should be treated as final under the practical finality rule, which the Sixth Circuit rejected. *See C.W.*, 994 F.3d at 1221 (explaining that the practical finality rule is designed to address situations where the district court remands to an agency for further proceedings becomes unreviewable because the agency must conform its remand proceedings to the district court's remand order) (citations omitted).

Given the Sixth Circuit's determination that this Court's remand order was non-final, the Court should reopen this case, receive the administrative record from the remand proceedings, and allow the parties to submit supplemental motions for judgment on the administrative record. This approach is consistent with the approach the Tenth Circuit prescribed in *C.W.*, where the Tenth Circuit contemplated that the district court's remand order was non-final, the ALJ's order(s) on remand would thus also be non-final. The *C.W.* Court concluded that "the district court may enter a final judgment only after the administrative remand concludes and it has adjudicated any appeal by [either or both parties] of the ALJ's decision on remand." *C.W.*, 994 F. 3d at 1223. Reopening the case, receiving the remand record, and allowing the parties to submit supplemental motions for judgment on the administrative record, including their making their arguments for reversal or affirmation of the remand proceedings, is the appropriate next step. *See id.*

Here, the Parties each filed civil actions seeking judicial review of the ALJ's orders on remand separately from this case. The Parties need not have filed civil actions separate from this case to preserve judicial review of the ALJ's orders on remand because the Sixth Circuit has

already determined that the Order on Administrative Record remanding the case the to the ALJ was non-final, meaning that the ALJ's orders on remand were also non-final. *See C.W.*, 994 F.3d at 1223. In terms of addressing the existing civil actions for judicial review of the ALJ's orders on remand, to ensure that there is a final order entered in this case that reflects the Sixth Circuit's determination that the remand order was non-final and adjudicates all of the ALJ's decisions on remand, the Court should:

(1) grant this Motion, stay the Parties' civil actions for the judicial review of the ALJ's decisions on remand, enter a final judgment in this case that adjudicates the Parties' judicial review of the orders issued by the ALJ on remand, and enter final judgment in each of the Parties' civil actions for judicial review of the ALJ's orders on remand that is consistent with the entry of the final judgment in this case;

(2) grant this Motion, treat the Parties' civil actions for judicial review of the ALJ's orders on remand as supplemental pleadings to this case, in accordance with Federal Rule of Civil Procedure 15(d), and enter one final judgment in this case, which fully adjudicates the merits of the ALJ's orders on remand as raised in the civil actions for judicial review;

(3) grant this Motion, consolidate the Parties' civil actions for judicial review of the ALJ's orders on remand with this case as the lead docket number, and enter a final judgment in the consolidated cases, including this case, which fully adjudicates the merits of the ALJ's orders on remand as raised in the civil actions for judicial review.

The School District proposes these options for the Court's consideration in light of the unique procedural posture in this case. Options 1 and 2 most accurately reflect the fact that the three cases are one and the same. *Compare with* Fed. R. Civ. P. 42 (authorizing consolidation of actions that involve common questions of law or fact). These options ensure that a final judgment

would be entered in this case, making the case ripe for appellate review, should either of the parties seek appellate review. Nonetheless, each option is a viable approach to untangling a procedurally complex case by promoting judicial economy while avoiding inconsistent, piecemeal judgments and appeals that would otherwise result in at least the original case evading appellate review, while the subsequent judicial review cases are litigated.

## CONCLUSION

The Court should grant the School District's Motion to Reopen, Supplement the Administrative Record with the Remand Record, and Permit Supplemental Motions for Judgment on the Administrative Record. The Court's order remanding the case for further proceedings was a non-final order. Therefore, this case should be treated as stayed during the administrative remand proceedings. Because the remand proceedings have concluded, the Court should now address the outcome of those proceedings as described herein.

Dated: May 21, 2025

Respectfully Submitted,

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901-416-6372 (direct phone)
901-416-6370 (main phone)
901-416-6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157

601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF CONSULTATION**

I, the undersigned, as Counsel of Record for this case, certify that I consulted with Plaintiffs' Counsel, Ms. Goode and Mr. Braun, on May 20, 2025, via email, prior to filing this motion. Plaintiffs oppose this motion.

s/ Laura Ann E. Bailey
Laura Ann E. Bailey
*Attorney for Defendant,*
*Memphis-Shelby County Schools*

**CERTIFICATE OF SERVICE**

The undersign certifies that a copy of the foregoing was served upon Counsel of Record for Plaintiffs via the Court's electronic filing system on this the 21st day of May 2025.

s/ Laura Ann E. Bailey
Laura Ann E. Bailey
*Attorney for Defendant,*
*Memphis-Shelby County Schools*