**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**K.B., by and through his Parent, K.B.,**

Plaintiffs**.**

**v.** No.: 2-22-cv-02464-TLP-atc

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN CASE, SUPPLEMENT ADMINISTRATIVE RECORD WITH THE REMAND RECORD, AND PERMIT SUPPLEMENTAL MOTIONS FOR JUDGMENT ON THE RECORD**

---

Plaintiffs K.B., by and through his parent K.B., (also referred to herein as the "Bardwell family" and/or the "Bardwells") by and through undersigned counsel, submit this Response in Opposition to Defendant's Motion to Reopen Case, Supplement Administrative Record with Record on Remand, and Permit Supplemental Motions for Judgment on the Record (ECF 139) ("Defendant's Motion"). This Court should dismiss Defendant's Motion and the relief it seeks as barred by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., ("IDEA"), and Tennessee law, TENN. CODE ANN. § 4-5-322(b)(1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Having realized that it untimely filed its action appealing the decision of the Tennessee Administrative Law Judge ("ALJ") following a supplemental hearing on remand from the federal district court in this case, Defendant now attempts to solve that issue by moving this court to "reopen" the instant case. But Defendant cannot *post hac* correct its failure to meet its jurisdictional

deadline – neither through this nor any other procedural mechanism. The IDEA sets clear guidelines for challenging the decisions of hearing officers in special education due process cases. 20 U.S.C.S. § 1415(i). Whether Defendant tries to rely on its untimely complaint or this untimely attempt to "reopen" the underlying case, Defendant is time barred from challenging both the ALJ's January 6, 2025 order and the ALJ's improper February 10, 2025 order.

On March 12, 2024, Judge McCalla issued an order remanding this case back to the hearing officer because, *inter alia*, the hearing officer had applied the wrong standard in determining compensatory education for K.B.. *See K.B. v. Memphis-Shelby Cnty. Sch. Dist.*, No. 2:22-cv-02464-JPM-cgc, 2024 U.S. Dist. LEXIS 43251 (Mar. 12, 2024, W.D. Tenn.). After a meritless appeal by the movant to the Sixth Circuit was dismissed, the ALJ held a hearing on the remanded issues on December 3, 4, and 13, 2024, and issued a Final Order on January 6, 2025, awarding K.B. 3,105 hours of compensatory Applied Behavior Analysis ("ABA") therapy services to "be made available through a fund provided by MSCS, allowing parent K.B. to select from whom, how, what, and when compensatory services are provided." *See attached* Exhibit A (Final Order dated January 6, 2025). The ALJ sought briefing from the parties to monetize the awarded ABA services, and issued an order on January 27, 2025, determining the applicable rate of pay for ABA services in the metropolitan Memphis area following that briefing. *See attached* Exhibit B (Order dated January 27, 2025).

The District filed a petition to stay in the Tennessee Administrative Procedures Division on January 13, 2025, and a petition for reconsideration on January 21, 2025. The Bardwells filed written objections to both the petition to stay and the petition for reconsideration as improper under the IDEA. As argued in the written objections, the only redress to the ALJ's January 6, 2025 remand order was to file an action in federal district court, 20 U.S.C.S. § 1415(i), or in Tennessee

chancery court, TENN. CODE ANN. § 4-5-322(b)(1). In the alternative – and in light of the District's arguments in its petitions – the Bardwells asked the ALJ for an opportunity to more fully brief how the compensatory education award should be administered and requested that the awarded funds be placed in a special needs trust.

On February 10, 2025, the ALJ issued an order denying the District's motion to stay and granting in part the motion for reconsideration. *Attached* as Exhibit C (Final Order dated February 10, 2025). The ALJ granted the District's request that instead of the "compensatory education fund" described in his January 6, 2025 order, the Bardwells should submit invoices to the District directly for payment of ABA services.

