# Exhibit B
# Order dated January 27, 2025

**State of Tennessee**
**Department of State**
Administrative Procedures Division
312 Rosa L. Parks Avenue
6th Floor, William R. Snodgrass Tower
Nashville, Tennessee 37243-1102
Phone: (615) 741-7008/Fax: (615) 741-4472

**January 27, 2025**

Janet Goode, Esq.
Goode Law
917 South Cooper Street
Memphis, TN 38104
Sent via email only to: janet@janetgoodelaw.com

Michael F. Braun, Esq.
Law Office of Michael Braun
5016 Centennial Blvd., Ste. 200
Nashville, TN 37209
Sent via email only to: mfb@braun-law.com

Taylor Jenkins, Esq.
Andrew Johnson Tower, 9th Floor
710 James Robertson Parkway
Nashville, TN 37243
Sent via email only to: Address on File

KaShonda Day, Esq.
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Sent via email only to:
kashonda.day@arlaw.com

Laura Bailey, Esq.
Shelby County Schools
160 S. Hollywood, #218
Memphis, TN 38112
Sent via email only to:
baileyla@scsk12.org

**RE: K.B., THE STUDENT AND K.B., THE PARENT V. MEMPHIS-SHELBY COUNTY SCHOOLS, APD Case No. 07.03-214603J**

Enclosed is a/an *ORDER* rendered in this case.

Administrative Procedures Division
Tennessee Department of State

Enclosure(s)

**BEFORE THE TENNESSEE DEPARTMENT OF EDUCATION DIVISION OF SPECIAL EDUCATION**

**IN THE MATTER OF:**

**K.B., THE STUDENT, and**
**K.B., THE STUDENT'S PARENT,**
***Petitioners,***

***v.***

**MEMPHIS-SHELBY COUNTY SCHOOLS,**
***Respondent.***

**APD Case No. 07.03-214603J**

**ORDER**

The Final Order on Remand was issued on January 6, 2025. It included a requirement that the parties either: (1) stipulate to prevailing rates in the Memphis-Shelby County area for Applied Behavior Analysis (ABA) services from a Board Certified Behavior Analyst (BCBA) and a Registered Behavior Technicians (RBT), or (2) brief the issue with supporting affidavits. On January 10, 2025, the Respondent filed a motion to extend these deadlines, which was granted by order entered January 14, 2025. Since then, the following motions have been filed:

1. On January 13, 2025, the Respondent filed a petition for a stay of the effectiveness of the Final Order on Remand, which will ultimately be considered under Tenn. Code Ann. § 4-5-316;
2. On January 21, 2025, the Respondent filed a petition for reconsideration of the Final Order on Remand, which will ultimately be considered under Tenn. Code Ann. § 4-5-317; and
3. On January 22, 2025, the Petitioners filed a request for extension of time to respond to Respondent's petitions for stay and reconsideration.

**Respondent's Petitions for Stay and Reconsideration**

The petitions substantively assert the same two grounds. First, the Respondent cannot fund the compensatory education award because the Petitioners submitted no proof on the record regarding the prevailing rates for ABA therapy. And second, more detail should be provided about how Respondents should fund the award of compensatory education services. Because additional time will be provided for the Petitioners to respond to the petitions, a ruling on both will be issued in one order on or before February 10, 2025.

**Petitioners' Motion for Extension of Time**

The Petitioners request an extension of time to respond to Respondent's petitions for stay and reconsideration. By email dated January 22, 2025, the Respondent consented to the extension. The Petitioner's request for extension of time to respond to Respondent's petitions for stay and reconsideration until January 31, 2025, is **GRANTED**.

**Prevailing Rates and Percentages for ABA Therapy**

The two remaining issues are the rates to apply to the RBT and BCBA and how the provision of ABA services should be apportioned between the two. For rates, the Petitioners' supporting affidavits assert average costs of $87.50 and $125, respectively; the Respondent's supporting affidavits assert average costs of $80 and $117.50. The differences in these numbers are relatively negligible. The most equitable conclusion is to use the mid-point for these averages—$83.75 and $121.25, respectively.

The remaining issue is how the provision of ABA services should be apportioned between the RBT and BCBA. The Final Order of Remand did not ask for additional briefing on this question—yet the parties' briefs and supporting affidavits nevertheless addressed the issue—because the additional proof adduced at the remand hearing was sufficient to answer it. The testimony on this issue provided at the remand hearing will be used to resolve the dispute.

At the remand hearing, witnesses for both parties testified that the RBT performs significantly more of the ABA services than the BCBA. All agreed that the minimum percentage of the services provided by the BCBA must be 5%. (Remand T.R. Vol. I, p. 91, Dr. Sara Irby; Remand T.R. Vol. III, p. 283, Geoffrey Ferris; and Remand T.R. Vol. III, p. 355, Jennifer Wyatt). All also agreed that the actual percentage is higher in practice. Dr. Irby estimated that the BCBA performs 20% of the ABA services (Remand T.R. Vol. I, p. 91), and Ms. Wyatt did not specify a percentage. (Remand T.R. Vol. III, p. 359-361). Because it is more specific and concrete, Dr. Irby's testimony is given more weight. Therefore, the 3,105 hours in the compensatory education fund are calculated as follows:

- RBT (3,105 x 80%) x $83.75 = $208,035
- BCBA (3,105 x 20%) x $121.25 = $75,296.25

TOTAL = $283,331.25

It is so **ORDERED**.

This ORDER entered and effective this the **27th day of January 2025**.

PHILLIP R. HILLIARD
CHIEF ADMINISTRATIVE JUDGE
ADMINISTRATIVE PROCEDURES DIVISION
OFFICE OF THE SECRETARY OF STATE