**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**K.B., by and through his Parent, K.B,**

Plaintiffs**,**

v. No.: 2:22-cv-02464-TLP-atc

**Memphis-Shelby County Schools,**

Defendant.

# DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN [ECF 142]

Comes now Defendant Memphis-Shelby County Schools ("School District"), by and through counsel and pursuant to Local Rule 7.2(c), and files this Motion for Leave to File a Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Reopen Case, Supplement Administrative Record with the Remand Record, and Permit Supplemental Motions for Judgment on the Record [ECF No. 139 ("Motion to Reopen"); ECF No. 142 ("Response")]. The School District's Motion for Leave to File Reply should be granted because a Reply Brief will assist the Court in identifying and analyzing the relevant legal issues. In support of its Motion, the School District states as follows:

1. This IDEA judicial review of administrative decisions is procedurally unusual and has just recently been transferred to a new judge after three years of litigation, including substantial motion practice and three separate evidentiary hearings – two before the Administrative Law Judge and one before the District Court. Especially in light of the arguments raised by Plaintiffs in their Response [ECF No. 142], a Reply Brief will assist the Court by, among other things, explaining why the posture of this case requires the reopening of the original case number, regardless of

whether or not the School District's April 12, 2025 Complaint was timely filed in the *K.B. III* case, No. 2:25-cv-02406-TLP-atc.

2. In their Response [ECF No. 142], Plaintiffs mischaracterize the purpose of the School District's Motion to Reopen. Contrary to their assertion, the School District does not seek to reopen this case to cure an untimely filed appeal. On May 21, 2025, Plaintiffs filed a Motion to Dismiss the School District's appeal Complaint filed in Case No. 2:25-cv-02406-TLP-atc [ECF No. 13], and the School District has until June 18, 2025 to file its Response to that Motion. *See* Fed. R. Civ. P. 12; W.D. Local Rule 12.1(b). Thus, the issue of the timeliness of the School District's appeal for judicial review of the remand orders will be appropriately addressed in due course upon Plaintiffs' Motion to Dismiss in Case No. 2:25-cv-02406-TLP-atc. Despite Plaintiffs' intense focus on the timeliness issue in its Response to the School District's Motion to Reopen [ECF No. 142], it is not dispositive to the question of whether this case should be reopened so that a final judgment can be entered.

Even if the School District's April 12, 2025 Complaint for Judicial Review of the Remand Order is ultimately dismissed as untimely filed, it is still critical that **this case** be reopened and a final judgment entered. Otherwise, the School District will be deprived of its right to appeal the District Court's Judgment on the Administrative Record in this case [ECF No. 104; 106], including without limitation the District Court's decision to improperly remand certain issues to the Administrative Law Judge. Indeed, the School District previously attempted to exercise its right to appeal the District Court's Judgment on the Administrative Record [ECF No. 107]. The Plaintiffs moved to dismiss the School District's appeal, **arguing that no final judgment had been entered**. [*See* ECF No. 123]. The Sixth Circuit granted their motion to dismiss, explicitly finding that the District Court's Judgment on the Administrative Record was **not a Final**

**<u>Judgment</u>** and dismissing the School District's appeal [ECF No. 123]. The School District was previously denied its opportunity to appeal the District Court's Judgment on the Administrative Record, and a denial of its Motion to Reopen would unlawfully deprive the School District of its right to an appeal.

3. In their Response, Plaintiffs mischaracterize the School District's legal arguments, and the School District should be permitted to respond to their assertions. For example, Plaintiffs argue that the School District has taken conflicting positions with respect to the proper application of *C.W., by and through B.W. v. Denver City Sch. Dist. No. 1*, 994 F.3d 1215 (10th Cir. 2021). In doing so, Plaintiffs ignore the Sixth Circuit's Order rejecting the School District's earlier position and the School District's obligation to follow the law of the case. [*See* ECF No. 123]. Moreover, Plaintiffs misinterpret the School District's arguments regarding *C.W.*, which are not inconsistent. In its Response to the Plaintiffs' Motion to Dismiss its appeal, the School District argued that *C.W.* supported the Sixth Circuit's jurisdiction over the appeal because, though the *C.W.* court found that the district court's remand order in that case was not an appealable final order, the case was distinguishable because the remand itself was not the subject of the appeal, and the *C.W.* court had not found that the record contained insufficient proof as to the appropriate relief. While the School District acknowledged the differences in the **legal issues** subject to the remand, it did not argue that the cases were not **procedurally similar**. In any event, the Sixth Circuit disagreed with the School District's argument that *C.W.* supported the Court's exercise of jurisdiction over the appeal, instead adopting the Plaintiffs' position that the "the remand is not a final appealable order." [ECF No. 123].

Consistent with the law of the case, the School District argued in its Motion to Reopen [ECF No. 139] that *C.W.* supports the reopening of this case because, as the Sixth Circuit already

found, a remand order does not conclude the case and therefore is not a final judgment. *See GMAC Mortgage, LLC v. McKeever*, 651 Fed. Appx. 332 (6th Cir. 2016). ("The law-of-the-case doctrine "provides that the courts should not reconsider a matter once resolved in a continuing proceeding." (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015))). After successfully moving the Sixth Circuit to dismiss the School District's appeal of the District Court's remand order on grounds it was non-final, Plaintiffs cannot now be heard to argue that the District Court's remand order actually **is** a final judgment after all. Such a result would violate the law-of-the-case doctrine and unlawfully deprive the School District of its right to appeal that order. The School District believes the District Court's remand to the Administrative Law Judge was legally and procedurally improper, and it must be permitted an opportunity to make that argument to the Sixth Circuit on appeal.

4. In light of the serious deprivation of appeal rights the School District will suffer if this case is not reopened, Motion to Reopen is analogous to a dispositive motion. In the Western District of Tennessee, replies to dispositive motions filed under Fed. R. Civ. P. 12(b), 12(c), or 56 are permitted as a matter of course without leave of court. Local Rule 7.2(c). While the School District's Motion to Reopen was not filed under Fed. R. Civ. P. 12 or 56, it is analogous to a dispositive motion because denial of the Motion would effectively end litigation of this case and, for the reasons explained above, could unfairly deprive the School District of its right to appeal the District Court's Judgment on the Administrative Record. Thus, the School District should be permitted to file a Reply in support of its Motion to Reopen.

For the reasons stated herein, the School District respectfully requests that the Court enter an Order allowing the School District leave to file a reply to Plaintiffs' Response to the School District's Motion to Reopen.

Dated: June 11, 2025

Respectfully Submitted,

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901-416-6372 (direct phone)
901-416-6370 (main phone)
901-416-6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157
601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), counsel for Memphis-Shelby County Schools states she consulted with counsel for Plaintiffs by email on June 5, 2025. Plaintiffs oppose Memphis-Shelby County Schools' Motion for Leave to Reply to Plaintiffs' Response to Defendant's Motion to Reopen Case, Supplement Administrative Record with Remand Record, and Permit Supplemental Motions for Judgment on the Record [ECF 142].

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the forgoing was served upon counsel of record for Plaintiff via this Court's electronic filing system this 11th day of June, 2025.

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY