IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**K.B., by and through his Parent, K.B,**

    Plaintiffs**,**

v.                                                                              No.: 2:22-cv-02464-TLP-atc

**Memphis-Shelby County Schools,**

    Defendant.

---

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REOPEN CASE, SUPPLEMENT ADMINISTRATIVE RECORD WITH REMAND RECORD AND PERMIT SUPPLEMENTAL MOTIONS FOR JUDGMENT ON THE RECORD**

---

    Comes now Defendant Memphis-Shelby County Schools ("School District"), by and through counsel, and files this Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Reopen Case, Supplement Administrative Record with the Remand Record, and Permit Supplemental Motions for Judgment on the Record [ECF No. 139 ("Motion to Reopen"); ECF No. 142 ("Response")]. The Court should grant the School District's Motion to Reopen because the Sixth Circuit held that the Court's Judgment on Administrative Record [ECF No. 104] and Judgment [ECF No. 106] were non-final orders. The conclusion of the Remand Proceedings did not result in a final judgment because this Court retained jurisdiction over the case. *See C.W., by and through B.W. v. Denver City Sch. Dist. No. 1*, 994 F.3d 1215, 1223 (10th Cir. 2021).

I. **The School District Filed Its Motion to Reopen to Preserve Its Right to Appeal the Interlocutory Orders in *K.B. I* and to Avoid Inconsistent Judgments in *K.B. I, K.B. II,* and *K.B. III*.** [1]

In his response opposing the School District's Motion to Reopen, the Parent misconstrues the purpose for which the School District moved to reopen *K.B. I*. The School District moves to reopen *K.B. I* to (1) ensure the interlocutory orders in *K.B. I* are preserved for appellate review and (2) prevent the outcomes of *K.B. I, K.B. II,* and *K.B. III*, whatever they may be, from resulting in three separate, inconsistent judgments subject to separate appellate timelines, when there is no dispute that *K.B. I, K.B. II,* and *K.B. III* are all the same case. The Parent's intense focus on the timeliness issue in *K.B. III* its Response to the School District's Motion to Reopen is not dispositive to the question of whether this case should be reopened so that a final judgment can be entered. The Court is may to reopen *K.B. I*, and adopt one of the three approaches that the School District has suggested for promoting judicial efficiency, avoiding inconsistent rulings, and reducing unnecessary costs and delays in its Motion to Reopen. Proceeding in this manner does not preclude a determination that *K.B. III* was untimely filed, although the School District does not concede the timeliness issue. ECF No. 139, Page ID 7063, *see* Fed. R. Civ. P. 54(b). The Court is free to decide the Motion to Reopen and the Motion to Dismiss differently.

A. **Denying the Motion to Reopen Will Deprive the School District of the Right to Seek Appellate Review of the Judgment on the Administrative Record issued in *K.B. I*.**

Even if the School District's April 12, 2025 Complaint for Judicial Review of the Remand Order is ultimately dismissed as untimely filed, it is still critical that **this case** (*K.B I*) be reopened and a final judgment entered. Otherwise, the School District will be deprived of its right to appeal

---

[1] References to *K.B. I*, are to this case, *K.B. v. MSCS,* No. 2:25-cv-02464 (the original judicial review action of the Original IDEA due process case). *K.B. II* refers to *K.B. v. MSCS*, No. 2:25-cv-02265 (the Parent's civil action seeking judicial review of the remand proceedings before the ALJ). *K.B. III* refers to *MSCS v. K.B.*, No. 2:25-cv-02406 (the School District's civil action seeking judicial review of the remand proceedings before the ALJ).

2

the District Court's Judgment on the Administrative Record in this case [ECF No. 104; 106], including without limitation the District Court's decision to improperly remand certain issues to the Administrative Law Judge. Indeed, the School District previously attempted to exercise its right to appeal the District Court's Judgment on the Administrative Record. ECF No. 107. The Parent moved to dismiss the School District's appeal, **arguing that no final judgment had been entered**. ECF No. 123. The Sixth Circuit granted the Parent's motion to dismiss, explicitly finding that the District Court's Judgment on the Administrative Record was **not a Final Judgment** and dismissing the School District's appeal. ECF No. 123. The School District was previously denied its opportunity to appeal the District Court's Judgment on the Administrative Record, and a denial of its Motion to Reopen would unlawfully deprive the School District of its right to an appeal.

