IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| K.B., by and through his Parent, K.B., | ) | |
| | ) | |
| Plaintiffs/Defendants, | ) | |
| | ) | No. 2:22-cv-02464-TLP-cgc |
| v. | ) | No. 2:25-cv-02265-TLP-tmp |
| | ) | No. 2:25-cv-02406-TLP-atc |
| MEMPHIS-SHELBY COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant/Plaintiff. | ) | |

**ORDER ON PENDING MOTIONS IN *K.B. I, II,* AND *III***

The Court considers motions in three separate yet intertwined cases.[1] In *K.B. v. Memphis-Shelby County Schools*, No. 2:22-cv-02464 ("*K.B. I*"), Memphis-Shelby County Schools ("MSCS") moves to reopen.[2] (ECF Nos. 139.) In *K.B. v. Memphis-Shelby County Schools*, No. 2:25-cv-02265 ("*K.B. II*"), K.B. moves to dismiss MSCS's Counter Complaint. (ECF No. 18.) And in *Memphis-Shelby County Schools*, No. 2:25-cv-02406 ("*K.B. III*"), K.B. moves to dismiss. (ECF No. 13.) For the reasons below, the Court **DENIES** MSCS's Motion to Reopen in *K.B. I*; **GRANTS** K.B.'s Motion to Dismiss in *K.B. II*; and **DENIES** K.B.'s Motion to Dismiss in *K.B. III*.

**BACKGROUND**

As the Sixth Circuit observed, "[t]his action is only the latest stop on K.B.'s long and winding journey to the special education and accommodations he needs to obtain the free

---

[1] Because the motions involve similar issues and the same background, the Court finds it appropriate to address them together.
[2] The Court will address K.B.'s Motion for Attorneys' Fees (ECF No. 131) by separate order.

1

appropriate public education ("FAPE") guaranteed to him by the [Individuals with Disabilities Education Act ("IDEA")]." *K.B. v. Memphis Shelby Cnty., TN Schs.*, No. 24-5345, 2024 WL 4553357, at *1 (6th Cir. Aug. 21, 2024).  This Court now summarizes that journey.

K.B. is a grade-school student with autism, intellectual disability, and attention deficit hyperactivity disorder.  (*K.B. I*, ECF No. 104 at PageID 5599.)  During the 2020–2021 school year, he moved to Memphis, Tennessee and registered with MSCS.  (*Id.*)  K.B. and his Parent[3] allege that during the 2020–2021, MSCS failed to identify K.B. as a student with a disability, failed to properly evaluate him, and failed to provide him with a FAPE as required by the IDEA.  (*See id.* at PageID 5599–5600.)  They also allege that these violations continued into the next school year.  (*Id.*)  So they brought these claims before an Administrative Law Judge ("ALJ").  (*Id.*)  The ALJ for the Tennessee Department of Education, Division of Special Education, held a hearing and adjudicated the claims.  (*Id.*)

The ALJ issued its Final Order on May 17, 2022, finding in K.B.'s favor for some claims but not all.  (*Id.* at PageID 5600.)  The ALJ found that MSCS did not provide K.B. with a FAPE from his 2020 enrollment through October 2021, which is the date MSCS implemented a formal Individual Education Plan ("IEP") for K.B.  (*Id.*)  But the ALJ also found that K.B. had not met his burden of proof to show that MSCS denied him a FAPE after the October 2021 IEP.  (*See id.*)

Enter *K.B. I*.  K.B. sued here challenging the ALJ's decision.  (*K.B. I*, ECF No. 1.)  The Parties eventually moved for judgment on the administrative record.  (ECF Nos. 40, 41.)  And the Court ruled on those motions in March 2024, reversing the ALJ in part after finding that the October 2021 IEP was lacking under the IDEA.  (ECF No. 104.)  But because the record was

---

[3] The Court refers to these Plaintiffs as "K.B." throughout this Order.  (*But cf. K.B. I*, ECF No. 104 at PageID 5598 n.1 (discussing the differences between referring to K.B. and his Parent as "Plaintiff" or "Plaintiffs").

