**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Kelly L. Stephens | 100 EAST FIFTH STREET, ROOM 540 | Tel. (513) 564-7000 |
| Clerk | POTTER STEWART U.S. COURTHOUSE | www.ca6.uscourts.gov |
|  | CINCINNATI, OHIO 45202-3988 |  |

Filed:  April 29, 2026

Ms. Laura Ann Elizabeth Bailey
Shelby County Board of Education
Office of General Counsel
160 S. Hollywood Street
Suite 218
Memphis, TN 38103

> Re:  Case No. 26-5251
> *K. B., et al v. Memphis Shelby County, TN Schools*
> Originating Case No. 2:22-cv-024642:25-cv-022652:25-cv-02406

Dear Counsel,

This appeal has been docketed as case number **26-5251** with the caption that is enclosed on a separate page.  The appellate case number and caption must appear on all filings submitted to the Court.  If the filing fee was not paid when the notice of appeal was filed, it must be paid to the district court immediately.

Before preparing any documents to be filed, counsel are strongly encouraged to read the Sixth Circuit Rules at www.ca6.uscourts.gov.  If you have not established a PACER account and registered with this court as an ECF filer, you should do so immediately.  Your password for district court filings will not work in the appellate ECF system.

At this stage of the appeal, the following case opening items should be docketed with the Clerk's office by **May 13, 2026**.  The Disclosure of Corporate Affiliations and Civil Appeal Statement are now automated entries.  Filers may still use the form 6CA-1 and 6CA-53 located on the Court's website if the automated entries do not provide sufficient space.  Additionally, the transcript order must be completed by that date.  For further information and instructions on ordering transcript electronically, please visit the court's website.

Appellant:    Appearance of Counsel
Civil Appeal Statement of Parties & Issues
Disclosure of Corporate Affiliations
Application for Admission to 6th Circuit Bar (if applicable)

Appellee:     Appearance of Counsel
Disclosure of Corporate Affiliations
Application for Admission to 6th Circuit Bar (if applicable)

If appellant's case opening items are not timely filed or necessary fees paid, the appeal will be dismissed for want of prosecution.  If you have questions after reviewing the rules, please contact the Clerk's office for assistance.

Sincerely yours,

s/Kelly Stephens, Clerk

Appeal Case Manager: Gretchen
Direct Dial No. 513-564-7018

cc: Mr. Michael Franklin Braun
    Ms. Janet Goode

Enclosure

**OFFICIAL COURT OF APPEALS CAPTION FOR 26-5251**

K. B., minor student; K. B., student's parent

      Plaintiffs - Appellees

v.

MEMPHIS SHELBY COUNTY, TN SCHOOLS

      Defendant - Appellant

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| K.B., by and through his Parent, K.B, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-02464-TLP-cgc |
| ) | |
| MEMPHIS-SHELBY COUNTY ) | |
| SCHOOLS, ) | |
| ) | |
|     Defendant. ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 59 AND/OR MOTION FOR
RELIEF FROM JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60**

Before the Court is Plaintiffs' Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59 and/or Motion for Relief from Judgment under Federal Rule of Civil Procedure 60. For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to the extent that the Judgment (Doc. 149) is **VACATED**. Judge Parker's order denying Memphis School's motion to reopen this case (Doc. 148 at 9) stands as the final disposition of this long-closed case. Plaintiffs' Motion is otherwise **DENIED**, as the sought-after relief is both moot and unnecessary.

## PROCEDURAL HISTORY

This matter, referred to as *K.B. I.*, has been pending for five years. Plaintiffs are seeking to alter or amend (or receive relief from) a judgment entered on February 24 (Doc. 149), but an understanding of some of the events that preceded that judgment is necessary to understand the disposition of Plaintiffs' Motion.

The case involves claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. Plaintiffs, minor K.B. and his parent, claim that Memphis-Shelby County Schools ("Memphis Schools") failed to identify K.B. as a student with disabilities and denied him a Free Appropriate Public Education ("FAPE") as required by IDEA. They first sought relief through the Tennessee administrative process, where the Tennessee Administrative Law Judge ("ALJ") rejected Plaintiffs' claims in part, holding as relevant that Memphis Schools have provided a FAPE since October 2021. Doc. 1-3 at 3. Plaintiffs disagreed with that conclusion, as well as the amount of the compensatory education award imposed by the Tennessee ALJ to remedy the consequences of Memphis Schools' earlier failure to provide a FAPE. Doc. 1 at 1–2.