The Bardwells timely filed a second complaint on March 7, 2025, challenging the February 10, 2025 order and requesting attorney fees[1]. *See*, Case No. 2:25-cv-02265. More than a month later, on April 12, 2025, the District untimely filed a complaint purportedly challenging the ALJ's January 2025 and February 2025 orders. *See*, Case No. 2:25-cv-02406-TLP-atc. Asserting the timeliness of its April 12, 2025 complaint, the District averred that "the Federal District Court retained jurisdiction over the remand" and that, "[a]lternatively, the decision of the ALJ was revised on February 10, 2025 pursuant to the School District's petition for reconsideration, which was granted in part, and therefore extended the time for seeking judicial review to ***<u>April 11, 2025</u>***." As more fully argued in the Bardwells' Motion to Dismiss that complaint (ECF 13 in Case No. 2:25-cv-02406-TLP-atc), Defendant is time barred from challenging the ALJ's orders on remand.

Again more than a month later, Defendant has now filed the instant Motion on May 21, 2025, the same day that Plaintiffs filed a Motion to Dismiss the untimely April 12, 2025 Complaint

---

[1] Although the original complaint in Case No. 2:25-cv-02265 contained a third issue, the Bardwells filed an amended complaint on May 29, 2025 that is limited to these two issues of law.

pursuant to Fed. R. Civ. P. 12(b). Apparently realizing that it cannot proceed with its untimely April 12, 2025 complaint, Defendant now argues that it should be permitted to challenge the ALJ's orders through a supplemental motion for judgment on the administrative record. This Court should deny Defendant's motion for the same reason the Court should grant Plaintiffs' Motion to Dismiss the April 12, 2025 complaint: they are both time-barred.

The only issues before the Court between the three cases before it (this case and Case Nos. 2:25-cv-02265 and 2:25-cv-02406) are Plaintiffs' Motion for Attorneys' Fees and Costs (ECF 131 as supplemented by ECF 137), and Plaintiffs' March 7, 2025 complaint (as amended on May 29, 2025) which raises two issues of law (ECF 10 in Case No. 2:25-cv-02265). Those two issues are (1) the award of attorneys' fees and costs (again, already pending in this case and responded to in the instant case) now that Plaintiffs are the prevailing party in the vast sum of the substantive issues in the case and whether the ALJ had authority, as a matter of law; and, (2) to consider Defendant's Petition for Reconsideration of his January 6, 2025 order. Thus, apart from the determination of attorneys' fees and costs, the only issue is a matter of law. As such, it is not necessary for this Court to consider the administrative record through motions for judgment on that record (which now consists of another three-day post-remand hearing as well as lengthy briefing) as Defendant suggests.

Defendant is also not without recourse as it writes in its Motion. Once this Court decides the pending motion for attorneys' fees and costs in this case, the Court can issue a final judgment that *is* appealable. That potential appeal would include the Court's March 12, 2024 order. What Defendant cannot appeal is the ALJ's decisions on remand (the January 6, 27, and February 10, 2025 orders).

## II. LEGAL ARGUMENT

### A. <u>The deadline to appeal the ALJ's final order was March 7, 2025.</u>

The IDEA specifies exactly what Congress has authorized when either party disagrees with the decision of a state hearing officer:

> **(i) Administrative procedures.**
>
> **(1)** In general.
>
> **(A)** Decision made in hearing. A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2).
>
> **(B)** Decision made at appeal. A decision made under subsection (g) shall be final, except that any party may bring an action under paragraph (2).
>
> **(2)** Right to bring civil action.
>
> **(A)** In general. Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
>
> **(B)** Limitation. The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part [20 USCS §§ 1411 et seq.], in such time as the State law allows.

20 U.S.C.S. § 1415(i). Thus, Congress made clear that in IDEA cases, the only relief available to a party who disagrees with the state hearing officer's decision is to file an action in federal court within 90 days from the date of the decision of the hearing officer ***unless a State has a different, explicit time limitation***.