This is exactly the outcome that the plaintiff in *C.W. by and through B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1222-23 (10th Cir. 2021), sought to avoid and argued was reason that the Tenth Circuit Court of Appeals should consider the district court's remand order a final order. Although, the Tenth Circuit rejected the *C.W.* plaintiff's argument, it reasoned the parties **would not be denied** opportunity to seek appeal after the outcome of remand, **including the orders issued prior to the remand**, because the case would be stayed during the remand proceedings and the district court would retain jurisdiction over the remand proceedings. *Id.* It explained that "the district court may enter a final judgment only after the administrative remand concludes and it has adjudicated any appeal by [the parties] of the ALJ's decision on remand[,]" and "[o]nce the district court enters a proper final judgment, all interlocutory orders, including summary judgment on the non-IDEA claims, will merge into it," and the parties "thus will be able to appeal the district court's summary judgment ruling." *Id.*

3

### B. The School District's reliance on *C.W.* is consistent with how it treated *C.W.* on appeal and it is required by the law of the case doctrine.

The Parent's argument that the School District has taken conflicting positions about the application of *C.W.* before the Sixth Circuit and now before this Court is meritless. In opposing the Parent's motion to dismiss the appeal, the School District argued the same position that the *C.W.* plaintiff argued: the remand order should be treated as final because otherwise it would escape subsequent appellate review. The School District, however, distinguished the outcome of *C.W.* case because the remand itself was not the subject of the appeal and because the *C.W.* court had not found that the record contained insufficient proof as to the appropriate relief. While the School District acknowledged the differences in the legal issues subject to the remand, it did not argue that the cases were procedurally different. In any event, the Sixth Circuit disagreed with the School District's argument that *C.W.* supported the Court's exercise of jurisdiction over the appeal, instead adopting the Parent's position that the "the remand is not a final appealable order." ECF No. 123.

The Parent's current attempt to characterize the School District's reliance on *C.W.* as somehow duplicitous ignores the School District's obligation to follow Sixth Circuit's determination that the Judgment on the Administrative Record was non-final as the law of the case. *See* ECF No. 123. Consistent with the law of the case, the School District argued in its Motion to Reopen that *C.W.* supports the reopening of this case because, as the Sixth Circuit already found, a remand order does not conclude the case and therefore is not a final judgment. *See GMAC Mortgage, LLC v. McKeever*, 651 Fed. Appx. 332 (6th Cir. 2016). ("The law-of-the-case doctrine "provides that the courts should not reconsider a matter once resolved in a continuing proceeding." (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015))). After successfully moving the Sixth Circuit to dismiss the School District's appeal of the District Court's

4

remand order on grounds it was non-final, the Parent cannot now be heard to argue that the District Court's remand order actually **is** a final judgment after all. Such a result would violate the law-of-the-case doctrine and unlawfully deprive the School District of its right to appeal that order.

**C. Reopening *K.B. I* is crucial to maintaining the School District's right to appeal and to avoiding inconsistent results in *K.B. I, K.B. II,* and *K.B.III.***

Moreover, the School District respectfully maintains its position that the District Court's remand to the ALJ in the Judgment on the Administrative Record, ECF No. 104, was legally and procedurally improper, and the School District must be permitted an opportunity to make that argument to the Sixth Circuit on appeal. To prevent the Judgment on the Administrative Record, including but not limited to remand, from escaping appellate review, the Court should reopen *K.B. I*, and select any of three options identified in the School District's Motion to Reopen:

(1) grant the Motion to Reopen, stay *K.B. II* and *K.B. III*, enter a final judgment in this case, *K.B. I*, that adjudicates the Parties' judicial review of the orders issued by the ALJ on remand, and enter a final judgment on *K.B. II* and *K.B. III*, consistent with the entry of the final judgment in this case;