2

incomplete, the Court remanded the case to the ALJ to consider (1) whether K.B.'s second IEP, which MSCS implemented in March 2022, was sufficient; and (2) whether K.B.'s new school had adequate resources to provide him services that were lacking from the October 2021 IEP. (*Id.*)

MSCS appealed before the ALJ acted on the remand. (*See K.B. I*, ECF Nos. 106, 107.) But the Sixth Circuit dismissed the appeal after finding that the "remand [was] not a final appealable order." (*K.B. I*, ECF No. 123.) *See K. B.*, 2024 WL 4553357, at *1 ("Ordinarily an order remanding for further administrative proceedings is not a final order which is immediately appealable." (quoting *Shuck v. Frank*, 27 F.3d 194, 196 (6th Cir. 1994)).

On remand, the ALJ issued three more orders. (*Id.*) The ALJ issued its first "Final Order on Remand" on January 6, 2026, awarding K.B. over 3,000 hours of Applied Behavior Analysis therapy services and ordering MSCS to use a monetary fund to pay for it. (*K.B. I*, ECF No. 136-1.) But it also found that under 20 U.S.C. § 1415(f)(3)(B), K.B. was not entitled to his claims between March 14, 2022, and May 17, 2022. (*Id.* at PageID 6372.) MSCS then petitioned for reconsideration. In an order a few weeks later, after further briefing from the parties, the ALJ determined the rate for K.B.'s therapy services. (ECF No. 136-10.) And on February 10, 2025, in its "Final Order after PFR", the ALJ granted MSCS's petition for reconsideration in part. (ECF No. 136-2.) It ordered that K.B. could submit his invoices directly to MSCS for payment instead of MSCS paying for K.B.'s therapy through a monetary fund. (*See id.* at PageID 6401–02.)

Now enter *K.B. II*. Unsatisfied with ALJ's orders on remand, K.B. sought judicial review for a second time and sued here again. *See K.B. II*, No. 25-2265. K.B. asserts that the ALJ erred when it found that his claims from March 14, 2022, to May 17, 2022, were not allowable under

3

20 U.S.C. § 1415(f)(3)(B).  (ECF No. 1 at PageID 10.)  They ask the Court to dismiss the ALJ's February 10, 2025, order and require MSCS to place the ALJ's compensatory education award into a special needs trust for K.B.  (*Id.*)

MSCS answered on June 25, 2025, and asserted a Counter Complaint.  (ECF No. 13.)  MSCS wants to submit additional evidence to challenge the "ALJ's January 6, 2025 Final Order as amended by the February 10, 2025 Final Order after Petition for Reconsideration as it relates to the compensatory education award of ABA services."  (*Id.* at PageID 168.)  It also seeks judicial review "on the record as a whole."  (*Id.*)  K.B. moves to dismiss the Counter Complaint, arguing that it is time barred by the IDEA and Tennessee law.  (ECF No. 18.)

Next up is *K.B. III*.  MSCS also sued K.B. on April 12, 2025, challenging the ALJ's remand orders.  *See K.B. III*, No. 25-2406.  MSCS alleges the same claims it asserted in its *K.B. II* Counter Complaint.  (*Compare K.B. III*, ECF No. 1 at PageID 1–33, *with K.B. II*, ECF No. 13 at PageID 137–68.)  K.B. also moves to dismiss this case as untimely.  (ECF No. 13.)

That is not all.  MSCS moved to reopen *K.B. I* on May 21, 2025.  (ECF No. 139.)  It wants to supplement that case's administrative record with the record on remand and move again for a new judgment on the record.  (*Id.* at PageID 7057.)  But K.B. opposes the Motion, again arguing that it is time barred by the IDEA and Tennessee law.  (ECF No. 142.)  With all that in mind, the Court now untangles these three related motions.

## **ANALYSIS**

A key dispute here centers around one issue—timeliness.  The Court first addresses the applicable limitations period before determining which ALJ order triggered the limitations clock.  It then applies that analysis to *K.B. I*, *II*, and *III*.

4

The IDEA is a federal law that ensures children with disabilities receive a free appropriate public education ("FAPE"). *See Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 390–91 (2017); 20 U.S.C. § 1400 *et seq*. As part of the IDEA's procedural safeguards, parents can file an administrative complaint to challenge their child's FAPE. *See* 20 U.S.C. § 1415(b)(6). That complaint triggers an impartial due process hearing. *See* § 1415(f)(1)(A), (3)(A). Those hearings in Tennessee are handled by ALJs who have received training in special education law. *See* Tenn. Code Ann. § 49-10-606(b). And once the administrative process concludes, the "losing party" can seek judicial review in state or federal court. *Endrew F.*, 580 U.S. at 392 (citing 20 U.S.C. § 1415(i)(2)(A)).