1.      *K.B. 1*, **the first federal filing.** Plaintiffs challenged the ALJ's conclusions in this Court, via a complaint making a purported "appeal" of the ALJ's decision and bearing Number 22-cv-02464. Doc. 1. *See* 20 U.S.C. § 1415(i)(2) (authorizing "[a]ny party aggrieved" by certain decisions made by state administrators to "bring a civil action … which action may be brought … in a district court of the United States"). Judge John Fowlkes originally had the case, before transferring it to Judge Jon McCalla approximately one year into the proceedings. Docs. 2, 26.

In April 2024, Judge McCalla issued a judgment "remand[ing]" the case "to the Administrative Law Judge for proceedings consistent with the Court's Judgment and the Administrative Record." Doc. 106. While the judgment did not itself elaborate on the nature of the purported remand, it referred to the Court's earlier Judgment on the Administrative Record.  In that Judgment on the Administrative Record, Judge McCalla found that further factual development and reanalysis was needed to determine whether Memphis Schools failed to provide a FAPE from October 2021 to May 2022, and he remanded for that purpose. Doc. 104 at 17–18. Judge McCalla also "remand[ed] for further proceedings" to (2) develop the factual record

concerning "whether K.B. can be appropriately placed at [Memphis Schools] or a private placement" and (3) "determination of reasonable costs and attorneys fees." Doc. 104 at 1. Plaintiffs followed up on (3) with a motion for attorneys fees on April 19, 2024, Doc. 109, prompting Judge McCalla to clarify "that the issue of attorneys' fees is not before the ALJ on remand," but that "either party may file a determination of attorneys' fees by the Court" "[a]fter the conclusion of the administrative proceedings." Doc. 127 at 6.

Memphis Schools appealed, but Plaintiffs succeeded in moving the Sixth Circuit to dismiss the appeal due to lack of finality. *K.B. v. Memphis Shelby Cnty. Schools*, No. 24-5345, 2024 WL 4553357, at *1 (6th Cir. 2024). Specifically, the Sixth Circuit held that the remand for further factual development, due to the "uncommon procedural posture and unique facts of this case," did not qualify as a final, appealable order. *Id.* at 2.

2.      **Renewed administrative proceedings, followed by *K.B. 2* and *K.B. 3*, the second and third federal filings.** On "remand," the Tennessee ALJ in February 2025 issued an order that awarded K.B. 3,000 hours of compensatory Applied Behavioral Analysis therapy and 18 hours of speech-language services, collectively valued at over $283,000. Doc. 150-1 at 2. The Tennessee ALJ also determined that Memphis Schools likely could not provide the awarded compensatory services itself, and (after reconsideration) that Plaintiffs could submit invoices from providers directly to MSCS (instead of requiring a compensatory education fund or trust). *Id.* at 6–7. But it also found that Plaintiffs were not entitled to their claims between March 14, 2022 and March 17, 2022.

Both sides "appealed" the Tennessee ALJ's findings via a new lawsuit.

In March 2025, Plaintiffs filed *K.B. 2*, No. 2:25-cv-02265, claiming (among other things) that the Tennessee ALJ erred in refusing to allow claims for the period from March 2022 through

3

May 2022, and in refusing to require a special needs trust. *K.B. 2*, Doc. 1. Plaintiffs also sought litigation costs and attorneys fees. *Id.* at 10. Memphis Schools filed a countercomplaint by which it sought reversal or vacatur of the Tennessee ALJ's decision to the extent Plaintiffs prevailed. *Id.* at 13.

In April 2025, Memphis Schools filed its own complaint "appealing" the Tennessee ALJ's conclusions on remand.  In that case—*K.B. 3*, No. 25-cv-02265—Memphis Schools sought leave to submit additional evidence of K.B.'s progress and, ultimately, a reversal or vacatur of the Tennessee ALJ's decision to the extent Plaintiffs prevailed. No. 25-cv-02265, Doc.1.