In Tennessee, the time limitation for bringing federal actions challenging IDEA due process decisions is 60 days. TENN. CODE ANN. § 4-5-322(b)(1)(A)(iv) ("Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon.") and (b)(1)(B)(ii) ("A person who is aggrieved by the final determination of a hearing officer or

local board of education in a special education hearing conducted pursuant to § 49-10-606 may file a petition for review in the chancery court of Davidson County or, alternatively, in the county in which the petitioner resides."). Because TENN. CODE ANN. § 4-5-322 also explicitly provides one other avenue for challenging due process hearing decision, i.e. in state chancery court, those are the exclusive two avenues for challenging such orders. *See, e.g.*, *Faber v. Ciox Health, LLC*, 944 F.3d 593, 601 (6th Cir. 2019) ("The Tennessee Supreme Court has reiterated time and again that the plain meaning of the written text controls when the statute is unambiguous.").

Thus, the ALJ's January 6, 2025 order is the relevant order from which to calculate Defendant's deadline to file an action in federal district court challenging that order. Sixty (60) days from that order was March 7, 2025. As *See* Exhibit A (Final Order dated January 6, 2025) (calculating the deadline to file an action challenging the order as March 7, 2025). As a result, not only is Defendant's April 12, 2025 complaint clearly time-barred, but Defendant is also time-barred from challenging any of the ALJ's orders on remand in this case.[2]

**B. <u>Even if this Court considers the February 10, 2025 order as the relevant order for determining the appeal deadline, Defendant's Motion and the relief it seeks is still time barred.</u>**

Because federal and state law provide only two avenues for relief when "aggrieved by the final determination of a hearing officer" in a special education case in Tennessee, the ALJ should not have considered either the District's petition to stay filed on January 13, 2025, or its petition for reconsideration filed on January 21, 2025. The Bardwells filed written objections to both motions noting this deficiency. Nonetheless, the ALJ issued a subsequent order on February 10,

[2] Defendant could have filed this Motion to Reopen at any point after January 6, 2025. If Defendant was confused as the precise procedural vehicle, Defendant could have filed both a new complaint and a motion to reopen in this case. But Defendant waited for month than a month until after it realized that it had missed its deadline to challenge the ALJ's orders to file the instant Motion.

2025 (granting in part the District's motion for reconsideration).

Even if this final February 10, 2025 order was the relevant order from which to calculate the District's deadline to file an action in federal district court, the District failed to meet that deadline to challenge the ALJ's post-remand orders. As the District acknowledges in its April 12, 2025 Complaint (ECF 1 at ¶ 117 in Case No. 2:25-cv-02406-TLP-atc), sixty days from February 10, 2025, is April 11, 2025. *See* Exhibit C (Final Order dated February 10, 2025) (calculating the deadline to file an action challenging the order as April 11, 2025); *see also* Complaint ¶¶ 117, 118 (attaching as an exhibit the "Notice of Appeal Procedures" proceeding the substantive text of the order) (ECF 1 in Case No. 2:25-cv-02406-TLP-atc). As a result, even under the most generous reading of the District's statutory deadline for filing a complaint (or motion in the instant case) challenging the ALJ's orders, both its April 12, 2025 complaint and this Motion are time barred.

Reopening this underlying case does not solve that problem, and the authority Defendant cites in its Motion and Memorandum support Plaintiffs' position. Defendant primarily relies on a Tenth Circuit case, *C.W., by and through B.W. v. Denver City Sch. Dist. No. 1,* 994 F.3d 1215 (10th Cir. 2021), addressing whether the parent plaintiffs in that case could appeal the district court's dismissal of their non-IDEA claims when the district court had remanded portions of the IDEA claims back to the hearing officer. The *C.W.* court held that, in fact, the district court's order was not a final, appealable order. *Id*.

Ironically, Defendant took the opposite position in its reading of *C.W.* when appealing the March 12, 2024 order to the Sixth Circuit which was ultimately dismissed. In its response opposing Plaintiffs' Motion to Dismiss the District's appeal to the Sixth Circuit, Defendant wrote, "The circumstances in *C.W.* are very different from those here." Defendant-Appellant's Response in Opposition to Plaintiff-Appellee's Motion to Dismiss for Lack of Subject Matter Jurisdiction at 21

(Doc. 21 in 6th Cir. Case No. 24-5345) (*but, see,* Defendant's Motion at 3, "The Tenth Circuit Court of Appeals took this approach in an IDEA case with a nearly identical procedural posture to this case," *citing C.W.*).