(2) grant the Motion to Reopen, treat *K.B. II* and *K.B. III* as supplemental pleadings to *K.B. I*, under Rule 15 (d), and enter one final judgment in this case, which fully adjudicates the merits of the ALJ's orders on remand as raised in *K.B. II* and *K.B. III*; or

(3) grant the Motion to Reopen, consolidate the *K.B. II* and *K.B. III* with *K.B. I* as the lead docket number, and enter a final judgment in the consolidated cases that fully adjudicates the merits of the ALJ's orders on remand as raised in the civil actions for judicial review.

These options will not only prevent the orders in *K.B. I* from escaping appellate review but also will prevent inconsistent outcomes among *K.B. I, K.B. II,* and *K.B. III*. The Parent argues that the School District is not without recourse to appeal the outcome of *K.B. I* because once the Court issues an order on the Parent's Motion for Attorneys' Fees in *K.B. I*, the School District can appeal, but this is incorrect. The Parent's position deprives the School District of its right to appeal.

5

To illustrate the logical fallacy in the Parent's position and the necessity of reopening *K.B. I*, the Court should consider the following hypothetical. Hypothetically, the School District could have determined that the ALJ's Orders on Remand were without reviewable error, yet seek reversal of the Judgment on the Administrative Record in *K.B. I*, including but not limited to the remand itself. If the School District were successful on appeal of this nature, the result would reverse the remand proceedings themselves, including but not limited to the ALJ's award on the remand proceedings. If *K.B. I* is not reopened, however, the School District would expose itself to a waiver and/or mootness argument that the Parent would undoubtedly raise.

As this hypothetical lays bare, the School District would be without a practical means for recovering any funds awarded pursuant to the outcome of the Remand Proceedings or the Parent's civil action seeking review of the same, given risk of inconsistent results and having each of the three cases on different appellate timelines. The Parent's argument on this issue takes a narrow view of the cases he has already described to the court as "involv[ing] the same student, school district, and operative facts as two other related cases" as "shar[ing] common questions of law and fact." *K.B.* III, ECF No. 9, PageID 85, Parent's Motion to Reassign (arguing reassignment would "promote judicial efficiency, avoid inconsistent rulings, and reduce unnecessary costs and delays for the parties.").[2]

## **CONCLUSION**

Because these three cases are in fact one and the same, the appropriate approach is to grant the School District's Motion to Reopen. The Court is free to grant the Motion to Reopen in *K.B. I* and decide the Motion to Dismiss in *K.B II* differently, pursuant to Rule 54(b). The School District's reliance on *C.W.* is aligned to how it approached *C.W.* previously before the Sixth Circuit,

---

[2] The School District only opposed the Motion to Reassign on grounds that it failed to acknowledge that the three cases are actually the same case.

and more relevantly, required by the law of the case doctrine, in light of the Sixth Circuit's determination that the Judgment on the Administrative Record was nonfinal. Granting the Motion to Reopen is critical to preserving the School District's Right to Appeal and avoiding inconsistent judgments and appellate timelines in each of the three cases.

Dated: June 27, 2025   Respectfully Submitted,

s/Laura Ann E. Bailey
LAURA ANN E. BAILEY (TN BPR #027078)
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood St., Room 218
901-416-6372 (direct phone)
901-416-6370 (main phone)
901-416-6374 (fax)
baileyla@scsk12.org
*Attorney for Memphis-Shelby County Schools*

KASHONDA L. DAY (MS BPR #103144)
Adams and Reese, LLP
1018 Highland Colony Pkwy
Suite 800
Ridgeland, MS 39157
601-292-0785 (direct phone)
601-353-3235 (main phone)
601-944-9339 (fax)
kashonda.day@arlaw.com
*Attorney for Memphis-Shelby County Schools*
*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the forgoing was served upon counsel of record for Plaintiff via this Court's electronic filing system this 27th day of June, 2025.

                                        s/Laura Ann E. Bailey
                                        LAURA ANN E. BAILEY