The opportunity for judicial review comes with a time limit. Before 2004, courts borrowed time limitations from the most comparable state statute. *See King ex rel. King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 624 (6th Cir. 2000) ("Because the Act contains no specific statute of limitations, the most appropriate Tennessee statute of limitations must be determined by the Court." (citing *Janzen v. Knox Cnty. Bd. of Educ.*, 790 F.2d 484, 486 (6th Cir. 1986)). But Congress amended the IDEA in 2004 to include its own time limitation while still providing a chance to consider state statutes. *See* Pub. L. No. 108-446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005. So now, the party seeking review must do so within "90 days from the date of the decision of the hearing officer . . . or, if the State has *an explicit time limitation* for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B) (emphasis added).

K.B. argues that Tennessee law provides for a 60-day "explicit time limitation." (*See K.B. I*, ECF No. 142; *K.B. II*, ECF No. 18; *K.B. III*, ECF No. 13.) He cites the judicial review statute in Tennessee's Uniform Administrative Procedures Act, which provides that "[p]etitions

5

seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). He also points out that the ALJ's orders here conclude with an explanation that a party "may file an appeal . . . in federal or state court within 60 days of the entry of the Final Order." (*See K.B. III*, ECF No. 20 at PageID 185 (citing ALJ orders).)

MSCS disagrees. (*See K.B. I*, ECF No. 145; *K.B. II*, ECF No. 23; *K.B. III*, ECF No. 19.) Its argues that this Tennessee statute applies only to judicial review in *state courts*. *See* Tenn. Code Ann. § 4-5-322(b)(1)(B)(ii) ("A person who is aggrieved by the final determination of a hearing officer or local board of education in a special education hearing conducted pursuant to § 49-10-606 may file a petition for review in the chancery court of Davidson County or, alternatively, in the county in which the petitioner resides.").

The Sixth Circuit has not yet addressed whether Tennessee Code Annotated section 4-5-322 creates the type of "explicit time limitation" contemplated by the IDEA. Nor has another district court. But—as the Parties note—the Sixth Circuit applied state statutes of limitation to IDEA "appeals" in cases before the 2004 amendment. For example, it upheld Ohio's 45-day limitation for appealing special educations to federal court. *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss ex rel. Boss*, 144 F.3d 391, 397 (6th Cir. 1998) (reasoning that "Ohio has a statute of limitations . . . specifically for appeals from [ALJs] in actions under the IDEA and Ohio's parallel law"). And it did the same for Kentucky's 30-day limitation period. *King*, 228 F.3d at 627. Yet these cases do not apply here because they all pre-date § 1415(i)(2)(B).

So the Court starts from scratch. Although the IDEA does not define "explicit," Black's Law Dictionary says it simply means "[c]lear, open, direct, or exact" or something "[e]xpressed without ambiguity or vagueness; leaving no doubt." *Explicit*, *Black's Law Dictionary* (12th ed.

6

2024). So the Court looks to section 4-5-322 to determine whether it creates a clear, open, direct, or exact time limitation for bringing IDEA actions.

The Tennessee statute does not refer to the IDEA nor does it contemplate bringing a civil action in federal court. Instead, section 4-5-322 is cabined to state court venue. The statute starts off by stating that "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). Subsection (b) explains that "[p]roceedings for review are instituted by filing a petition for review in chancery court." *Id.* at § 4-5-322(b)(1)(A)(i). It then provides the 60-day limitation for challenging an agency's final order. *Id.* at § 4-5-322(b)(1)(A)(iv). Shortly after that comes the only reference to special education. The statute directs that a "person who is aggrieved by the final determination of a hearing officer . . . in a special education hearing . . . may file a petition for review in the chancery court of Davidson County or, alternatively, in the county which the petitioner resides." *Id.* at § 4-5-322(b)(1)(B)(ii).