**3.** **Return to *K.B. 1* and Plaintiffs' Motion to Reconsider or for Relief from Judgment.** At roughly the same time *K.B. 2* and *K.B. 3* were filed, Plaintiffs filed a renewed motion for attorneys fees and costs in *K.B. 1*. Doc. 128, 131. And, in May 2025, Memphis Schools moved to reopen *K.B. 1* and to supplement the record (with the administrative record on "remand") so that "a final order is entered in this case, including any judicial review of the outcome of the interlocutory remand order" because, "otherwise, this Court's orders on the case become unreviewable due to the absence of a final order in this case." Doc. 139 at 1.

**A.** Judge Parker, newly assigned to these matters in May 2025, sought to efficiently address open issues concerning timeliness in *K.B. 1*, *K.B. 2*, and *K.B. 3* via an omnibus order. Doc. 148.

Specifically, Judge Parker made the following findings about timeliness: (1) Memphis Schools' effort to reopen *K.B. 1* (May 21, 2025) was untimely; (2) Memphis Schools' countercomplaint (June 25, 2025) in *K.B. 2* was untimely; and (3) Memphis Schools timely filed *K.B. 3* (April 12, 2025). Doc. 148 at 8, 10, 12.  Those findings rested on two primary conclusions. One, Judge Parker concluded that the IDEA's default 90-day limitations period—and not a 60-day

4

limitations period provided by Tennessee statute—applied. *Id.* at 7–8. Two, the Court concluded that the Tennessee ALJ's final, February 10, 2025, order triggered the running of that 90-day clock. *Id.* at 8. As a result, Judge Parker denied Memphis Schools' motion to reopen *K.B. 1* (as well as granting Plaintiffs' motion to dismiss the counterclaim in *K.B. 2* and denying Plaintiffs' motion to dismiss *K.B. 3*). *Id.* at 12.

Notably—for reasons that will be apparent below—Judge Parker acknowledged Plaintiffs' Motion for Attorneys' Fees in *K.B. 1* and stated that he would "address [it] by separate order." *Id.* at 1 n.2.

**B.**      The next day, Judge Parker entered the judgment that is the object of Plaintiffs' Motion. The Judgment states, in full:

> This action came before the Court on Plaintiff's Complaint, filed on July 18, 2022. (ECF No. 1.) The Court entered Judgment in April 2024 and remanded the case to the Administrative Law Judge ("ALJ"). (ECF No. 106.) The ALJ has since entered a final order, which neither party timely challenged. (*See* ECF No. 148.) So in accordance with the Order on Pending Motions in *K.B. I*, *II*, and *III* (*id*.), entered by the Court,
>
> **IT IS ORDERED, ADJUDGED, AND DECREED that this action is DISMISSED WITH PREJUDICE.**

Doc. 149. The case was transferred to the undersigned eight days later, and Plaintiffs filed their Motion to alter or amend or correct the judgment the next day. Docs. 150, 151.

## LEGAL STANDARD

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Under <mark>Federal Rule of Civil Procedure 60</mark>, "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

<mark>Fed. R. Civ. P. 60(b)</mark>. In particular, Rule 60(b)(1) allows for relief to correct mistakes made by a judge as it relates to errors of law or fact. *Kemp v. United States*, <mark>596 U.S. 528, 533</mark>–34 (2022). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, <mark>538 F.3d 448, 454</mark> (6th Cir. 2008).

## LEGAL ANALYSIS

In their Motion, Plaintiffs request three separate forms of relief: (1) vacatur of the Judgment, (2) clarification of purported factual misstatements, and (3) acknowledgement or clarification that the Court retains jurisdiction to adjudicate Plaintiffs' requests for attorneys fees. As explained below, the judgment will be vacated based on a clear error of law. Plaintiffs' remaining arguments are therefore moot, but they are in any event meritless.

**I.    The Court vacates the Judgment based on an error of law.**

**A.**    The Judgment rests on an error of law because there was no basis for dismissing this long-closed action. Being newly assigned to the case, the undersigned can only make an informed guess as to the genesis of the error—the thought process that led to it—but it appears to

6

have been the result of a metaphor—that is, describing district court proceedings in IDEA cases as "appeals"—taken too far or too seriously at earlier stages of the proceedings. But, regardless of the source, the dismissal was a "clear error of law" (Rule 59(e)) and certainly a "mistake" (Rule 60(b)(2))—and either way it warrants relief. *See Kemp*, 596 U.S. at 533–34; *Intera Corp.*, 428 F.3d at 620.