Defendant now argues that the C.W. court's reasoning that, "a remand of this nature is 'analogous to a remand by an appellate court to a district court' because 'the district court here affirmed the ALJ in part, reversed the ALJ in part and remanded for the ALJ to determine what remedies the [school district] owed to C.W.'" Defendant's Motion at 4, *citing C.W. et al v. Denver City Sch. Dist. No. 1,* 994 F.3d at 1222-23. Plaintiffs agree with Defendant on this point. The March 12, 2024 order remanding this case to the ALJ is analogous to a remand by an appellate court to a district court. However, that analogy also supports Plaintiffs' position that Defendant's Motion, like its April 12, 2025 complaint, is time barred.

Even when a federal court of appeals remands a case back to the district court, time limits and deadlines apply to challenging the district court's actions on remand. Under the Federal Rules of Appellate Procedure, the time to file a notice of appeal is strictly governed by Rule 4(a), which sets mandatory deadlines for filing. In the Sixth Circuit, as in other federal jurisdictions, the courts consistently uphold these strict deadlines as mandatory and jurisdictional, meaning that failure to comply results in the forfeiture of the right to appeal. *Cuyahoga Valley Ry. v. Tracy,* 6 F.3d 389, 394 (6th Cir. 1993) (*citing Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1018 (6th Cir. 1983)).

In this case, the statutory time limits to appeal are clearly set forth in the IDEA as discussed above. In Tennessee, Defendant (and Plaintiffs) had 60 days from January 6, 2025 to appeal the ALJ's post-remand order. Again, even if this court determines that Defendant's Petition for Reconsideration tolled that time (and Plaintiffs do not concede this point), Defendant would have

had 60 days from February 10, 2025, which is a deadline of April 11, 2025. Defendant's untimely April 12, 2025 complaint was too late, and this Motion – filed more than a month later – is also clearly too late.

This position is supported by the other cases Defendant cites in its motion. The Eleventh Circuit similarly noted that the parties would retain their right to appeal the decision of a hearing officer in an IDEA case on remand and used the language of 20 U.S.C.S. § 1415(i): "The district court even noted that '[a]ny party aggrieved by the decision of the [administrative law judge] on remand [would] have the opportunity to appeal that decision in a civil action.' Because S.S. or the school district 'might seek review of the [administrative law judge]'s remedy determinations in [the] district court, the district court did not make a final decision' when it remanded the case. *See C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1222 (10th Cir. 2021)." *S.S. v. Cobb Cty. Sch. Dist*., 43 F.4th 1165, 1171, 29 Fla. L. Weekly Fed. C 1500 (11th Cir. 2022)[3]. But the parties still have to comply with time limits set by the IDEA for doing so. The alternative would be that either party could raise a challenge to the ALJ's post-remand orders at any point. The IDEA expressly provides otherwise.

**C. <u>Federal courts routinely find that day-late filings are time-barred.</u>**

Federal courts have <u>consistently</u> held that filing deadlines governed by specific statute are to be strictly enforced. *See, e.g.*, *Spurgeon v. Pac. Life Ins. Co.*, No. 06-cv-0925-MJR, 2007 U.S. Dist. LEXIS 106366, at *10 (S.D. Ill. Feb. 6, 2007) ("A critical distinction exists between these

[3] The Ninth Circuit used the same reasoning in Shapiro. The language the court used there also implies that the hearing officer's order on remand would be considered a "final determination" under the IDEA subject to the appeal requirements set forth in 20 U.S.C.S. § 1415(i). *Shapiro by & Through Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1161 (9th Cir. 1998) ("Accordingly, we vacate the district court's order terminating the action, and remand for entry of a stay pending a final determination by the hearing officer.").