A comparison to other state statutes supports this reading. Ohio's Education of Disabled Children statute gives any aggrieved party 45 days to appeal a final order in a state court *or* "to a district court of the United States within ninety days after the date of the decision of the state level review officer, as provided in section 615(i)(2) of the 'Individuals with Disabilities Education Improvement Act of 2004.'" Ohio Rev. Code Ann. § 3323.05(H). And Michigan law does much of the same. It provides that after an ALJ conducts "a hearing in accordance with the Individual with Disabilities Education Act," any aggrieved party "may appeal to a court of competent jurisdiction. . . within 90 days." Mich. Admin. Code R. 340.1724f(4); *see Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *2 (W.D. Mich. Feb. 4, 2013).

These comparisons, while not dispositive, leave doubt as to whether Tennessee Code Annotated section 4-5-322 is an explicit time limitation as required by the IDEA.

Even without comparisons, the Court finds that the IDEA's reference to "explicit" requires a state statute to refer to the IDEA or—at the very least—refer to special education challenges in federal court. This state statute does neither. Any other conclusion would make § 1415(i)(2)(B)'s "explicit time limitation" superfluous. *See Corley v. United States*, 556 U.S. 303, 314 (2009) (citation omitted) (explaining that courts construe statutory text "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."); Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("If possible, every word and every provision is to be given effect."). Because of that, Tennessee Code Annotated section 4-5-322(b)(1)(A)(iv) does not create an explicit time limitation for bringing a civil action under the IDEA. So the default 90-day limitation in § 1415(i)(2)(B)'s applies here.[4]

Having answered the question about the length of the limitations period, the Court turns to the question of which ALJ order started that 90-day clock. The ALJ issued orders on January 6, January 27, and February 10, 2025. K.B. urges the Court to use the first order as its measuring stick; MSCS argues for the latter.

The Court agrees with MSCS for a few reasons. Both Parties challenge the February 10th order. The ALJ labeled both its January 6 and February 10, 2025, orders as "final." (*See K.B. I*, ECF Nos. 136-1, 136-10.) And critically, the February 10th order is the only order that

---

[4] The Court acknowledges that the ALJ's orders provided for Tennessee's 60-day limitation period in state and federal court. So perhaps it is puzzling why MSCS waited over 60 days to bring its challenges. But the ALJ's orders do not mean that 60-days apply as a matter of law. Nor does MSCS's mistaken belief, at least at first, that it missed the 60-day window. (*See K.B. III*, ECF No. 20 at 185.)

concluded the remand proceedings—it was not until then that the ALJ finished its decision making.  *See* 20 U.S.C. § 1415(i)(1)(A) ("A decision made in a hearing conducted pursuant to subsection (f) [impartial due process hearing] . . . shall be final . . . .").

For these reasons, the Court finds that the 90-day limitation in § 1415(i)(2)(B) applies to these proceedings.  And that clock began to run when the ALJ issued its last and final order on February 10, 2025.  This means that MSCS had through May 11, 2025, to seek judicial review.  The Court now applies that date in the cases below.

## I.   *K.B. I*

MSCS moved to reopen *K.B. I* on May 21, 2025.  (*K.B. I*, ECF No. 139.)  It asks the Court to allow the Parties to supplement the record and move again for judgment on the record.  (*K.B. I*, ECF No. 139.)  In other words, MSCS hopes to use *K.B. I*—not its Counter Complaint in *K.B. II*, nor or its Complaint in *K.B. III*—as its procedural avenue judicial review.  But the time for it do so in this case has passed.  Because MSCS moved after the 90-day limitation period ended, the Court **DENIES** MSCS's Motion to Reopen.[5]

## II.   *K.B. II*

The timing issue in *K.B. II* is not as straightforward.  MSCS answered *K.B. II* and filed a Counter Complaint on June 25, 2025.  (*K.B. II*, ECF No. 13.)  K.B. moved to dismiss almost four months later,  arguing that MSCS's Counter Complaint is time barred.  (ECF No. 18.)  In response, MSCS claims that K.B. waived this argument because he moved for dismissal after the time allowed by Rule 12.  (ECF No. 23 at PageID 1622).

---

[5] In its reply, MSCS clarifies that one of the reasons it filed this Motion was to preserve its right to appeal the March 2024 Judgment on the Administrative Record.  (*See K.B. I*, ECF No. 145 at PageID 7134.)  So in that sense, for the reasons noted below, the Court has granted MSCS part of the relief it seeks here.