A Judgment of "dismissal" was inappropriate because it did not match the case posture. To dismiss is "[t]o send (something) away; specif., to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." Black's Law Dict. (12th ed. 2024). But here, Judge McCalla entered judgment in *K.B. 1* back in 2024, a point Judge Parker acknowledged in his own Judgment (the one challenged here). Doc. 149. There was no basis for "dismiss[ing] with prejudice" an action in which *Plaintiffs* had long ago prevailed (to the extent of the proceedings to that point) by obtaining an order disturbing the Tennessee ALJ's original decision and a remand forcing the ALJ to reconsider the issue.

The error likely arose from the habit of treating IDEA lawsuits like appeals—which of course can be dismissed if untimely. That apparently is how Judge McCalla viewed things: His original judgment "remanded" the case "to the Administrative Law Judge for proceedings consistent with the Court's Judgment and the Administrative Record."[1] Doc. 106. That invocation of appellate language, while perhaps common, injects error. As the United States Court of Appeals for the Fourth Circuit has explained, "[a]n action filed in federal district court under the IDEA …

---

[1] If by the word "remand" Judge Mcalla meant to invoke the concept of removal from state court, the result is the same. As the Sixth Circuit has explained, a federal court divests itself of jurisdiction when it remands to state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999). Thus, under the removal metaphor, the Court lacked jurisdiction to enter the 2025 Judgment in the absence of a timely re-removal, which Judge Parker determined did not occur.

7

is an original civil action, not an appeal from a state administrative agency," *Johnson v. Charlotte-Mecklenburg Schools Board of Education*, 20 F.4th 835, 844 (4th Cir. 2021), such that courts do not, strictly speaking, "affirm[ ], revders[e], or remand[ ]" the State agency's decision, *Kirkpatrick v. Lenoir Cnty. Bd. Of Edu.*, 216 F.3d 380, 387 (4th Cir. 2000). *See* 20 U.S.C. § 1415(i)(2) (authorizing "[a]ny party aggrieved" by certain decisions made by state administrators to "bring a *civil action* … which action may be brought … in a district court of the United States" (emphasis added)).  Indeed, in other contexts this would be obvious: The Supreme Court has erected whole doctrines to ensure that other federal courts do not adjudicate what amount to appeals from State proceedings, *see Reed v. Goertz*, 598 U.S. 230, 234–35 (2023) ("[T]he *Rooker-Feldman* doctrine … prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments."), and outside of the distinct removal context non-Supreme federal courts generally do not directly *force* state actors to consider or reconsider legal issues, *see Gentry v. Deuth*, 456 F.3d 687, 691–92 (6th Cir. 2006) (describing strong preference for conditional writs of habeas corpus that allow state officials to decide whether to undertake further proceedings to continue detaining the petitioner); *Lindenberg v. Jackson Nat'l Life Insurance Co.*, 912 F.3d 348, 355 (6th Cir. 2018) (observing that Tennessee Supreme Court declined to answer question certified to it by a court in this District).  At least for courts that are not supreme, federalism generally is made of softer stuff.  But the IDEA's allowance of federal review of State administrative proceedings has led to confusion—and here that confusion led to a Judgment improperly dismissing a case in which the Plaintiffs prevailed (again, to the extent of the proceedings that led to remand).

    **B.**       Still, there remain three related reasons for pause.

8

*First*, Judge McCalla plainly thought the case would return to him following the "remand" to the Tennessee ALJ, as confirmed by his statement that either party could move for attorneys fees following the "remand." Doc. 127 at 6. But the Court is aware of no doctrine under which a district court's expectations based on faulty assumptions on their own require abiding by later error caused by those faulty assumptions—and in any event the Court can still address Plaintiffs' motion for attorney fees as discussed below. *See infra* at 11.

*Second*, in its order dismissing Memphis Schools' appeal, the Sixth Circuit accepted the appellate metaphor and held that "the remand order is not a final appealable order"—clearly expecting that a later, final order would close out this action. 2024 WL 4553357, at *1. That Sixth Circuit order arguably raises law-of-the-case concerns, but they evaporate on close examination. Put simply, there is no inconsistency in recognizing both of the following to be true: (1) the earlier remand order was not final for purposes of appeal, but (2) it was improper to dismiss the entire action following remand. A further, final and appealable order was possible—if only Memphis Schools had timely sought it in this action. But Judge Parker concluded that Memphis Schools did not do so, and Memphis Schools has not moved the Court to reconsider that conclusion.