two belated filings, though. To permit late filing of the remand motion, this Court would run afoul of a statutory time-limit — the 30-day remand deadline Congress imposed in 28 U.S.C. § 1447(c). That is a concrete deadline, and failure to meet it has real consequences. To the contrary, the deadline for the brief opposing dismissal was set *by the undersigned Judge*, is flexible, and would have easily been extended via motion to enlarge the filing period."); *see also, Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705-06 (7th Cir. 2007) (finding that the filing was timely because the lawyer's only error was using the wrong docket number, but opining that, "Waiting until the last hours is not diligent; the errors that often accompany hurried action do not enable the bungling lawyer to grant himself extra time. *See Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004). Nothing prevented plaintiff's lawyer from acting a day or a week earlier, so that counsel could recover from any gaffe. If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error. *See, e.g.*, *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *United States v. 7108 West Grand Avenue*, 15 F.3d 632 (7th Cir. 1994).).

This strict construction is true even when a filing is mere minutes late. *See, e.g.*, *Tulis v. Orange*, 686 F. Supp. 3d 701, 715 (M.D. Tenn. 2023); *Arnold v. City of Crump*, No. 1:18-cv-01227-STA-jay, 2019 U.S. Dist. LEXIS 145456, *2 (W.D. Tenn. Aug. 27, 2019) ("A filing that is delivered to the clerk's office after the deadline is untimely, even if the filing was mailed on or before the deadline. *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986)."). *See also*, *State Bank of S. Utah v. Beal (In re Beal)*, No. 21-4124, 2022 U.S. App. LEXIS 34418, at *12 (10th Cir. Dec. 14, 2022, unpublished decision) (holding that even when the lawyer attempted to file twice before midnight, 16 minutes after midnight was too late

for meeting a statutory filing deadline); *Sanders v. Commissioner*, 160 T.C. 563, 567 (2023) (holding that a filing 11 seconds after midnight is too late to meet a statutory filing deadline and opining, "Because electronic filing is not limited to the Court's business hours, electronic filing systems may extend the number of hours available for filing, but not the number of days.").

The District – the largest school district in Tennessee – is a sophisticated party with an in-house legal department staffed by multiple attorneys and paralegals. Indeed, the District has successfully argued in this Court that a *pro se* plaintiff's complaint be dismissed as untimely even though the *pro se* plaintiff mailed the complaint prior to the filing deadline, which fell during the December holidays, because the complaint was not received by the Clerk's office until after the deadline. *Peete-Jeffries v. Shelby Cty. Bd. of Educ.*, No. 2:22-cv-02003-TLP-tmp, 2022 U.S. Dist. LEXIS 224476, at *14 (W.D. Tenn. Dec. 13, 2022) (holding that the plaintiff had not met any of the Sixth Circuit's factors for waiver, estoppel, or equitable tolling despite being *pro se*, and also finding that the plaintiff's EEOC complaint filing deadline, while not jurisdictional, is similar to a statute of limitations deadline). The District has no plausible excuse for the untimely filing of the complaint filed on April 12, 2025. Just as that complaint should be dismissed, so too should this late-contemplated attempt to untimely appeal the ALJ's post-remand orders be denied.

## III. CONCLUSION

Based on the foregoing, this Court should deny Defendant's motion and the relief it seeks.

Respectfully submitted,

/s/ *Michael F. Braun*
MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

/s/ *Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
janet@janetgoodelaw.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2025, I filed a copy of the foregoing by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to counsel for the Plaintiffs, Memphis-Shelby County Schools, Office of General Counsel, 160 Glenn Rodgers Sr. Street (Formerly Known as S. Hollywood St), Coe Building, Room 218, Memphis, TN 38117, Laura Bailey, Senior Associate Counsel, at baileyla@scsk12.org, and KaShonda L. Day, Adams and Reese, LLP, 1018 Highland Colony Parkway, Ridgeland, MS 39157, kashonda.day@arlaw.com.

Signed: *_/s/Janet H. Goode_*
Janet H. Goode