Two wrongs do not make a right. It is true that MSCS's Counter Complaint is outside the 90-day limitations period. *See* 20 U.S.C. § 1415(i)(2)(B). But it is also true that K.B. moved to dismiss well past its deadline. *See* Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). So the question becomes whose mistake is outcome determinative.

K.B. wins out. He correctly argues that the Court can still consider his untimely motion to dismiss because the IDEA's limitation period is jurisdictional. (*See* ECF No. 18-1 at PageID 192; ECF No. 24 at PageID 1628.) *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). That is because the Sixth Circuit has already applied the same jurisdictional analysis proposed by K.B.

In *Boss*, the Sixth Circuit reasoned:

> Because the Bosses' cross-appeal of the SLRO's ruling regarding the 1993–94 school year was filed in the district court seventy-eight days after the decision was issued, it was indeed untimely. Therefore, the district court did not, and we do not, have jurisdiction to review the SLRO's ruling denying the Bosses reimbursement for the 1993–94 school year.

144 F.3d at 397. That case governs despite it predating the IDEA's 2004 amendment. Even though *Boss* did not consider § 1415(i)(2)(B), its ruling makes certain that when a party fails to comply with IDEA filing deadlines—even in a "cross-appeal"—courts lack the authority to hear that party's claims. So here, as in *Boss*, this Court does not have jurisdiction over MSCS's Counter Complaint because it was filed after the IDEA's 90-day limit.

With that said, the Court acknowledges that the days of *Boss*'s applicability may be numbered. The Sixth Circuit has more recently "re-assessed the line between jurisdictional and claims-processing requirements in several settings." *Hoogerheide v. I.R.S.*, 637 F.3d 634, 3636

10

(6th Cir. 2011); *see Gunter v. Bemis Co.*, 906 F.3d 484, 493 (6th Cir. 2018) ("Over the last twenty years, one Supreme Court decision after another instructs the lower courts to be more judicious about labeling deadlines jurisdictional."); *Oquendo v. Comm'r of Internal Revenue*, 148 F.4th 820, 830 (6th Cir. 2025) (Indeed, the Supreme Court has cautioned that 'unrefined dispositions' of jurisdictional matters 'should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit.'" (citations omitted)).

But the Sixth Circuit has yet to reassess such lines in the IDEA context. *Cf. Doe by K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076, 1084 (6th Cir. 2023) (discussing the IDEA) ("The district court expressed understandable uncertainty over whether the exhaustion provision imposed a jurisdictional limit (that the court had a duty to raise on its own) or a claims-processing rule (that a defendant could forfeit). . . . Be that as it may, we can save this issue for another day.").

When faced with the Sixth Circuit's clear language in *Boss*, it is not this Court's role to read the tea leaves to divine future rulings. *Compare Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *4 (W.D. Mich. Feb. 4, 2013) ("It is clear from the Sixth Circuit's decision in *Boss* that if a party does not comply with the applicable deadlines for filing an IDEA appeal, then the district court must dismiss the case for a lack of subject-matter jurisdiction."), *with Henke v. E. Landing Pub. Schs.*, No. 1:25-CV-680, 2025 WL 3652906, at *3 (W.D. Mich. Dec. 17, 2025) ("Although *Boss*'s reasoning implies that *any* dismissal of an IDEA claim on limitations grounds is jurisdictional, that reasoning cannot override interpretive principles developed after *Boss* was decided.").

11

The Court therefore **GRANTS** K.B's Motion to Dismiss.[6]

### III.   *K.B. III*

MSCS sued for judicial review on April 12, 2025.  (*K.B. III*, ECF No. 1.)  Because that is within the 90-day limitation period provided by § 1415(i)(2)(B), the Court **DENIES** K.B.'s Motion to Dismiss.

## CONCLUSION

For the reasons above, the Court **DENIES** MSCS's Motion to Reopen in *K.B. I*; **GRANTS** K.B.'s Motion to Dismiss in *K.B. II*; and **DENIES** K.B.'s Motion to Dismiss in *K.B. III*.

**SO ORDERED**, this 23rd day of February, 2026.

                                         s/ Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE

---

[6] MSCS's Counter Complaint in *K.B. II* are identical to its Complaint in *K.B. III*.  (ECF No. 24 at PageID 1633.)  Because of that, dismissing its Counter Complaint here has little practical effect on its claims.