*Third*, and relatedly, Memphis Schools in its Opposition seemingly raises in passing the possibility that, without the Judgment, it will be unable to obtain appellate review of Judge McCalla's 2024 judgment (or, more accurately, the issues underlying and encompassed in that judgment), which was held to be non-final. Doc. 152 at 11. Perhaps that is true; the Court takes no position on whether such review might be possible in an appeal from Judge Parker's order denying Memphis Schools' motion to reopen *K.B. 1* or a final judgment in *K.B. 2* or *K.B. 3*.[2] But

---

[2] Memphis Schools filed no motion relating to the Judgment in *K.B. 1*, the case at hand. And Plaintiffs filed their Motion in *K.B. 1*, challenging a judgment in that case and no other. The Court therefore does not here address the viability of or any issue concerning *K.B. 2* and *K.B. 3*, except

9

if it is true, that is only because Memphis Schools failed (in Judge Parker's determination, which Memphis Schools has not asked the Court to revisit) to timely move to reopen this case. Memphis Schools cannot rely on its own untimeliness to justify leaving an erroneous dismissal in place.

*      *      *

For the foregoing reasons, Plaintiffs' Motion is **GRANTED** to the extent that the Judgment (Doc. 149) is **VACATED**.  Judge Parker's order denying Memphis School's motion to reopen this case (Doc. 148 at 9) stands as the final disposition of this long-closed case.

## II.   Plaintiffs' remaining requests for relief are both moot and meritless.

Because the Court has vacated the Judgment that Plaintiffs seek to alter or amend, the remainder of Plaintiffs' Motion is now moot. Still, in the interest of clarity, the Court notes that Plaintiffs' sought-after relief is unnecessary.

*First*, Plaintiffs argue that the Judgment contains a factual error in stating neither party timely challenged the ALJ's remand orders, which directly contradicts the Court's own previous finding that the parties had filed new timely actions (*K.B. II* and *K.B. III*). Doc 150-1 at 1-2. There was no misstatement. Read in context, Judge Parker's statement was referring to a timely challenge to the ALJ's conclusions *in the context of this case, K.B. 1.*  Indeed, the Judgment says nothing at all about *K.B. 2* and *K.B. 3*, which Judge Parker had held to be timely (at least in part) just one day before the Judgment.  Doc. 148 at 9-12. *See Brown v. Davenport*, 596 U.S. 118, 140-42 (2022) (judicial opinions should be read in their context and not parsed like statutes).

*Second*, Plaintiffs express concern that the Judgment, as written, somehow threatens their right to seek attorney fees in *K.B. 1*. Not so, and for largely the same reasons. The Judgment does

---

to the extent those actions are relevant to Plaintiffs' request for correction of purported factual errors in the Judgment in *K.B. 1*.

10

not mention attorneys fees at all, and in fact Judge Parker had one day earlier stated that he would "address" Plaintiffs' motion for attorneys fees "by separate order." Doc. 148 at 1 n.2. But even without that explicit assurance, the Judgment would not have deprived the Court of jurisdiction to address Plaintiffs' motion for attorneys fees, because requests for attorneys fees are considered "collateral" matters that are typically taken up after a matter has been otherwise resolved. *See Gnesys, Inc. v. Greene*, 437 F.3d 482, 486 (6th Cir. 2005).  Thus—without here addressing the merits of Plaintiffs' motion for attorneys fees—the Judgment (were it not vacated) does not say anything threatening Plaintiffs' ability to seek attorneys fees. *See* Doc. 152 at 12 (Memphis Schools so acknowledging).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to the extent that the Judgment (Doc. 149) is **VACATED**.  Judge Parker's order denying Memphis School's motion to reopen this case (Doc. 148 at 9) stands as the final disposition of this long-closed case.  Plaintiffs' Motion is otherwise **DENIED.**

The Court **RETAINS JURISDICTION** in this matter (*K.B. I*) for the limited purpose of adjudicating Plaintiffs' pending motion for attorneys' fees and costs (Doc. Nos. 131, 132, 137).

**SO ORDERED**, this 31st day of March, 2026.

s/Brian C. Lea
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

11